Alan M. Mansfield (SBN 125998)
alan@rosnerandmansfield.com
John W. Hanson (SBN 214771)
john@rosnerandmansfield.com
ROSNER & MANSFIELD, LLP
10085 Carroll Canyon Road
San Diego, CA 92131
Tel: (858) 348-1005
Fax: (858) 348-1150

Attorneys for Plaintiffs

Art Neill (SBN 246717)
art@ucan.org
UTILITY CONSUMERS' ACTION NETWORK
3100 Fifth Ave., Suite B
San Diego, CA 92103
Tel: 619-696-6966
Fax: 619-696-7477

Attorneys for UCAN

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UTILITY CONSUMERS' ACTION NETWORK and ERIC TAYLOR, on behalf of themselves, their members and/or all others similarly situated, as applicable,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT SOLUTIONS, INC.;<br>SPRINT SPECTRUM L.P.;<br>SPRINT-NEXTEL CORPORATION,<br><br>Defendants. | ) CASE NO. 07-CV-2231-W (LSP)<br><br>) **CLASS ACTION**<br><br>) FIRST AMENDED COMPLAINT FOR:<br><br>) 1) Violation of Business and Professions Code §17200, *et seq*.;<br>) 2) Breach of Contract;<br>) 3) Violation of Consumers Legal Remedies Act;<br>) 4) Declaratory Relief;<br>) 5) Violation of the Federal Communications Act, 47 U.S.C. §201(b);<br>) 6) Money Had and Received, Money Paid and Unjust Enrichment;<br>) 7) Conversion |

Plaintiffs, by and through their attorneys, allege as follows against the above-named defendants (hereinafter referred to collectively as "Sprint Nextel" or "defendants"). Except as otherwise noted, such allegations are made on information and belief, formed after an inquiry

reasonable under the circumstances, which allegations are likely to have evidentiary support after appropriate investigation and discovery.

## I. SUMMARY OF COMPLAINT

1. On personal knowledge, UCAN is a 501(c)(3) not-for-profit public interest advocacy organization that has over 30,000 members in California, and one or more of its members have lost money or property or had their rights infringed upon as a result of the acts and practices here at issue. Mr. Taylor is a Sprint Nextel data services customer who uses such services primarily for personal, family or household use. At all times relevant to this Complaint, Mr. Taylor subscribed to Sprint Nextel's data services plan, which provides data transmission services to Sprint Nextel customers.

2. At some point during the relevant time period (the exact time of which shall be determined during the course of discovery, but believed to be at least beginning in September 2006), defendants began to include several monthly charges on customers' bills under the "Taxes" and "Surcharge" heading. See Exhibits "1" - "4", which are true and correct copies of examples of Sprint Nextel's billing statements, and which are incorporated herein by reference.

3. Sprint Nextel uniformly represented to its customers that such charges were properly included on their data transmission services monthly bills. In fact, such fees are not government imposed charges to be imposed for data transmission services, but rather only for telephonic services.

4. The Federal Communications Commission ("FCC") has established certain Truth In Billing requirements, which include billing only for items legitimately charged to customers and explaining why such charges are imposed. Sprint Nextel's conduct violates these Truth In Billing requirements.

5. As a result, despite its obligations to avoid disseminating uniformly misleading billing statements, Sprint Nextel improperly charged customers for taxes and surcharges the customers did not owe, then has refused to refund such monies, resulting in Sprint Nextel reaping substantial benefits for monies not properly retained. Defendants are thus being unjustly enriched as a result of their deceptive billing practices.

6. In reply to plaintiffs' pre-litigation demand, Sprint Nextel has admitted at least a portion of these taxes and surcharges were mistakenly charged to such customers, and beginning in

late June 2007 stopped including such charges on such bills. However, despite having collected what is likely several million dollars from customers for such charges and having retained and benefitted from the use of such monies, Sprint Nextel has failed to refund such charges to all persons who paid them, with interest, or give notice to its customers of this billing error. Sprint Nextel claimed in June 2007 that it would provide full refunds. However, since that time Sprint Nextel has failed to do so. This action seeks such relief, as well as declaratory and injunctive relief to ensure this problem does not recur

7. In addition, it appears there are other problems with Sprint Nextel's data services plan billing system that results in overbilling. For example, Mr. Taylor is inexplicably receiving text message charges and voicemail for his data card service, even though he cannot retrieve them, and has had to call Sprint Nextel to get these charges reversed or refunded numerous times. Mr. Taylor is a data services only customer, but Sprint Nextel insists they must assign a phone number to the account and can do nothing to stop such unauthorized charges. Such unauthorized charges violate state and federal anti-cramming laws including, 47 U.S.C. § 201(b) and Cal. Pub. Util. Code § 2890.

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction over the claims asserted and the defendants because each are individuals, associations or corporations that are either based in, authorized or registered to conduct, or in fact do conduct, substantial business in the State of California, and each of the defendants has sufficient minimum contacts with California, or otherwise intentionally avail themselves of the markets within California through the collection of monies and the distribution of their services in California to render the exercise of jurisdiction by the California courts permissible under traditional notions of fair play and substantial justice. Jurisdiction is proper under the Class Action Fairness Act, 28 U.S.C. §1332(d), as the class members and defendants are from different states and the amount in controversy exceeds $5 million. As the Complaint also raises a federal question, jurisdiction is also proper under 28 U.S.C. §1331. This action challenges Sprint Nextel's failure to fully and fairly disclose that the fees in question were mistakenly imposed on class members and to provide full refunds. No state or federal regulatory agency has either authorized this conduct or has primary, exclusive or any jurisdiction over the wrongful conduct at

issue herein nor can provide the complete relief prayed for in this matter, as the relevant state and federal regulatory agencies possess neither exclusive nor primary jurisdiction over the billing or disclosure methods of such charges, or have "de-tariffed" the entire regulatory scheme such that there is no basis or reason to refer this matter to either the FCC or any state regulatory agency. By statute the courts are the sole means available to obtain class-wide relief, as the focus of this litigation is defendants' uniform deceptive billing practices and their method of non-disclosure and misrepresentation of the reasons and bases for charging these taxes and fees to customers, and the resulting injury to Sprint Nextel customers.

9. Venue is proper in this District as the acts upon which this action is based occurred in part in this District. Plaintiffs reside in this District, and defendants received substantial compensation and profits from the sale of their services in this District, caused misrepresentations to be disseminated, entered into agreements and transactions and/or breached agreements in this District. Thus, defendants' liability arose in part in this District.

## III. PARTIES

10. (a) On personal knowledge, plaintiff Utility Consumers' Action Network ("UCAN") is a consumer advocacy membership organization, with its office located at 3100 Fifth Avenue, San Diego, California. One or more of its members have been adversely affected by the acts and practices in question and have suffered injury in fact and lost money or property or had their rights infringed upon as a result of such acts and practices by being charged and required by defendants to pay the fees and taxes at issue. UCAN has lost and diverted staff time and resources from other clients and causes investigating the claims asserted herein and in an attempt to resolve the allegations at issue herein. UCAN brings this action on behalf of its members and seeks all such remedies that it is entitled to in that capacity.

(b) On personal knowledge, plaintiff Eric Taylor is a resident of San Diego County, California. Mr. Taylor has been a customer of Sprint Nextel and has suffered injury in fact and lost money or property or had his rights infringed upon as a result of the acts and practices here at issue by being charged and/or required to pay the charges, taxes and fees here at issue and/or not having

///

had such monies refunded with interest. True and correct copies of exemplars of some of his Sprint Nextel bills are attached hereto as Exhibits 1 - 4 and incorporated herein by reference.

11. Defendant Sprint Solutions Inc. is a Delaware corporation. Its primary address is 6500 Sprint Pkwy HL-5ASTX, Overland Park, KS 66257. Defendant Sprint Spectrum L.P. is a Delaware Limited Partnership. Its primary address is 4717 Grand, Fifth Fl., Kansas City, MO 64112. Sprint Solutions, Inc. and Sprint Spectrum L.P. are both affiliates and related entities under the holding company Sprint Nextel Corporation (which, by agreement of the parties, is no longer named as a defendant herein). Defendants are operating and conducting business throughout California and the United States.

12. At all times mentioned in the Causes of Action alleged herein, each and every defendant was an agent, representative, affiliate, or employee of each and every other defendant, and in doing the things alleged in the Causes of Action stated herein, each and every defendant was acting within the course and scope of such agency, representation, affiliation, or employment and was acting with the consent, permission and authorization of the other defendants. During the relevant time period, defendants agreed to misrepresent to the Class members the material facts at issue herein and/or not to notify Class members about the scope and nature of the illegal business practices as detailed herein, thus engaging in a conspiracy that resulted in injury in fact to members of the Class. All actions of each defendant, as alleged in the Causes of Action stated herein, were ratified and approved by the other defendants or their respective directors, officers and/or managing agents, as appropriate for the particular time period alleged herein.

13. Whenever this Complaint refers to any act or acts of defendants, the reference shall also be deemed to mean that the directors, officers, employees, affiliates, or agents of the responsible defendant authorized such act while actively engaged in the management, direction or control of the affairs of defendants and/or by persons who are the alter egos of defendants, or to the extent this Complaint refers to the actions of individuals, while such persons were acting within the scope of their agency, affiliation, or employment. Whenever this Complaint refers to any act of defendants, the reference shall be deemed to be the act of each defendant, jointly and severally.

///

## IV. CLASS ACTION ALLEGATIONS

14. This action is brought and may properly be maintained as a class action pursuant to the provisions of Federal Rules of Civil Procedure, Rule 23. Plaintiffs bring this action on behalf of all others similarly situated based on their own circumstances as representative members of the following proposed class (the "Class"): All individual persons or entities in California and all other states as the Court may determine to be appropriate who have obtained data transmission services from Sprint Nextel and were billed for amounts not properly imposed on their accounts at any time during the relevant time period (which shall be the subject of discovery but at least starting in September 2006 and continuing to date). Plaintiffs also bring this action on behalf of (1) a Sub-class of all individual persons and entities who resided in California and were billed for the taxes and surcharges at issue during the relevant time period, and (2) a Sub-class of all individual persons and entities who will billed for text messaging services without their authorization or consent during the relevant time period.

15. Specifically excluded from the proposed Class are the Court and its staff, defendants, any entity in which any of the defendants have a controlling interest, and the officers, directors, affiliates, legal representatives, successors, subsidiaries, and/or assigns of any such entity.

### A. NUMEROSITY OF THE CLASS

16. The proposed Class is so numerous that the individual joinder of all its members in one action is impracticable. While the exact number and the identities of Class members are unknown at this time and can only be ascertained through appropriate investigation and discovery, defendants conduct business nationwide and presumably bill all their customers uniformly and included the same improper charges on these monthly bills. As of July 2007, it was publicly reported that Sprint Nextel had over one million data transmission service customers.

### B. EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW AND FACT

17. Plaintiffs seek common equitable relief, including declaratory, injunctive, restitutionary and other equitable monetary relief, and common measures of economic, compensatory, exemplary and/or statutory damages as set forth more fully below to the extent they

are entitled to such relief under the law. This includes, but is not limited to, full credits for and/or repayment of the improperly charged fees, any late fees wrongfully assessed, or any other monies that were improperly required to be expended as a result of defendants' wrongdoing, plus interest thereon.

18. Common questions of law and fact arising out of the claims here at issue exist as to all members of the Class and predominate over any potential individual issues. These common legal and factual questions include, but are not limited to, the following:

a. Whether defendants misrepresented the bases and reasons for imposing such charges, fees and taxes on members of the Class;

b. Whether the uniform communications between Class members and defendants as detailed below included misleading and inaccurate statements about the nature of certain charges imposed on Class members by Sprint Nextel, or resulted in the issuance of telephone bills containing either no descriptive information or using misleading or deceptive language as to why such charges were being imposed;

c. Whether defendants' uniform course of conduct was unreasonable and unconscionable or constitutes acts of unfair competition, misleading or deceptive acts or practices, intentional, reckless or negligent misrepresentation or concealment of material facts;

d. Whether defendants' statements about such fees and taxes being due and payable constitute a material misrepresentation or omission of material fact;

e. Whether defendants intentionally, recklessly, negligently or otherwise misrepresented to Class members the facts as detailed below, or omitted to disclose material facts necessary in order to make defendants' other statements not misleading for want of disclosure of such omitted facts;

f. Whether defendants knew, recklessly disregarded or reasonably should have known about the material misstatements and omissions in their uniform billing statements regarding the facts as set forth below;

g. Whether, when and if defendants fully disclosed the true facts that contradicted their prior misrepresentations and omissions;

/ / /

h. Whether defendants continued to retain the monies here at issue despite their knowledge of or reckless or negligent disregard for the true facts;

i. Whether the uniform statements and billing language utilized by defendants to identify or describe the taxes and charges here at issue were untrue, or violated state or federal directives for ensuring billing statements were clear and not misleading;

j. Whether defendants improperly imposed certain charges that were not to be imposed upon the Class members as it was either improper to do so or was not authorized by the Class members;

k. Whether defendants fraudulently, recklessly, negligently or otherwise concealed the true facts at issue in this action;

l. When defendants initiated this scheme to mislead Class members;

m. The amount of revenues and profits defendants received and/or the amount of monies or other obligations imposed on or lost by Class members as a result of such wrongdoing;

n. Whether Class members are threatened with irreparable harm or are otherwise entitled to injunctive and other equitable relief; and

o. Whether Class members are entitled to payment of equitable monetary relief, actual, incidental, consequential, exemplary and/or statutory damages, plus interest thereon.

## C. <u>TYPICALITY OF CLAIMS</u>

19. Plaintiffs' claims are typical of the claims of members of the Class. Plaintiffs, either directly and/or through UCAN's members, as well as the members of the Class, were all victims of the illegal practices in question by being wrongfully charged the taxes and fees here at issue, not receiving accurate information from defendants, and not receiving reimbursement of such charges plus interest thereon, as well as an agreement by defendants to provide a clear and conspicuous corrective notice and not to impose such charges in the future. Plaintiffs and all Class members have similarly had their legal rights infringed upon, sustained injuries, losses and damages as described herein and/or are facing irreparable harm arising out of defendants' common course of conduct. The right of each member of the Class to payment of any actual, incidental, consequential, exemplary and/or statutory damages or equitable monetary relief resulting therefrom equally arise from and are

attributable to defendants' wrongful conduct in violation of the laws alleged herein, as these claims arise from the same core set of facts.

### D. ADEQUATE REPRESENTATION

20. Plaintiffs will fairly and adequately protect the interests of the members of the Class in that they have no irreconcilable conflicts with or interests materially antagonistic to those of the other Class members. The interests of the plaintiffs are aligned with the interests of the absent Class members and are focused in the same direction. Plaintiffs understand the nature of these allegations and their responsibilities as class representatives to represent the interests of those persons who have been falsely billed by defendants.

21. Plaintiffs have retained attorneys experienced in the prosecution of class actions, specifically including telecommunications class and private Attorney General actions, who have done significant work investigating or identifying potential claims in this litigation, who have extensive knowledge of the applicable law, and also have committed and will continue to commit substantial resources to representing the Class.

### E. SUPERIORITY AND MANAGEABILITY OF CLASS LITIGATION

22. A class action is superior to other available methods for the fair and efficient group-wide adjudication of this controversy and possesses substantial benefits, as there is no other available method for handling this litigation on a group-wide basis on behalf of all affected persons that has greater practical advantages. Individual joinder of all members of the Class is impracticable as Class members are dispersed throughout the country, and no other group method of adjudication of all claims asserted herein is more efficient and manageable while at the same time providing all the remedies available to ensure the full purpose of the relevant laws at issue are effectuated. Furthermore, as the damages suffered by each individual member of the Class are relatively insubstantial, the liability issues detailed herein predominate and the relief sought is discrete, the expense and burden of individual litigation in order to obtain such relief would make it difficult or impossible for individual members of the Class to redress the wrongs done to them on an individual case-by-case basis, and the cost to the court system of adjudicating such litigation on an individual basis would be substantial. Because of the amounts at stake, Class members would have little

interest in individually controlling the prosecution of separate actions, and thus the likelihood of an individual Class member preferring to take control of their litigation is remote; to counsel's knowledge there has not been any substantial litigation concerning this controversy commenced against the parties; and it is not anticipated that there will be any difficulties in the management of this litigation due to the focus of the wrongdoing on defendants' conduct and the level of their knowledge of the true facts, and few choice of law issues. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. Proceeding on an individual basis would thus be grossly inefficient, costly and time-consuming because the parties, witnesses and court would be forced to endure unnecessarily duplicative litigation. The conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each Class member as compared to other methods for the group-wide adjudication of this controversy. A class action is therefore the only feasible way for plaintiffs and the Class to pursue such claims. Both the Class and the court system achieve substantial benefits by the prosecution of this action on a class-wide basis by avoiding the burden of multiple litigation involving identical claims, as well as by aiding legitimate business enterprises in curtailing illegitimate competition and ensuring a therapeutic and deterrent effect on companies such as defendants that indulge in misleading practices.

23. As the names and addresses of the Class members appear in a computer database under defendants' control, notice of the pendency of and any resolution of this action can be provided to the Class members by defendants through publication and/or individual mailed or electronic notice, and such costs are properly imposed on defendants and/or can be accomplished by including notice in the monthly bills mailed to many of the Class members by defendants, as appropriate.

24. This action is also properly certified to proceed on a class-wide basis because:

///

///

a. The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, thus establishing incompatible standards of conduct for defendants;

b. Because of the nature of the relief sought, the prosecution of separate actions by individual Class members would create a risk of adjudication with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or would substantially impair or impede the ability of such Class members to protect their interests; and

c. Defendants have acted or refused to act in respects generally applicable to the Class, thereby making appropriate final injunctive relief with regard to the members of the Class as a whole in terms of the equitable relief sought.

## V. FACTUAL ALLEGATIONS

25. Defendants hold themselves out as possessing superior knowledge regarding their products and services, particularly in the telecommunications markets they serve. Defendants provide their products and services for use throughout California and the United States. Defendants generate millions of dollars each year by providing such products and services.

26. Since at least September 2006 and potentially earlier, Nextel Sprint has charged the following "Taxes, Surcharges & Fees" to Class members' Data service or data card plans: Federal Wireless Number Pooling and Portability and Federal E911. See Exs. 1- 3. Following a company-wide account number change in April 2007, Class members also began to be charged the Federal-Univ. Serv. Assess Non-LD and California State-PUC User Fee as "Additional Sprint Charges". Class members' data services plans were also charged the following fees labeled as "Government Fees and Taxes" that Sprint Nextel claims it is required to collect from customers on behalf of the government: California State-911 Tax, California State-CA High Cost Part A, California State-CA High Cost B, California State-CA Relay Service Fund, California State-Tele Fund Charge and California State-Universal Lifeline Serv. Charge. See Ex. 2. Sprint Nextel also charged similar state level regulatory fees to its data service plan customers in other states. These charges amount

///

to several dollars per month per customer, and Sprint Nextel has over a million data service plan customers.

27. Data service plan customers are assigned a telephone number by Sprint Nextel, but it is not a true telephone number in that it only processes data transmissions. Anyone who dials the assigned phone number will be prompted to leave a voicemail, but the transmission card has no keypad, screen or any other way to alert Class members of received calls or messages. Yet, monthly bills for those accounts have included taxes and surcharges that should only be associated with cellular telephone accounts. Based on their title and classification, line items in this section should be used to identify taxes paid to government agencies or that are mandated to comply with government-imposed programs for the correct type of accounts. However, as the Class members' accounts are for data transmission services, these taxes, fees and surcharges are not properly imposed on such accounts.

28. When faced with inquiries over such charges, Sprint Nextel representatives either claim they do not know about them or that there is nothing that can be done to stop them, as a telephone number is assigned to the account. For example, when Mr. Taylor contacted Sprint Nextel about this issue in May 2007 to try to informally resolve the situation based on his being billed for numerous text messages (see Exs. 1 - 3), he was informed that text message charges could not be reversed or stopped, but only at most credited if he complained – even though no such accounts should ever have text message charges imposed.

29. In addition, because these services are assigned a particular telephone number, Sprint Nextel leaves the account open to receive text messages and does not automatically block them. In such situations, Class members have a data card that is used for internet access only and cannot access SMS text messages. However, because there is a telephone number associated with the card, Class members can receive unauthorized text messages they cannot retrieve or review but are billed for – what is referred to in the telecommunications industry as "cramming." Sub-class 2 members have received charges for SMS Text Messages, even though a data card is incapable of sending or receiving SMS Text Messages, simply because the data card is plugged into a laptop computer. While if customers such as Plaintiff Taylor notice the charges and complain they can be credited by

Sprint Nextel, it requires customers to spend time on the phone repeatedly with Customer Service representatives explaining why such charges are unauthorized as a data card should not send or receive SMS text messages. This also places the burden on customers to challenge charges that should not be included in the first place. Plaintiff Taylor has asked repeatedly for Sprint Nextel to correct this billing error or at least note on his account that he should not be billed for SMS text messages but Sprint Nextel has refused to do either – resulting in him and other similarly situated Class members being "crammed" for unauthorized charges they cannot prevent. Sprint Nextel has not fully refunded such charges with interest thereon.

30. In an attempt to informally resolve this issue, on or about June 22, 2007 UCAN submitted this billing issue to Sprint Nextel's Executive and Regulatory Group for resolution on behalf of Mr. Taylor and all other affected persons. On or about June 28, 2007, Ms. Jennifer Fain of Sprint Nextel acknowledged to UCAN that at least the April and May 2007 charges had been improperly charged to Class members. Ms. Fain also represented that Sprint Nextel had fixed the issue on an ongoing basis, and would credit the accounts of all affected Class members, including Mr. Taylor.

31. Since that time, however, while Sprint Nextel has stopped imposing such charges (see Ex. 3), Sprint Nextel has failed and refused to provide any notice to customers of this error, why it occurred and that their accounts will be credited. Sprint Nextel is also unwilling to explain to Class members the purpose of the credit unless they specifically ask for an explanation. In addition, despite making this promise months ago, Sprint Nextel has failed to actually provide the promised credits, and has made little to no effort to address the claims of former Sprint Nextel customers who are entitled to refunds as compared to credits.

32. Wireless Broadband Internet Services are "telecommunication" but not "telecommunication services". Rather, the services are information services. Information services are not subject tot Title II of the Communications Act and, as such providers of "information services" are not subject to the obligations of Title II, including, but not limited to, providing number portability, enhanced 911, and contributing to the FCC's Universal Service Fund. However, the FCC has explicitly recognized that Wireless Broadband Internet provides such as Spring Nextel are still

obligated to follow consumer obligations, including protecting customer data, preventing "cramming," and "slamming," and complying with the FCC truth-in-billing requirements.

33. To ensure that telecommunications services bills give consumers the essential information they need to protect themselves from fraud and to make informed choices, under federal Truth-In-Billing requirements Sprint Nextel monthly bills must:

(a) Be clearly organized;

(b) Identify the service provider associated with each charge;

(c) Contain full and non-misleading descriptions of charges; and

(d) Use standardized labels when referring to certain line item charges relating to federal regulatory action, such as local number portability and subscriber line charges.

Charges contained on telephone bills must also be accompanied by brief, clear, non-misleading, plain language descriptions of the charges, and be sufficiently clear and specific enough in conveying information to enable customers to accurately assess and understand that the costs assessed for such services conform to their understanding of the amount charged and the services provided. The Government Fees and Taxes section of bills must also include only items that are required to be collected from customers under the law and must not be labeled or described in a way that could mislead consumers. Sprint Nextel's monthly bills have failed to comply with these principles. As such, charges never should have appeared on Class members' accounts in the first place.

34. UCAN has requested that Sprint Nextel provide notice of the reason for this promised credit to all Class members in the bill in which the credit occurs, as well as explain the method for determining the amount of the credit. Such an action will allow Class members the ability to review their past bills and determine if they were properly credited. Sprint Nextel should also post the notice of this credit and the company's method for determining the amount of the credit on their website to ensure full notification to all customers. Sprint Nextel has failed and refused to do so.

35. The uniform information presently being made available by Sprint Nextel does not disclose that the amounts detailed herein were improperly imposed on and collected from Class members. In fact, Sprint Nextel represents material facts to the contrary. These representations and

amounts at issue are material, since these charges are likely in the range of several dollars each month. If imposed uniformly, this would likely total in the millions of dollars of bottom line profits to Sprint Nextel.

36. Class members have been exposed to one or more of defendants' uniform misrepresentations or omissions of material fact as set forth above. Due to the use of uniform standardized Sprint Nextel billing statements and other forms of communication and routine procedures for making such calculations, such representations were uniformly made to all members of the Class. The acts of continuing to make such payments were consistent with customers basing their decisions to pay such amounts upon such misrepresentations and omissions of material fact, and thus formed a material part of the basis for the transactions at issue. In addition, either Class members did or it can be reasonably presumed that Class members affirmatively acted in response to defendants' representations contained in uniform statements claiming such amounts were legally due and owing by paying such monies.

37. Most persons possess limited knowledge of such a potential for misleading statements and would not reasonably expect that their monthly bills would include items that are not properly charged to them under the law. Class members can be expected to reasonably believe that Sprint Nextel would not misrepresent the nature of the amounts charged to them as fees and taxes and would not refuse to provide a full credit once the problem was brought to Sprint Nextel's attention. As a result, Class members have suffered injury in fact and loss of money or property.

38. Class members have paid such amounts and/or have not received a return, credit or cancellation of the taxes and fees detailed herein and of any improperly paid or retained monies with interest thereon, and thus are currently owed such amounts.

39. Defendants' failure to abide by their legal obligations and to properly disclose the true facts, as well as their infringement of the legal rights of Class members were ongoing throughout the class period and continue to date. While on or about June 28 , 2007 Sprint Nextel claimed to have stopped charging most of the above-described fees to Class members, it has not refunded any amounts overcharged or illegally collected with interest thereon. Nor has Sprint Nextel provided a clear and conspicuous corrective notice of the reasons for such a charge or credit and how this charge

or credit actually impacts its customers. Moreover, not all of the charges at issue herein have been completely eliminated.

40. While as detailed above during and after late June 2007 Sprint Nextel fixed its bills and stopped charging most of the charges set forth above to Class members' accounts, even after that change Sprint Nextel continued to misrepresent and/or miscalculate the nature of such charges, and has not corrected the text message charge issue detailed above. First, proper disclosures are still not contained on customers' bills or on the Sprint Nextel website. Second, Sprint Nextel is still improperly imposing the Federal Wireless Number Pooling and Portability and Federal E911 charges on Class members' accounts, because such charges are only to be passed along by telecommunication carriers to end-users to recoup any costs they incur fulfilling their interconnection obligations under 47 U.S.C. §251. However, the data services here at issue are information services under the Federal Communications Act. Information services are not subject to the Title II provisions of the Federal Communications Act. As such, subscribers expect to pay for and receive a finished, functionally integrated service that provides access to the Internet. Wireless Broadband Internet providers such as Sprint Nextel are exempt from contributing to the Universal Service Fund and interconnection obligations. See FCC Declaratory Rule, 22 F.C.C.R. 5901 (2007). As such, Class members who receive only Internet Access Service through data service plans are not properly billed for costs Sprint Nextel does not incur when only providing data services. Such conduct continues to date, as Sprint Nextel is still not disclosing the true facts to Class members and is still signing up and billing new customers without fully disclosing, or actively misrepresenting, the true facts.

41. Any applicable statutes of limitation have either not fully accrued or are equitably tolled by defendants' affirmative acts of fraudulent concealment, suppression, and denial of the true facts regarding the existence of the practices at issue herein. Such acts of fraudulent concealment include covering up and refusing to fully and directly disclose to Class members the material facts set forth in detail above. Through such acts of fraudulent concealment, defendants were able to actively conceal from the Class the truth about and justification for defendants' practices, thereby tolling the running of any applicable statutes of limitation. Defendants' conduct is ongoing, as they

still refuse to this day to take full responsibility for their actions despite being aware that such conduct has taken place, and despite Ms. Fain's representations to UCAN on or about June 28, 2007.

## VI. CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**(Violation of Business and Professions Code 17200, *et seq.*)**

42. Plaintiffs hereby incorporate by reference all allegations contained in 1-41 hereof and further allege as follows.

43. Defendants' acts and practices as detailed above constitute acts of unfair competition. Defendants have engaged in an unlawful, unfair or fraudulent business act and/or practice within the meaning of California Business & Professions Code §17200 *et seq.*

44. Defendants have engaged in "unlawful" business acts and practices by demanding payment from customers for amounts improperly labeled and charged as "taxes," "fees" and "surcharges" that are not properly imposed on Class members' accounts and/or for misleading customers about the nature of these charges and why they were imposed.

45. These business acts and practices violated numerous provisions of law, including, *inter alia*, California Civil Code §1565, California Civil Code §1670.5, California Civil Code §1709 and §1770, *et seq.*, and/or the relevant standards referenced above requiring the separate itemization of such charges and prohibiting the charging of "taxes" beyond limits set by the government as a mandated payment or to certain customers, as well as state and federal anti-cramming statutes, including 47 U.S.C. § 201(b) and Cal. Pub. Util. Code § 2890, and also operate as a systematic breach of agreements. Plaintiffs reserve the right to identify additional violations of law as further investigation warrants.

46. Through the above-described conduct, defendants have engaged in an "unfair" business act or practice in that the justification for such actions, and defendants' refusal to notify all affected persons of their rights and of the true facts based on the business acts and practices described above, is outweighed by the gravity of the resulting harm, particularly considering the available alternatives and/or offends public policy, is immoral, unscrupulous, unethical and

///

offensive, or causes substantial injury to persons who either have or may sign up for such data plan services.

47. By engaging in the above-described conduct, defendants have engaged in a "fraudulent" business act or practice in that the business acts and practices described above had a tendency and likelihood to deceive persons to whom such conduct was and is targeted by claiming either expressly or impliedly the charges in question were imposed and collected by Class members at levels permitted by law, when in fact neither is the case.

48. Defendants need only to have violated one of the three provisions set forth above to be held strictly liable under this Cause of Action.

49. The above-described unlawful, unfair or fraudulent business acts and practices engaged in by defendants continue to this day and present a threat to the public. While defendants have acknowledged the wrongfulness of their actions, they have failed to provide the complete relief required by this statute, and continue to improperly misdescribe and collect some of the charges detailed above.

50. Pursuant to California Business & Professions Code §17203, plaintiffs seek an order of this Court prohibiting defendants from refusing to continue to engage in the unlawful, unfair, or fraudulent business acts or practices set forth in this Complaint and from failing to fully disclose the true facts as set forth herein, and ordering defendants to engage in a corrective informational campaign by clearly and conspicuously correcting the misperceptions created by their prior misconduct, as well as stop any collection activities or impose any additional charges relating to the payment of such taxes, fees and surcharges. Plaintiffs also request the Court order all appropriate equitable monetary relief to ensure defendants do not retain any improperly obtained or collected monies, with interest, and that an asset freeze or constructive trust be imposed over all monies that defendants unfairly obtained from and/or that rightfully belong to the persons who have a vested ownership interest in such monies, all with interest thereon.

///

///

///

## SECOND CAUSE OF ACTION

**(Breach of Contract)**

51. Plaintiffs hereby incorporate by reference all allegations contained in paragraphs 1-50 hereof and further allege as follows.

52. By signing up Class members for data service plans and sending them monthly bills demanding payment for such service, defendants entered into a series of standardized express or implied-in-fact agreements or incurred obligations through implied-in-law contracts where they contracted and warranted that certain costs listed on monthly bills and imposed by Sprint Nextel were properly disclosed and imposed and separately itemized, not labeled or described in a way that could mislead Class members, and were permitted by law to be charged or were required to be collected and paid by government mandate. In fact, defendants have imposed the above-identified charges in a manner that is not legally proper and that were not properly claimed as due and owing from the Class members. Such uniform agreements also contained an implied covenant of good faith and fair dealing that is imposed as a matter of law in all agreements that also prohibit imposing such charges. Defendants' own reasons for refusing to comply with such contractual obligations here at issue could not reasonably be discovered by members of the Class at the time they entered into these agreements.

53. As alleged above, defendants breached these contracts, covenants, and warranties by misrepresenting that the above described fees, surcharges and taxes were due and owing when in fact they were not under the law. Indeed, for many of the charges at issue defendants have admitted it was a mistake to have done so, entitling class members to full restitution. Defendants also breached these contracts by failing to timely provide full notice of the nature of charges imposed, or by interpreting the agreements in such a way as to make them unconscionable and therefore void or voidable. The Class members either are or were willing to abide by all conditions legally imposed upon them under the agreements, and have paid such monies.

54. Defendants' breach of these contracts, covenants and warranties caused the members of the Class to suffer damages in an amount to be proven at trial. In addition, defendants were unjustly enriched as a result of imposing and collecting such improper charges and thus must restore

Class members to their original position by returning such monies and paying full restitution. Members of the Class are also entitled to an order of the Court requiring defendants pay pre-judgment interest and to comply with their legal contractual obligations and/or voiding such agreements as being unconscionable as interpreted by defendants.

**THIRD CAUSE OF ACTION**

**(Violation of the California Consumers Legal Remedies Act)**

55. Plaintiffs hereby incorporate by reference all allegations contained in paragraphs 1-54 hereof and further allege as follows. This cause of action is asserted by Mr. Taylor in his capacity as a consumer on behalf of all Class members who are consumers under the law.

56. The California Consumers Legal Remedies Act, Cal. Civ. Code §1750, *et seq.* ("CLRA"), has adopted a comprehensive statutory scheme prohibiting various deceptive practices in connection with the conduct of a business providing goods, property or services to consumers primarily for personal, family or household purposes.

57. The transactions, policies, acts and practices engaged in by defendants and alleged herein were intended to and/or did result in the continued sale of the services here at issue to a significant number of members of the Class who use such services primarily for personal, family or household purposes.

58. Sprint Nextel uniformly represented the charges detailed above were due and owing from Class members and failed to disclose, misrepresented and/or mislabeled such charges. In so doing, defendants violated, and continued to violate, the CLRA in at least the following respects:

a. In violation of California Civil Code §1770(a)(2), defendants misrepresented the approval or certification of services;

b. In violation of California Civil Code §1770(a)(5), defendants' acts and practices constitute misrepresentations that the services in question have characteristics, benefits or uses that they do not have;

c. In violation of California Civil Code §1770(a)(9), defendants advertised the services at issue with the intent not to sell them as advertised or represented;

/ / /

d. In violation of California Civil Code §1770(a)(14), defendants have misrepresented that a transaction confers or involves legal rights, obligations, or remedies of certain members of the Class concerning the services at issue when it does not or which are prohibited by law;

e. In violation of California Civil Code §1770(a)(16), defendants represented that the services were supplied in accordance with previous representations when they were not; and

f. In violation of California Civil Code §1770(a)(19), to the extent they claim they had a contractual right to impose such charges or that such claims could only be asserted on a non-class basis in an arbitral forum, defendants attempted to insert an unconscionable provision in an agreement.

59. Members of the Class who are entitled to relief under the CLRA have had their legal rights infringed upon by defendants and have suffered irreparable harm, entitling them to both injunctive relief and restitution.

60. In compliance with the provisions of California Civil Code §1782, plaintiff Taylor gave written notice to Sprint Nextel of the intention to seek damages under California Civil Code §1750, *et seq.*, unless Sprint Nextel timely provided an appropriate correction or refund plus interest and other appropriate relief to all Class members entitled to relief under the CLRA.

61. As Sprint Nextel failed within 30 days of receipt of such notice to provide such relief and adequately respond to the demand to stop charging all the fees identified herein *in toto*, provide clear and unambiguous notice of the change, pay refunds plus interest, and otherwise rectify the wrongful conduct described above on behalf of all Class members who may be entitled to relief under the CLRA, plaintiff Taylor seeks an award of all actual and exemplary damages permitted for violation of the CLRA, including for statutory damages of $1,000 and/or up to $5,000 per consumer who qualifies as a "senior citizen" under the CLRA. The Class members are also presently entitled to and plaintiff Taylor seeks, pursuant to California Civil Code §1780(a)(2), an order enjoining the above-described wrongful acts and practices of defendants, providing restitution to all members of the Class who are so entitled, ordering the payment of costs and attorneys' fees, and such other relief as deemed appropriate and proper by the Court under California Civil Code §1780.

///

**FOURTH CAUSE OF ACTION**

**(Declaratory Relief)**

62. Plaintiffs hereby incorporate by reference all allegations contained in paragraphs 1-61 hereof and further allege as follows.

63. There currently exists between the parties an actual controversy regarding the respective rights and liabilities of the parties regarding, *inter alia*, the need for defendants to accurately disclose or correct disclosure of the taxes, fees and surcharges in question as detailed above, the obligation of Class members to pay some of the charges in question and/or the need of defendants to stop charging these amounts and restore some or all amounts that were not required to be paid by Class members based on these misrepresentations, as alleged in detail above. To the extent defendants claim such claims must only be asserted on a non-class basis in an arbitral forum, there also currently exists a dispute among between the parties as to the enforceability of such a provision under binding Ninth Circuit precedent.

64. Plaintiffs, members of the Class and the general public may be without adequate remedy at law, rendering declaratory relief appropriate in that:

a. Damages may not adequately compensate the Class members for the injuries suffered, nor may other claims permit such relief;

b. The relief sought herein in terms of ceasing such practices, providing a full and complete corrective disclosure and/or declaring there is no obligation of Class members to pay such monies may not be fully accomplished by awarding damages; and

c. If the conduct complained of is not enjoined, harm will result to Class members because defendants' wrongful conduct is continuing, claims are unresolved, persons are entitled to the direct monies taken from them, defendants may be adversely affecting Class members' credit histories or reporting them to collections, and the obligation for many Class members or members to continue to pay such sums is still allegedly outstanding.

65. Class members may suffer irreparable harm if a determination of the parties' rights and obligations is not ordered.

///

66. Accordingly, plaintiffs request the Court issue an order granting the following declaratory relief:

a. That a judicial determination and declaration be made of the rights of Class members and the corresponding responsibilities of defendants, including a determination that any claim that such claims can only be asserted on a non-class basis in an arbitral forum is unconscionable and unenforceable under binding Ninth Circuit precedent;

b. That defendants be ordered to provide notice in clear and conspicuous language to customers of the purpose for all taxes, fees and surcharges they impose, and the true nature of such charges, and to make such charges consistent with their representations or legal obligations; and/or

c. An order declaring defendants are obligated to pay restitution to all members of the Class as appropriate and/or otherwise pay over all funds Sprint Nextel wrongfully acquired either directly or indirectly as a result of imposing improper charges under false pretenses and by which defendants were unjustly enriched.

**FIFTH CAUSE OF ACTION**

**(Violation of the Federal Communications Act, 47 U.S.C. §201(b))**

67. Plaintiffs hereby incorporate by reference all allegations contained in paragraphs 1-66 hereof and further allege as follows.

68. Section 201(b) of the Federal Communications Act requires: "All charges, practices, classifications, and regulations for and in connection with interstate communications by radio shall be just and reasonable, and any such charge, practice, classification, or regulation that is unjust or unreasonable is declared to be unlawful."

69. Sprint Nextel's practice of collecting the charges set forth in detail above, and refusing to return such monies and/or disseminating bills that do not provide accurate information to customers as required by law, was unjust and unreasonable and in violation of §201(b) of the Federal Communications Act, 47 U.S.C. §201(b).

70. Pursuant to FCC Declaratory Ruling 22 F.C.C.R. 5901, information services are not subject to the title II provisions of the Federal Communication Act. As such, Class members are exempt from paying any Title II obligations. Any charges associated with "telecommunications

services" charged to data services only customers are unjust and unreasonable, as are any charges that are the result of "cramming" such as the SMS text message charges at issue herein.

71. Members of the Class suffered damages and will continue to suffer damages as a result of the above-described violations and Sprint Nextel's failure to refund previously collected monies, in an amount to be determined at trial.

72. Pursuant to, *inter alia*, §§206 and 207 of the Federal Communication Act, 47 U.S.C. §§206 and 207, members of the Class are entitled to recover the full amount of damages sustained due to Sprint Nextel's above-described violations and obtain appropriate injunctive relief, together with reasonable attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**

**(Money Had and Received, Money Paid And Unjust Enrichment)**

73. Plaintiffs hereby incorporate by reference all allegations contained in paragraphs 1-72 herein and further allege as follows.

74. As the result of defendants' illegal agreements, misrepresentations and billing statements, and in consideration thereof, during the relevant time period set forth above during which such amounts were charged, the Class members paid money to and conferred a benefit upon defendants in connection with services provided to Class members, which monies were originally in the Class members' possession. Defendants also demanded payment of such monies under compulsion or mistake. Defendants received, retained or appropriated these benefits under such circumstances that it would be inequitable and unjust to permit defendants to retain such monies at the expense of the Class members. Defendants, as a result of such conduct, became indebted to the Class members for the specific sums improperly demanded and paid to defendants as set forth in detail above, with interest thereon. No part of such sums have been paid to the Class members. No violation of law or public policy would be promoted by such relief. In fairness, all such monies, including all interest Sprint Nextel has earned on such monies while in wrongful possession thereof, should be disgorged by defendants and paid to members of the Class under principles of unjust enrichment.

///

75. As a direct and proximate result of defendants' conduct resulting in their unjust enrichment, plaintiffs and Class members suffered injury, and therefore seek an order directing defendants to return the amount each of them improperly were required to pay to defendants, plus interest thereon, as well as impose a constructive trust over such monies.

**SEVENTH CAUSE OF ACTION**

**(Conversion)**

76. Plaintiffs hereby incorporate by reference all allegations contained in paragraphs 1-75 herein and further allege as follows.

77. Class members were the owners and possessors of certain specific and identifiable personal property (*i.e.*, the specific and identifiable monies they paid defendants for the specific fees and surcharges detailed above, which is capable of identification as it is specifically traceable to such persons' accounts). As the result of defendants' dissemination of misleading billing statements and demands for payment, Class members transferred such personal property to defendants that defendants admittedly were not entitled to under the law. Defendants wrongfully received and retained such monies and has applied them for their personal benefit and use, yet have failed to return such monies to members of the Class. In failing to return such monies, defendants have actually interfered with the Class members' right to immediately possess such specifically identifiable amounts, to which they had a superior right of possession at the time of conversion.

78. Plaintiffs have previously demanded a return of the specific monies paid to defendants on behalf of all affected consumers, and defendants agreed to do so at least in part. To date, however, defendants have failed to do so despite their duty and obligation to do so, and they have refused to do so for all amounts here at issue, with interest on such amounts.

79. As a direct and proximate result of defendants' conduct, plaintiffs and Class members suffered injury, damage, loss or harm and therefore seek an order directing defendants to return to them the amount each of them improperly paid to defendants, plus interest thereon, reasonable compensation for the time expended in seeking return of such monies, and exemplary damages as such conduct was wilful, malicious, oppressive and fraudulent.

///

## EIGHTH CAUSE OF ACTION

**(Cramming)**

80. Plaintiffs hereby incorporate by reference all allegations contained in paragraphs 1-79 herein and further allege as follows.

81. Sub-class members who are residents of California are entitled to the protection of California laws.

82. California public Utilities Code § 2890 requires: "a telephone bill [to] only contain charges for products or services, the purchase of which the subscriber has authorized."

83. The charges as set forth above were not authorized by Sub-class members, as they were not properly charged to them. Sub-class members are entitled to protection under Pub. Util. Code § 2890, and are entitled to an order demanding Sprint Nextel undertake such steps as are necessary so as to comply with state law. Such Sub-class members are also entitled to an order that Sprint Nextel make and pay any and all reimbursements and remedies available under Sections 2107, 2108, 2113 of the Pub. Util. Code to Mr. Taylor and all similarly situated Sub-class members.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment against defendants, and each of them, jointly and severally, as follows and as appropriate to the particular Causes of Action:

(1) An Order certifying the plaintiff Class and Sub-class and appointing plaintiffs and their counsel to represent the Class and Sub-class;

(2) For declaratory, equitable, injunctive and/or monetary relief as requested in the Causes of Action as appropriate for the particular Causes of Action;

(3) For actual, direct, incidental, consequential, statutory and exemplary damages, as appropriate for the particular Causes of Action;

(4) For pre- and post-judgment interest;

(5) For attorneys' fees and costs of suit pursuant to, *inter alia,* the common fund and private Attorney General doctrines, California Code of Civil Procedure §1021.5 and/or the statutory Causes of Action asserted herein, as may be appropriate; and

(6) For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all claims so triable and an advisory jury for a factual determination on all equitable claims.

Dated: January 2, 2008

ROSNER & MANSFIELD, LLP

By: ______________________

Alan M. Mansfield
alan@rosnerandmansfield.com
John W. Hanson
john@rosnerandmansfield.com

10085 Carroll Canyon Road, First Floor
San Diego, CA 92131
Tel: (858) 348-1005
Fax: (858) 348-1150

Attorneys for Plaintiffs

Art Neill
art@ucan.org
UTILITY CONSUMERS' ACTION NETWORK
3100 Fifth Ave., Suite B
San Diego, CA 92103
Tel: (619) 696-6966
Fax: (619) 696-7477

Attorneys for UCAN

# EXHIBIT 1

| Customer | Account Number | Bill Period | Bill Date | Page |
|---|---|---|---|---|
| ERIC TAYLOR | 0602049989-4 | Sep 23 - Oct 22 | Oct 23, 2006 | 1 of 4 |

# Your Sprint Bill

## Balance Summary

| | |
|---|---|
| Previous Balance | $62.48 |
| Payment On Sep 29 | -62.48 |
| | $0.00 |

| | |
|---|---|
| Monthly Service Charges | $59.99 |
| Additional Usage Charges & Purchases | 0.10 |
| Taxes, Surcharges & Fees | 0.55 |
| | $60.64 |

**Total Due $60.64**

Your credit card will be charged on November 18

## Notes

## Total Minutes Used

You have not used any minutes this bill period.

## Questions about your bill?

You can contact us:

On the Web: www.sprintpcs.com
By phone: 1-888-211-4727

Use your Sprint Phone:
Dial *2 to contact Customer Service
Dial *3 to make a one-time payment
Dial *4 to receive account information

Do not send cash.
Questions? Call 1-888-211-4727 0003

Sprint

#BWNGMZW ***AUTO** 3-DIGIT 921
#0602049989 4#
00000365 01 AT 0.308 01 W8

ERIC TAYLOR
3707 5TH AVE # 250
SAN DIEGO CA 92103-4221

**Account Number: 0602049989-4**

**Do not send payment.**
The amount below will be billed to your American Express Card on November 18

$60.64

# IMPORTANT INFORMATION RELATING TO YOUR BILL

**ADDITIONAL PAYMENT OPTIONS**
In addition to mailing in the remittance slip attached to this bill with check or money order which will ensure timely processing of your payment, a number of other convenient payment options are available: You may sign up for Auto Pay at www.sprint.com or by dialing *2 on your Sprint Phone. You may make a one-time payment through www.sprint.com (sign on to manage your account and click "My Invoice & Payments"), *3 on your Sprint Phone, or by mailing a check or money order to: Sprint P.O. Box 219554, Kansas City, MO 64121-9554. Depending on credit and payment history, certain payment methods may be restricted.

**EXPLANATION OF BILLING CHARGE CATEGORIES:**

- Monthly Service Charges - The recurring charge(s) for your Sprint Service Plan(s) and other services, some of which may be billed one month in advance.
- Additional Usage Charges & Purchases - This includes additional voice or roaming minutes or kilobyte/megabyte data usage not in your main service plan. This may also contain charges for Call Forwarding and, depending on your plan, Call Waiting, Three Way Calling, Voice Command and certain Operator Services.
- Other Charges - One time charges such as an activation fee or late fee will appear here if applicable.
- Other Credits & Adjustments - Special offers or pricing promotions appear as credits on your bill here or in other sections. A disputed charge, when corrected, will appear on your bill as an adjustment.
- Government Fees and Taxes - These include applicable federal, state, city, and county taxes.
- Surcharges and Fees - The surcharges in this section include certain charges assessed on Sprint that we pass through to our customers, as well as those that recover the costs incurred by Sprint in complying with various federal and state mandates. Charges that appear in this section of your bill, - e.g. gross receipts, Federal Wireless Number Pooling and Portability, Federal and State Universal Service Funds (USF) and Federal E911* charges, are neither taxes nor government-mandated assessments. The Federal USF charge is calculated using the FCC-prescribed contribution factor, which may change on a monthly basis. For more information on cost recovery surcharges, call 1-866-770-6690.
  *Please note that current availability of E911 services is very limited. E911 service is dependent upon several factors, including the ability of your local public safety agency to receive and process this information and the capabilities of your equipment.

**STANDARD NIGHT & WEEKEND HOURS:** Mon.- Thurs. 9pm - 7am and Fri. 9pm - Mon. 7am. (Night start times may vary based on your service plan)

**HOW TO REACH SPRINT CUSTOMER SERVICE**
We are making every attempt to simplify your bill so that it's easy to understand. Still have questions? Here's how to contact us:

| Via the Internet: | By using your Sprint Phone: | By Phone: | By Mail:* |
|---|---|---|---|
| www.sprint.com | * 2 | 1-888-211-4727 Consumer<br>1-888-788-4727 Business | Sprint Customer Service<br>P.O. Box 8077<br>London, KY 40742 |

*Please provide your name and account number on any correspondence to Sprint.

**TTY USERS ACCESS TO SPRINT CUSTOMER SERVICE**
Please contact a TRS agent (dial 711) and request that he/she dial 1-866-727-4889. Sprint Customer Service inquiries can also be made via the Internet at www.sprint.com.

**OTHER IMPORTANT INFORMATION**
For the most current version of the Sprint PCS Terms and Conditions of Service, please visit our Web site at www.sprint.com or contact us. This bill is due and payable upon presentation, and is past due if we do not receive payment by the due date shown on your bill. Please make your check or money order payable to Sprint in U.S. dollars. Do not send cash. Sprint will charge $25 for each returned check. You should contact us first with any billing disputes. Disputes must be made with notification to us within 60 days of the date of the bill. Charges that are not properly disputed by you will be deemed accepted and payable by the bill due date. This bill constitutes notice that your service is subject to disconnection if payment is not received by the due date. A $20 reconnection fee may apply where services are disconnected for nonpayment.
California Customers: If you are not satisfied with the resolution of any dispute made over the phone, you may write us at the address provided above. If you have a complaint you cannot resolve with us, write the California Public Utilities Commission at Consumer Affairs Branch, 505 Van Ness Ave., San Francisco, CA 94102, or at www.cpuc.ca.gov, or call 1-800-649-7570 or TDD 1-800-229-6846. If your complaint concerns interstate or international calling, write the FCC at Consumer Complaints, 445 12th Street SW, Washington, D.C. 20554, or at fccinfo@fcc.gov, or call 1-888-225-5322, or TTY 1-888-835-5322. Note: The CPUC handles complaints of both interstate and intrastate unauthorized carrier changes ("slamming"). The California consumer protection rules are available online, at www.cpuc.ca.gov.
New Mexico Customers: If you are unable to resolve a billing dispute with Sprint, you may contact the NM Consumer Relations Division at 1-800-663-9762.
Puerto Rico Customers: You may obtain a copy of the Sprint Customer Complaint Resolution procedure by visiting one of the Sprint stores in Puerto Rico or by contacting Sprint Customer Service. You may also FAX your complaint to 1-877-321- 9650.
Maine: Pursuant to the requirements of 35 A.M.R. S.A, Section 7104 Sprint Nextel contributed $228,333.14 during the 12 months ending September 2005 to the Maine Universal Service Fund."

Sprint is actively working toward solving our nation's solid waste problem. This bill is printed on recyclable paper.

Account Number

Amount Due

For name changes sign on to www.sprint.com Click on: Contact Us> Email us> Enter your Email address> Click on Topic> Choose Other> Enter name change & reason (Marriage, Divorce, Misspelled). For change of address sign on to the above web site or complete this form. Please PRINT in Blue or Black ink.

MAILING ADDRESS: ______________________________

CITY: ____________________ STATE: ________ ZIP: ____________

HOME PHONE: ____________________ BUSINESS PHONE: ____________________ JVIN1B

| Customer | Account Number | Bill Period | Bill Date | Page |
|---|---|---|---|---|
| ERIC TAYLOR | 0602049989-4 | Sep 23 - Oct 22 | Oct 23, 2006 | 2 of 4 |

# Account Summary

**New Federal Universal Service Fund Fee.**
Effective October 2006, Sprint will begin charging a 9.1% Federal USF LD Surcharge for international & LD calls, in addition to the current Fed USF Non-LD Schg in the Surcharges & Fees section of your bill. For details on fees, see the Subscriber Agreement or call 866-770-6690.

**New Charge: Calling Wireless Phones in Mexico.**
A new per minute mobile termination fee may now apply to calls to wireless phones in Mexico, even for international calling plans. Dial 52+1+ the 10-digit number for calls to wireless phones in Mexico. See sprint.com/internationalrates for rates and information.

## Charges by Line

| | Monthly Service Charges | Additional Usage Charges & Purchases | Other Charges | Other Credits & Adjustments | Taxes, Surcharges & Fees | Total |
|---|---|---|---|---|---|---|
| 619-822-8405 ERIC TAYLOR | $59.99 | $0.10 | $0.00 | $0.00 | $0.55 | $60.64 |

## Taxes, Surcharges & Fees

Surcharges & Fees

| | |
|---|---|
| Federal Wireless Number Pooling And Portability | $0.15 |
| Federal E911 | 0.40 |
| | $0.55 |

| Customer | Account Number | Bill Period | Bill Date | Page |
|---|---|---|---|---|
| ERIC TAYLOR | 0602049989-4 | Sep 23 - Oct 22 | Oct 23, 2006 | 3 of 4 |

# Detail for 619-822-8405

ERIC TAYLOR
etaylor1071@sprintpcs.com

## Your Plan

**PCS Connection Card Data Plan Promotion**

Oct 23 to Nov 22

$59.99 PCS Connection Card Data Plan
Unlimited Mb Of PCS Data
Calls Made On PCS Connection Cards With
Voice Capability Will Incur A Charge
Of $.20 Per Minute

## Text Messages

| | Used |
|---|---|
| Additional Text Messages | 1.0 |

## Monthly Service Charges

**PCS Connection Card Data Plan Promotion**

| | |
|---|---|
| Monthly Service Charge | $59.99 |

## Additional Usage

| | Used | Charges |
|---|---|---|
| Additional Text Messages-$0.10/msg | 1.0 | $0.10 |

## Taxes, Surcharges & Fees

| | |
|---|---|
| Taxes, Surcharges & Fees | $0.55 |

| | |
|---|---|
| **Total Current Charges for 619-822-8405** | **$60.64** |

| Customer | Account Number | Bill Period | Bill Date | Page |
|---|---|---|---|---|
| ERIC TAYLOR | 0602049989-4 | Sep 23 - Oct 22 | Oct 23, 2006 | 4 of 4 |

# Detail for 619-822-8405 (Continued)

## Call Detail

# Sprint Online Billing

## Sign up for Sprint Online Billing today and get $5 off your next bill!

With Sprint Online Billing, managing your account has never been easier.

- You'll get a monthly email letting you know when your bill is ready. Use the convenient link provided in the email to view and pay your bill online quickly and easily.
- Your old bills will be available online anytime, so there's no paper for you to file or shred.
- You can avoid late fees with AutoPay. Your bill will be paid directly from your checking account/debit card a couple of days before it is due.

## You can sign up for Online Billing today through these easy steps:

- Go to sprint.com and log into "My PCS Wireless" under "Manage Your Account."
- On the left-hand side of the screen, click on "My Invoice & Payments," then "Invoices."
- Click on "Sign up and Save $5" in the "Sprint Online Billing" section (right-hand side of page).
- Click on "HTML Email" and follow the prompts.
- Remember to check out the online payment options.

You will then receive an email each month when your bill is ready to view online.

Offer end date 12/31/06.

# EXHIBIT 2

Sprint Together with NEXTEL

| Customer | Account Number | Bill Period | Bill Date |
|---|---|---|---|
| Eric Taylor | 570265948 | Apr 23-May 22 | May 26, 2007 |



# Hello, Eric!

Because you are signed up for automatic bill payment, your American Express will be charged on Jun 14 .

Sprint is making changes to its policies. Please see the "Sprint News and Notices" box on page 2, the back of this page, for details.

**(619) 822-8405**

| | |
|---|---|
| Previous Balance | $60.54 |
| Payment on May 19 | -$60.54 |
| New Charges | $63.80 |

**Total Due $63.80**

**Your American Express card will be charged on Jun 14**

**You can contact Sprint Customer Service**

On the Web:
www.sprint.com

By Phone:
1-888-211-4727

Use your Mobile free of charge:
Dial *2 to contact Customer Service
Dial *3 to make a one-time payment

Sprint

DO NOT SEND PAYMENT.
This amount will be charged to your credit card on Jun 14 .

**Amount due $63.80**

#BWNKCTX
#0000 0570265948 B 0#
MANIFESTLINE------------------

ERIC TAYLOR
302 WASHINGTON ST # 250
SAN DIEGO, CA 92103-2110

F55555444422CF

570265948 000006380 0000000000 0000063801

Sprint Together with NEXTEL

| Customer | Account Number | Bill Period | Bill Date |
|---|---|---|---|
| Eric Taylor | 570265948 | Apr 23-May 22 | May 26, 2007 |



## SPRINT NEWS AND NOTICES

This section contains important updates about your Sprint Services, Including Service or Rate Changes, Promotions and Offers.

### Important Caller ID Information

Effective 7/1/07 customer's outbound caller id will display the account holder's name on all lines on the account. If you wish the caller id to display a name different than the account holder's, the primary account holder must contact customer service before the effective date.

### International Data Services

Notice: Beginning on June 1, 2007, using data services such as email and web browsing with your Nextel phone while in Canada will be subject to international data roaming fees. See sprint.com/international for applicable rates and coverage.

### Store Locator

When you log on to sprintstorelocator.com, you'll find the store you're looking for in three easy steps:
1) select the type of service you need; 2) enter your address; 3) search within a certain proximity. Or, call 800-Sprint1 and select Option 3.

## IMPORTANT INFORMATION RELATING TO YOUR SPRINT BILL

**Billing Information.** This bill is due on the date shown. A late payment charge applies for unpaid balances and is charged at the highest rate permissible by law. Sprint Nextel will impose a $25 charge for each returned check. Service is subject to disconnection if payment is not received by the due date shown. Contact us first with any billing disputes. Disputes must be made within 60 days of the date of the bill. Charges that are not properly disputed will be deemed accepted and due by the date shown. Roaming charges accrued during the billing period may appear on subsequent bills because of third party processing delays.
**Contacting Sprint.** Address written correspondence to: Sprint Customer Service, PO Box 8077, London, KY 40742. Include your name and account number on any written correspondence to Sprint. Please do not include any correspondence in your bill.

### OTHER IMPORTANT INFORMATION

**E911.** Please note that Enhanced 911 (E911) services, which provide public safety officials your location during a 911 call, are not available everywhere and at all times. E911 availability is dependent on many factors, including the ability of particular local public safety agencies to receive and process location information, the capabilities of your equipment, and other factors affecting the delivery of services.
**Privacy Information.** You can access Sprint's privacy policy online at www.sprint.com. We recommend that you use a unique password to enhance the security of your account. Unique passwords help prevent unauthorized persons from accessing your account information. Remember, when setting up a password, don't use commonly used or known numbers or facts, such as birthdays and social security numbers.

**Terms and Conditions.** The terms and conditions of Sprint service sometimes change. Updates to your terms will be provided each month in the News and Notices section of the bill. For the most current version, visit our website or contact customer service.

### California PUC

If you have a complaint that we cannot resolve, you may call the California Public Utilities Commission at 800-649-7570 or TDD 800-229-6846.

### Important 9-1-1 Information

Dial 9-1-1 in case of emergency. If you encounter a prerecorded message instead of a live operator, wait for the appropriate prompt and say "EMERGENCY" instead of pressing 1. Not all wireless phones transmit number tones during a 911 call. See sprint.com/consumerinfo, Important 911 Information for more details.

**Address Change**

NAME ______________________

MAILING ADDRESS ______________________

______________________

CITY ____________ STATE ________ ZIP ________

AUTOPAYMENT DISCLOSURE
By signing below, you authorize Sprint Nextel to debit your bank account monthly for the balance due. A bill statement will be sent to you at least 10 days before the scheduled payment. To withdraw the authorization, you must call customer service.

**Email**

EMAIL ______________________

[ ] **E-Bill: Receive your bill by email** (You will no longer receive paper bills.)

[ ] **Receive Sprint updates and special offers via email**



**AutoPay Enroll**

[ ] **AutoPay Enrollment (Checking)**

**ROUTING AND TRANSIT NUMBER** |_|_|_|_|_|_|_|_|_|_|

**BANK ACCOUNT NUMBER** |_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|

Log into your Sprint account at www.Sprint.com to sign up for AutoPay using a credit or debit card.

**SIGNATURE (Required)** ______________________

Sprint
Together with NEXTEL

| Customer | Account Number | Bill Period | Bill Date |
|---|---|---|---|
| Eric Taylor | 570265948 | Apr 23-May 22 | May 26, 2007 |



# Charges

**(619) 822-8405**

Connection Card - Unlimited Megabytes Included........................................ $59.99

**Additional Sprint Charges**........................................................... $1.58

**Government Taxes & Fees**........................................................... $2.23

**Total $63.80**

This page is intentionally left blank.

Sprint Together with NEXTEL

| Customer | Account Number | Bill Period | Bill Date |
|---|---|---|---|
| Eric Taylor | 570265948 | Apr 23-May 22 | May 26, 2007 |



# Details, details...

**(619) 822-8405**

## Your Plan includes:

$59.99 Connection Card Data Plan
Unlimited Mb Of Pcs Data
Calls Made On Connection Cards With
Voice Capability Will Incur A Charge
Of $.20 Per Minute

## Additional Sprint Charges

Charges assessed on Sprint that we elect to pass on to customers and are intended to recover the administrative and other costs of complying with certain government programs and mandates. Charges that appear in this section, also called "Sprint Fees", are not taxes or government-imposed fees. For more information on Additional Sprint Charges, visit www.sprint.com or contact Sprint Customer Service.

| | |
|---|---|
| Federal-Fed. 911 Fee | $0.40 |
| Federal-Fed. Local Number Portability | $0.15 |
| Federal-Univ Serv Assess Non-LD | $0.96 |
| California State-PUC User Fee | $0.07 |
| | $1.58 |

## Government Fees & Taxes

Taxes and fees Sprint is required to collect from customers on behalf of the government.

| | |
|---|---|
| California State-911 Tax | $0.31 |
| California State-CA High Cost Part A | $0.13 |
| California State-CA High Cost Part B | $0.79 |
| California State-CA Relay Service Fund | $0.22 |
| California State-Tele Fund Charge | $0.08 |
| California State-Univ Lifeline Serv Charge | $0.70 |
| | $2.23 |

# Easy to read. Simple to understand.

**It's official. Your new and improved Sprint bill is here.**

## When it comes to your bill, we've kept it simple.

We've listened to your comments and made BIG changes. You said you wanted a short and easy-to-read bill. Well, that's exactly what we've given you.




## What's so different?

- Your bill is simpler. Easier to read.
- It's shorter, with no call detail. You can always opt to keep call detail by logging into www.sprint.com or calling Customer Service at *2 on your Sprint® phone.
- Your account number is new, but your phone number and plan have stayed the same.

**For more information about your new bill, check out the enclosed insert.**

# EXHIBIT 3

Sprint
Together with NEXTEL

| Customer | Account Number | Bill Period | Bill Date |
|---|---|---|---|
| Eric Taylor | 570265948 | Jun 23- Jul 22 | Jul 26, 2007 |



# Hello, Eric!

Because you are signed up for automatic bill payment, your American Express will be charged on Aug 14 .

Sprint is making changes to its policies. Please see the "Sprint News and Notices" box on page 2, the back of this page, for details.

**(619) 822-8405**

| | |
|---|---|
| Previous Balance | $60.56 |
| Payment on Jul 16 | -$60.56 |
| New Charges | $60.71 |

**Total Due $60.71**

**Your American Express card will be charged on Aug 14**

**You can contact Sprint Customer Service**

On the Web:
www.sprint.com

By Phone:
1-888-211-4727

Use your Mobile free of charge:
Dial *2 to contact Customer Service
Dial *3 to make a one-time payment

Sprint

DO NOT SEND PAYMENT.
This amount will be charged to your credit card on Aug 14 .

**Amount due $60.71**

#BWNKCTX
#0000 0570265948 B 0#
MANIFESTLINE------------------

ERIC TAYLOR
302 WASHINGTON ST # 250
SAN DIEGO, CA 92103-2110

F55555444422CF

570265948 000006071 0000000000 0000060710

Sprint
Together with NEXTEL

| Customer | Account Number | Bill Period | Bill Date |
|---|---|---|---|
| Eric Taylor | 570265948 | Jun 23- Jul 22 | Jul 26, 2007 |



## SPRINT NEWS AND NOTICES

This section contains important updates about your Sprint Services, Including Service or Rate Changes, Promotions and Offers.

### Your Privacy, Our Priority

Protecting Your Privacy is Important:

·Be smart in choosing your password and avoid use of SSN, birthdates, anniversaries.

·Change your account password or voicemail passcode anytime by going to sprint.com.

·Read "Your Privacy Rights" at sprint.com.

## IMPORTANT INFORMATION RELATING TO YOUR SPRINT BILL

**Billing Information.** This bill is due on the date shown. A late payment charge applies for unpaid balances and is charged at the highest rate permissible by law. Sprint Nextel will impose a $25 charge for each returned check. Service is subject to disconnection if payment is not received by the due date shown. Contact us first with any billing disputes. Disputes must be made within 60 days of the date of the bill. Charges that are not properly disputed will be deemed accepted and due by the date shown. Roaming charges accrued during the billing period may appear on subsequent bills because of third party processing delays.
**Contacting Sprint.** Address written correspondence to: Sprint Customer Service, PO Box 8077, London, KY 40742. Include your name and account number on any written correspondence to Sprint. Please do not include any correspondence in your bill.

### OTHER IMPORTANT INFORMATION

**E911.** Please note that Enhanced 911 (E911) services, which provide public safety officials your location during a 911 call, are not available everywhere and at all times. E911 availability is dependent on many factors, including the ability of particular local public safety agencies to receive and process location information, the capabilities of your equipment, and other factors affecting the delivery of services.
**Privacy Information.** You can access Sprint's privacy policy online at www.sprint.com. We recommend that you use a unique password to enhance the security of your account. Unique passwords help prevent unauthorized persons from accessing your account information. Remember, when setting up a password, don't use commonly used or known numbers or facts, such as birthdays and social security numbers.

**Terms and Conditions.** The terms and conditions of Sprint service sometimes change. Updates to your terms will be provided each month in the News and Notices section of the bill. For the most current version, visit our website or contact customer service.

### California PUC

If you have a complaint that we cannot resolve, you may call the California Public Utilities Commission at 800-649-7570 or TDD 800-229-6846.

### Important 9-1-1 Information

Dial 9-1-1 in case of emergency. If you encounter a prerecorded message instead of a live operator, wait for the appropriate prompt and say "EMERGENCY" instead of pressing 1. Not all wireless phones transmit number tones during a 911 call. See sprint.com/consumerinfo, Important 911 Information for more details.

**Address Change**

NAME ______________________________

MAILING ADDRESS ______________________________

______________________________

CITY ____________ STATE ________ ZIP ________

AUTOPAYMENT DISCLOSURE
By signing below, you authorize Sprint Nextel to debit your bank account monthly for the balance due. A bill statement will be sent to you at least 10 days before the scheduled payment. To withdraw the authorization, you must call customer service.

**Email**

EMAIL ______________________________

[ ] E-Bill: Receive your bill by email (You will no longer receive paper bills.)

[ ] Receive Sprint updates and special offers via email

**AutoPay Enroll**



[ ] AutoPay Enrollment (Checking)

ROUTING AND TRANSIT NUMBER | | | | | | | | | |

BANK ACCOUNT NUMBER | | | | | | | | | | | | | | | | | | | |

Log into your Sprint account at www.Sprint.com to sign up for AutoPay using a credit or debit card.

SIGNATURE (Required) ______________________________

Sprint
Together with NEXTEL

| Customer | Account Number | Bill Period | Bill Date |
| --- | --- | --- | --- |
| Eric Taylor | 570265948 | Jun 23- Jul 22 | Jul 26, 2007 |



# Charges

**(619) 822-8405**

Connection Card - Unlimited Megabytes Included........................................ $59.99
1 SMS Text Messages @ $.15/msg ............................................................ $0.15

**Additional Sprint Charges**.......................................................... $0.56

**Government Taxes & Fees**.......................................................... $0.01

**Total $60.71**

# THE POWER TO GET MORE OUT OF YOUR PHONE.

## Experience the powerful potential of Sprint Power Vision.℠

Want an all-access pass to everything you love? Then the Sprint Power Vision Ultimate Pack is for you. With everything from unlimited web access to live TV, you'll be able to do more than you ever thought possible. Just check out some of its power-packed features:

- Unlimited access to download songs from the Sprint Music Store℠
- Unlimited Web Access
- Unlimited Sprint Picture Mail℠
- Unlimited Sprint TV℠
- Unlimited Email and Instant Messaging

Plus, for an additional monthly charge, you can download a variety of premium products like:

- GPS Navigation services
- Access to hundreds of games
- Ringers, call tones and screensavers
- Sprint Movies

## Try Sprint Power Vision today.

### Visit your nearest Sprint retail store to choose a Sprint Power Vision Pack.

Offers may not be available in all markets. Terms and Conditions apply. See store or www.sprint.com for details. Service Plan: Up to $36 activation and $200 early termination fees apply per line. Deposit may be required. Sprint Power Vision: Requires a Power Vision phone. Additional charges apply for premium content—e.g., games, ringers, screen savers, etc. Unlimited Power Vision Pack not available for use with any device used as a modem. Coverage not available everywhere or in all areas covered by the Sprint PCS Network. For coverage maps & additional details, see our in-store kiosk (where available) or visit www.sprint.com.

## IT'S LIKE HAVING YOUR VERY OWN LOCAL TOUR GUIDE.

**Find what you need, when you need it, with Sprint Local Search.**

From coffee shops to gas stations to flower shops, Sprint Local Search makes it easy to find whatever it is you're looking for. And the best part about Sprint Local Search? If you're a data plan customer, it's already part of your plan!

Experience Sprint Local Search today. If you're a data plan customer, simply:

- Click on main menu
- Go to web
- Scroll down to search
- Enter search keyword and zip code or city

**Not a data plan customer? Log on to sprint.com to learn how to sign up.**

Casual usage rate of 3¢/KB will apply without a data plan.

## Refer a friend and get $25.

### Everyone cashes in when you refer a friend to Sprint.

With the Sprint Referral Rewards Program, your friend will get $25 too. Visit **sprint.com/referralprogram** or dial **#REF (#733)** then press **TALK** from your Sprint phone for complete program details.

## Stranded is no longer in your vocabulary.

**Let your Sprint phone come to your rescue on the road.**

With Roadside Rescue, help is just a phone call away. For just $4 a month, you can receive roadside assistance 24 hours a day, seven days a week when you're stranded. You'll receive all of the following services:

- Battery boost
- Flat tire change
- Fuel delivery
- Lockout service
- Towing*

**To sign up for Roadside Rescue, simply call 1-800-Sprint1 or dial *2 from your Sprint phone. You can also sign up at www.sprint.com.**

Primary line pays $4 a month.
Each shared line pays only $2 a month.

*Tow destination is limited to up to three driving miles in any direction from the point of disablement.

Roadside Rescue: Must be with vehicle and have your Sprint phone with you at the time of service. Limit 4 calls per program year (starts when service is added to your account). Allow approximately 72 hours to provision service to your account. Covers light passenger cars and trucks. Excludes RVs, motorcycles, boats, trailers, limousines, taxis and commercial or heavy-duty vehicles. This is not a reimbursement service and is not valid when operating vehicle off-road. Services are provided by AAA, AAA Clubs, CAA Clubs and in California, the National Automobile Club and Auto Partners Motor Club, Inc. Sprint is not a motor club. Restrictions apply. See in-store materials.

Sprint
Together with NEXTEL

| Customer | Account Number | Bill Period | Bill Date |
| --- | --- | --- | --- |
| Eric Taylor | 570265948 | Jun 23- Jul 22 | Jul 26, 2007 |



# Details, details...

## (619) 822-8405

### Your Plan includes:

$59.99 Connection Card Data Plan
Unlimited Mb Of Pcs Data
Calls Made On Connection Cards With
Voice Capability Will Incur A Charge
Of $.20 Per Minute

---

### Additional Sprint Charges

Charges assessed on Sprint that we elect to pass on to customers and are intended to recover the administrative and other costs of complying with certain government programs and mandates. Charges that appear in this section, also called "Sprint Fees", are not taxes or government-imposed fees. For more information on Additional Sprint Charges, visit www.sprint.com or contact Sprint Customer Service.

| | |
| --- | --- |
| Federal-Fed. 911 Fee | $0.40 |
| Federal-Fed. Local Number Portability | $0.15 |
| Federal-Univ Serv Assess Non-LD | $0.01 |
| | $0.56 |

### Government Fees & Taxes

Taxes and fees Sprint is required to collect from customers on behalf of the government.

| | |
| --- | --- |
| California State-CA High Cost Part B | $0.01 |
| | $0.01 |

# SHARE YOUR MINUTES. GET MORE FAMILY TIME.



## GET CONNECTED AND STAY CONNECTED. ADD A LINE TODAY.

When you add a line with Sprint, you'll be able keep up with your family and friends without paying a fortune. Plus, you'll be able to:

- **Talk more**
  You'll receive Unlimited Mobile-to-Mobile Calling, included with Sprint Power Pack Family Plans.
- **Save more**
  You'll get up to $150 instant savings on select Sprint phones.

  Requires a two-year subscriber agreement.

## READY TO TALK MORE AND SAVE MORE?

**CALL** 1-888-519-5066

**CLICK** sprint.com/add

**GO** to your nearest Sprint or Nextel Store, Authorized Representative or Retailer

Sprint Together with NEXTEL

Coverage not available everywhere. Available features and services will vary by phone/network. Nextel National Network reaches over 274 million people. Nationwide Sprint PCS Network reaches over 262 million people, and Sprint Mobile Broadband Network reaches over 200 million. Offers not available in all markets. Additional terms and restrictions apply. May require credit approval and deposit. See store or sprint.com for details. Service Plan: Offer ends 9/30/07. Includes an allotment of Anytime Minutes to share between two phones and overage charges, both dependent on plan selected. Nights 7pm–7am and weekends Fri. 7pm–Mon. 7am. Partial minutes charged as full minutes. Unlimited Sprint Mobile to Mobile: Only available on calls placed directly between separate Sprint PCS phones (not through voicemail, directory assistance or other indirect methods). Call 1-800-SPRINT1 or see in-store brochure for availability in your area. Not available while roaming. Sprint may terminate service if a majority of minutes in a given month are used while roaming. Instant Savings: Offer ends 9/30/07 or while supplies last. No cash back. Taxes excluded. Activation at time of purchase required.

5C0CEAB1

# EXHIBIT 4

Sprint

| Customer | Account Number | Bill Period | Bill Date |
|---|---|---|---|
| Eric Taylor | 570265948 | Sep 23- Oct 22 | Oct 26, 2007 |



# Hello!

Because you are signed up for automatic bill payment, your American Express will be charged on Nov 13 .

Sprint is making changes to its policies. Please see the "Sprint News and Notices" box on page 2, the back of this page, for details.

## (619) 822-8405

| | |
|---|---|
| Previous Balance | $60.56 |
| Payment on Oct 16 | -$60.56 |
| New Charges | $60.56 |

**Total Due $60.56**

**Your American Express card will be charged on Nov 13**

**You can contact Sprint Customer Service**

On the Web:
www.sprint.com

By Phone:
1-888-211-4727

Use your Mobile free of charge:
Dial *2 to contact Customer Service
Dial *3 to make a one-time payment

Sprint

DO NOT SEND PAYMENT.
This amount will be charged to your credit card on Nov 13 .

**Amount due $60.56**

#BWNKCTX
#0000 0570265948 B 0#
MANIFESTLINE------------------

ERIC TAYLOR
302 WASHINGTON ST # 250
SAN DIEGO, CA 92103-2110

F55555444422CF

570265948 000006056 0000000000 0000060560

Sprint

| Customer | Account Number | Bill Period | Bill Date |
|---|---|---|---|
| Eric Taylor | 570265948 | Sep 23- Oct 22 | Oct 26, 2007 |



## SPRINT NEWS AND NOTICES

This section contains important updates about your Sprint Services, Including Service or Rate Changes, Promotions and Offers.

### USF Federal Non-LD Surcharge Alignment

Effective 11/1, the USF Federal Non-LD Surcharge will increase to 2.52%. This fee is still subject to quarterly adjustments based on the FCC's USF Contribution Factor. For more info visit sprint.com/taxesandfees.

## IMPORTANT INFORMATION RELATING TO YOUR SPRINT BILL

**Billing Information.** This bill is due on the date shown. A late payment charge applies for unpaid balances and is charged at the highest rate permissible by law. Sprint Nextel will impose a $25 charge for each returned check. Service is subject to disconnection if payment is not received by the due date shown. Contact us first with any billing disputes. Disputes must be made within 60 days of the date of the bill. Charges that are not properly disputed will be deemed accepted and due by the date shown. Roaming charges accrued during the billing period may appear on subsequent bills because of third party processing delays.
**Contacting Sprint.** Address written correspondence to: Sprint Customer Service, PO Box 8077, London, KY 40742. Include your name and account number on any written correspondence to Sprint. Please do not include any correspondence in your bill.

### OTHER IMPORTANT INFORMATION

**E911.** Please note that Enhanced 911 (E911) services, which provide public safety officials your location during a 911 call, are not available everywhere and at all times. E911 availability is dependent on many factors, including the ability of particular local public safety agencies to receive and process location information, the capabilities of your equipment, and other factors affecting the delivery of services.
**Privacy Information.** You can access Sprint's privacy policy online at www.sprint.com. We recommend that you use a unique password to enhance the security of your account. Unique passwords help prevent unauthorized persons from accessing your account information. Remember, when setting up a password, don't use commonly used or known numbers or facts, such as birthdays and social security numbers.

**Terms and Conditions.** The terms and conditions of Sprint service sometimes change. Updates to your terms will be provided each month in the News and Notices section of the bill. For the most current version, visit our website or contact customer service.

### California PUC

If you have a complaint that we cannot resolve, you may call the California Public Utilities Commission at 800-649-7570 or TDD 800-229-6846.

### Important 9-1-1 Information

Dial 9-1-1 in case of emergency. If you encounter a prerecorded message instead of a live operator, wait for the appropriate prompt and say "EMERGENCY" instead of pressing 1. Not all wireless phones transmit number tones during a 911 call. See sprint.com/consumerinfo, Important 911 Information for more details.

**Address Change**

NAME ______________________________

MAILING ADDRESS ______________________________

______________________________

CITY ____________ STATE ________ ZIP ________

**AUTOPAYMENT DISCLOSURE**
By signing below, you authorize Sprint Nextel to debit your bank account monthly for the balance due. A bill statement will be sent to you at least 10 days before the scheduled payment. To withdraw the authorization, you must call customer service.

**Email**

EMAIL ______________________________

[ ] E-Bill: Receive your bill by email (You will no longer receive paper bills.)

[ ] Receive Sprint updates and special offers via email



**AutoPay Enroll**

[ ] AutoPay Enrollment (Checking)

ROUTING AND TRANSIT NUMBER | | | | | | | | | |

BANK ACCOUNT NUMBER | | | | | | | | | | | | | | | | | | |

Log into your Sprint account at www.Sprint.com to sign up for AutoPay using a credit or debit card.

SIGNATURE (Required) ______________________________

Sprint

| Customer | Account Number | Bill Period | Bill Date |
|---|---|---|---|
| Eric Taylor | 570265948 | Sep 23- Oct 22 | Oct 26, 2007 |



# Charges

**(619) 822-8405**

| | |
|---|---|
| Connection Card - Unlimited Megabytes Included | $59.99 |
| **Additional Sprint Charges** | $0.56 |
| **Government Taxes & Fees** | $0.01 |
| **Total** | **$60.56** |

# DOES YOUR PHONE NEED A LITTLE FIRST AID?



## LOG ON TO LOCATE A REPAIR CENTER NEAR YOU.

Whether you're at home, at work or on vacation, when you log on to sprint.com and utilize the Phone Repair Center locator tool, you'll find the repair shop that's closest to you. Plus, you'll be able to map the location and get the store's hours, address and phone number.

**Log on to sprint.com today and click "Find a Store" at the bottom of the page, then select "Type of Service" and click on "Phone Repair Center Locator."**

**And don't forget to bookmark the page, so you can use it when you need it most.**

***Thanks to SprintSpeed,™ good pictures travel fast.***

*Shoot it. Send it. Share it. All with Sprint Picture Mail.℠*

***Learn more at sprint.com/picturemail***

*Only available on camera-enabled handsets. Included at No Extra Charge with a Sprint Data Pack. Usage without a data pack is 3¢/KB. For data pack signup or more information visit **sprint.com/useit***

Sprint ahead

sprint.com

## IT'S LIKE HAVING YOUR VERY OWN LOCAL TOUR GUIDE.

**Find what you need, when you need it, with Sprint Local Search.**

From coffee shops to gas stations to flower shops, Sprint Local Search makes it easy to find whatever it is you're looking for. And the best part about Sprint Local Search? If you're a data plan customer, it's already part of your plan!

Experience Sprint Local Search today. If you're a data plan customer, simply:

- Click on main menu
- Go to web
- Scroll down to search
- Enter search keyword and zip code or city

**Not a data plan customer? Log on to sprint.com to learn how to sign up.**

Casual usage rate of 3¢/KB will apply without a data plan.

# Details, details...

**(619) 822-8405**

**Your Plan includes:**

$59.99 Connection Card Data Plan
Unlimited Mb Of Pcs Data
Calls Made On Connection Cards With
Voice Capability Will Incur A Charge
Of $.20 Per Minute

---

## Additional Sprint Charges

Charges assessed on Sprint that we elect to pass on to customers and are intended to recover the administrative and other costs of complying with certain government programs and mandates. Charges that appear in this section, also called "Sprint Fees", are not taxes or government-imposed fees. For more information on Additional Sprint Charges, visit www.sprint.com or contact Sprint Customer Service.

| | |
| --- | --- |
| Federal-Fed. 911 Fee | $0.40 |
| Federal-Fed. Local Number Portability | $0.15 |
| Federal-Univ Serv Assess Non-LD | $0.01 |
| | $0.56 |

## Government Fees & Taxes

Taxes and fees Sprint is required to collect from customers on behalf of the government.

| | |
| --- | --- |
| California State-CA High Cost Part B | $0.01 |
| | $0.01 |

# Important information for our new customers.

Sprint ahead

## If your wireless needs change, shouldn't your plan change with them?

*The Sprint Right Plan Promise ensures that you'll have the plan that's right for you. During the first six months of service, if your wireless needs change, it's not a problem. You can switch to a plan of equal term at no service charge and no contract extension.*

---

## **Log in.** Take control of your account.

*You're just one click away from managing your account.*

*Now you have all the online tools you need to manage your account. To access your account online, go to **sprint.com** and log in to your wireless account. The first time you log in, click '**Register for Access**' below the **Sign In** button. Once you've gained online account access, you can do all of the following:*

> ***Check minutes used and account balance***

> ***View and pay your bill***

> ***Learn more about your phone***

> ***View and modify your plan and services***

5000IQ61

Alan M. Mansfield (SBN 125998)
alan@rosnerandmansfield.com
John W. Hanson (SBN 214771)
john@rosnerandmansfield.com
ROSNER & MANSFIELD, LLP
10085 Carroll Canyon Road
San Diego, CA 92131
Tel: (858) 348-1005
Fax: (858) 348-1150

Attorneys for Plaintiffs

Art Neill (SBN 246717)
art@ucan.org
UTILITY CONSUMERS' ACTION NETWORK
3100 Fifth Ave., Suite B
San Diego, CA 92103
Tel: 619-696-6966
Fax: 619-696-7477

Attorneys for UCAN

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UTILITY CONSUMERS' ACTION NETWORK and ERIC TAYLOR, on behalf of themselves, their members and/or all others similarly situated, as applicable,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT SOLUTIONS, INC.; SPRINT SPECTRUM L.P.; SPRINT-NEXTEL CORPORATION,<br><br>Defendants. | CASE NO. 07-CV-2231-W (LSP)<br><br>**CLASS ACTION**<br><br>PROOF OF SERVICE<br><br>Party(ies) served: Defendants Sprint Solutions, Inc.; Sprint Spectrum, L.P., and sprint-Nextel Corporation<br><br>Date: January 2, 2008 |

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is: 10085 Carroll Canyon Road, Suite 100, San Diego, California 92131.

On the date shown below, I served the foregoing document(s) described as:

**FIRST AMENDED COMPLAINT**

on the interested parties in this action at San Diego, California as follows:

| | |
|---|---|
| James J. Mittermiller, Esq.<br>SHEPPARD MULLIN RICHTER & HAMPTON<br>501 W. Broadway, 19th Floor<br>San Diego, California 92101<br>Tel: (619) 338-6500<br>Fax: (619) 234-3815<br><br>Attorneys for Defendants SPRINT SOLUTIONS, INC.; SPRINT SPECTRUM, L.P.; and SPRINT-NEXTEL CORPORATION | |

[X] **BY MAIL (C.C.P.§§ 1013a and 2015.5):** The document was mailed with postage on the envelope fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with an the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY FACSIMILE (CRC 2008(e) and C.C.P. § 2015.5):** On the date below, before noon, the document(s) were transmitted by facsimile transmission to each of the parties at the facsimile number(s) listed above and the transmission(s) reported as complete and without error. A true and correct copy of the said transmission report is attached hereto and incorporated herein by reference.

[] **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] **(FEDERAL]** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 2, 2008 at San Diego, California.

Sally Cormier

SALLY CORMIER