JAMES J. MITTERMILLER, Cal. Bar No. 85177
jmittermiller@sheppardmullin.com
FRANK J. POLEK, Cal. Bar No. 167852
fpolek@sheppardmullin.com
JOHN C. DINEEN, Cal. Bar No. 222095
jdineen@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone: 619-338-6500
Facsimile: 619-234-3815

Attorneys for Defendants SPRINT SOLUTIONS, INC. and SPRINT-SPECTRUM L.P.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UTILITY CONSUMERS' ACTION NETWORK and ERIC TAYLOR, on behalf of themselves, their members and/or all others similarly situated, as applicable,

Plaintiffs,

v.

SPRINT SOLUTIONS, INC.; SPRINT SPECTRUM L.P.; SPRINT-NEXTEL CORPORATION,

Defendants.

Case No. 07 CV 2231 W (LSP)

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

Judge: Hon. Thomas J. Whelan
Courtroom: Seven
Date: March 3, 2008
Time: 10:30 a.m.

NO ORAL ARGUMENT PER LOCAL RULE 7.1(d)(1)

# TABLE OF CONTENTS

Page


I. INTRODUCTION ..... 1

II. STATEMENT OF FACTS ..... 1

III. THE COURT SHOULD DISMISS THE CLAIMS OF PLAINTIFF UCAN AS IT LACKS STANDING TO PURSUE THIS LAWSUIT ..... 3

A. Plaintiff UCAN Has Not Suffered An "Injury In Fact." ..... 4

B. UCAN Fails To Meet The Test For Associational Standing. ..... 5

IV. THE COURT SHOULD STAY THIS CASE UNDER THE PRIMARY JURISDICTION DOCTRINE ..... 6

A. The Primary Jurisdiction Doctrine Is Applicable Because The Issues Are Within The Special Competence Of The FCC ..... 7

B. Claims Brought Under Section 201(b) Challenging The "Reasonableness" Of A Charge Fall Squarely Within the Primary Jurisdiction Doctrine. ..... 8

C. The Court Should Stay The Present Action. ..... 9

V. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

## Cases


Bano v. Union Carbide Corp., 361 F.3d 696 (2d Cir. 2004) ....... 6

Cetacean Cmty. v. Bush, 386 F.3d 1169 (9th Cir. 2004) ....... 3

Far East Conference v. United States, 342 U.S. 570 (1952) ....... 7

Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333 (1977) ....... 5

Kiefer v. Paging Network, Inc., 50 F. Supp. 2d 681 (E.D. Mich. 1999) ....... 8, 9

Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994) ....... 3

In re Long Distance Telecomm. Litigation, 831 F.2d 627 (6th Cir. 1987) ....... 8

Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) ....... 3

MCI Communications Corp. v. American Tel. & Tel. Co.,, 496 F.2d 214 (3d Cir. 1974) ....... 7, 8

Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp., 418 F.3d 168 (2d Cir. 2005) ....... 5

Miranda v. Michigan, 141 F. Supp. 2d 747 (E.D. Mich. 2001) ....... 8

O'Shea v. Littleton, 414 U.S. 488 (1974) ....... 3

Schmier v. United States Court of Appeals, 279 F.3d 817 (9th Cir. 2002) ....... 4

United Food & Commercial Works Union Local 751 v. Brown Group, 517 U.S. 544 (1996) ....... 5

United States v. Hays, 515 U.S. 737 (1995) ....... 3, 4

Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136 (9th Cir. 2003) ....... 3

Waudby v. Verizon Wireless Services, LLC, Slip Copy, 2007 WL. 1560295 ....... 7, 8, 9

Whitmore v. Arkansas,
495 U.S. 149 (1990)....................................................................................4

Statutes

47 U.S.C. § 201(b) ..........................................................................1, 6, 8, 9

Federal Rule of Civil Procedure 12(b)(1)...................................................1, 3

Business and Professions Code § 17200 .....................................................2

Defendants Sprint Solutions, Inc. and Sprint Spectrum L.P. (collectively "Sprint") move, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss the claims of Plaintiff Utility Consumers' Action Network ("UCAN") for lack of subject matter jurisdiction and to stay this case and refer Plaintiffs' fifth cause of action to the Federal Communications Commission ("FCC") pursuant to the primary jurisdiction doctrine.

## I.
## INTRODUCTION

Plaintiff UCAN has failed to allege *any* injury to itself as a result of the conduct complained of in the Complaint. UCAN therefore lacks standing to maintain this lawsuit in federal court. Further, UCAN cannot satisfy the requirements of associational standing. UCAN's claims should therefore be dismissed from this lawsuit. In addition, the Court should stay the case and refer Plaintiffs' fifth cause of action for violation of 47 U.S.C. § 201(b) to the FCC pursuant to the primary jurisdiction doctrine. The FCC is uniquely qualified to address in a comprehensive and uniform manner Plaintiffs' claim that the charges at issue in this case are "unjust" and/or "unreasonable."

## II.
## STATEMENT OF FACTS

On or about January 2, 2008, Plaintiffs filed their First Amended Complaint against Sprint. (As provided in paragraph 11 of Plaintiffs' First Amended Complaint, Plaintiff has dismissed Sprint Nextel Corporation from this lawsuit.) Plaintiffs allege that Plaintiff Eric Taylor contracted with Sprint, a wireless

telecommunications company, for wireless internet connection services. *See* First Amended Complaint ("FAC"), ¶ 1.

Taylor purchased a "data card," a device used to wirelessly connect a computer to the internet through Sprint's wireless telecommunications network, and received data services from Sprint. UCAN, "a consumer advocacy membership organization," has joined in the action as a purported plaintiff, despite the fact that UCAN never contracted with Sprint and UCAN suffered no injury. FAC, ¶ 10(a).

Plaintiffs allege that Sprint improperly included taxes, fees and other charges on monthly invoices to Taylor and other putative class members. FAC, ¶¶ 3, 26-27. Plaintiffs allege that because data cards are not telephones, they are not subject to various taxes and fees. FAC, ¶ 27. Plaintiffs also complain that Taylor was improperly charged for receiving text messages, since data cards generally cannot send or access such messages. FAC, ¶ 29.

Plaintiffs have asserted class action claims for: (1) violation of Business and Professions Code § 17200; (2) breach of contract; (3) violation of Consumers Legal Remedies Act; (4) declaratory relief; (5) violation of the Federal Communications Act; (6) money had and received, money paid and unjust enrichment; (7) conversion; and (8) "cramming." (Although seven causes of action are identified in the caption of the First Amended Complaint, eight causes of action are pleaded).

As will be demonstrated below, UCAN lacks standing to assert any of these claims. Further, Plaintiffs' fifth cause of action for violation of the Federal Communications Act must be referred to the FCC under the primary jurisdiction doctrine.

## III.

## THE COURT SHOULD DISMISS THE CLAIMS OF PLAINTIFF UCAN AS IT LACKS STANDING TO PURSUE THIS LAWSUIT

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "Those who seek to invoke the power of federal courts must allege an actual case or controversy." *O'Shea v. Littleton*, 414 U.S. 488, 493 (1974).

Where a plaintiff fails to satisfy the requirements of Article III of the Constitution, the "case or controversy" requirement is not met and a federal court lacks subject matter jurisdiction over the suit. *See Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). In that event, the suit should be dismissed under Federal Rule of Civil Procedure 12(b)(1). *Id.*; *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1140 (9th Cir. 2003).

"[T]he irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The first element is that the plaintiff must have suffered an "injury in fact." An injury in fact is an invasion of a legally protected interest which is "concrete and particularized," and "actual or imminent, not 'conjectural' or 'hypothetical.'" *Id.* The second element of standing is "a causal connection between the injury and the conduct complained of." The injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court." *Id.* The third element requires that the injury will likely, as opposed to merely speculatively, be "redressed by a favorable decision." *Id.*; *see also United States v. Hays*, 515 U.S. 737, 742-43 (1995).

Plaintiffs have the burden to prove that they have standing to pursue the complaint. *Hays*, 515 U.S. at 743 (the burden is on the party who seeks the exercise of jurisdiction in his or her favor "clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute"); *Whitmore v. Arkansas*, 495 U.S. 149, 155-56 (1990) ("The litigant must clearly and specifically set forth facts sufficient to satisfy these Art. III standing requirements. A federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing."). UCAN cannot meet this burden.

A. <u>Plaintiff UCAN Has Not Suffered An "Injury In Fact."</u>

UCAN was not assessed and did not pay any of the disputed charges at issue in this case. Courts have emphasized repeatedly, that an alleged injury in fact must be "concrete in both a qualitative and temporal sense." *Whitmore*, 495 U.S. at 155. The plaintiff must allege an injury to himself or herself that is "distinct and palpable," as opposed to merely abstract. *Id.* "The injury that a plaintiff alleges must be unique to that plaintiff, one in which he has a 'personal stake' in the outcome of a litigation seeking to remedy that harm." *Schmier v. United States Court of Appeals*, 279 F.3d 817, 821 (9th Cir. 2002).

UCAN has failed to allege that it has suffered any injury as a result of the actions alleged in the complaint. UCAN has attempted to circumvent this clear defect in its complaint by alleging that it "diverted staff time and resources from other clients and causes investigating the claims asserted . . ." FAC, ¶ 10(a). However, UCAN's volunteering "staff time" and "resources" to investigate Mr. Taylor's claims does not constitute a "distinct and palpable injury" sufficient to create satisfy Article III standing. UCAN's claims therefore should be dismissed from this lawsuit.

B. UCAN Fails To Meet The Test For Associational Standing.

Sprint anticipates that UCAN may argue that it possesses "associational standing" to maintain this lawsuit. UCAN would be wrong.

The Supreme Court's test for associational standing is composed of three parts. *See United Food & Commercial Works Union Local 751 v. Brown Group*, 517 U.S. 544, 556-558 (1996); *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977). The plaintiff association must show that: (1) at least one of its members possesses standing to sue in his or her own right (i.e., that member can show injury, traceability and redressability); (2) the interests the suit seeks to vindicate are germane to the association's purpose; and (3) *neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. United Food & Commercial Works Union Local 751*, 517 U.S. at 553.

UCAN fails this test. The claims asserted in the First Amended Complaint, and the relief requested require the participation of individual members of UCAN in the lawsuit. UCAN is seeking "actual, direct, incidental, consequential, statutory and exemplary damages" for the causes of action alleged in the Complaint. *See* Prayer for Relief, ¶ (3). Each individual's claims as to the amount of taxes and/or other contested charges will vary. Therefore, UCAN's request requires the presence of individual members, who allegedly suffered those damages.

Where an individualized inquiry as to the amount of damages sustained by the members is required, associational standing is defeated (because individual participation is required). *See Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 174 (2d Cir. 2005) ("The need for an individualized inquiry would defeat the association's standing, because a plaintiff normally lacks

associational standing to sue on behalf of its members where 'the fact and extent of injury would require individualized proof.'"); *see also Bano v. Union Carbide Corp.*, 361 F.3d 696, 713 (2d Cir. 2004) ("We know of no Supreme Court or federal court of appeals ruling that an association has standing to pursue damages claims on behalf of its members."). Because individual members must be present in this lawsuit UCAN cannot remain in this case based on associational standing.

Moreover, UCAN is not the type of association, such as a labor union, that the associational standing doctrine was created to address. UCAN is not a collective bargaining unit, it does not enjoy special rights under labor laws and consumers are not required to join UCAN in order to obtain telecommunication services.

**IV.**

**THE COURT SHOULD STAY THIS CASE UNDER THE PRIMARY JURISDICTION DOCTRINE**

Plaintiffs' fifth cause of action alleges that Sprint violated the Federal Communications Act, specifically 47 U.S.C. § 201(b). Plaintiffs allege:

> "Sprint Nextel's practice of collecting the charges set forth in detail above, and refusing to return such monies and/or disseminating bills that do not provide accurate information to customers as required by law, was unjust and unreasonable and in violation of §201(b) of the Federal Communications Act, 47 U.S.C. §201(b)." FAC, ¶ 69.

Plaintiffs' allegations fall squarely within the primary jurisdiction doctrine and require the Court to refer those matters to the FCC.

A. <u>The Primary Jurisdiction Doctrine Is Applicable Because The Issues Are Within The Special Competence Of The FCC.</u>

"The primary jurisdiction doctrine was developed by the courts to 'avoid conflict between the courts and an administrative agency arising from either the court's lack of expertise with the subject matter of the agency's regulation or from contradictory rulings by the agency and the court.'" *Waudby v. Verizon Wireless Services, LLC*, Slip Copy, 2007 WL 1560295 (D.N.J.) (quoting *MCI Communications Corp. v. American Tel. & Tel. Co.*, 496 F.2d 214, 221 (3d Cir. 1974). "The doctrine is specifically applicable to 'claims properly cognizable in court that contain some issue within the special competence of an administrative agency.'" *Id.* (quoting *Boyes v. Shell Oil Prods. Co.*, 199 F.3d 1260, 1265 (11th Cir. 2000).

Justice Frankfurter described the circumstances where the doctrine is to be applied:

> "[I]n cases raising issues of fact not within the conventional experience of judges or cases requiring the exercise of administrative discretion, agencies created by Congress for regulating the subject matter should not be passed over . . .. Uniformity and consistency in the regulation of business entrusted to a particular agency are secured, and the limited functions of review by the judiciary are more rationally exercised, by preliminary resort for ascertaining and interpreting the circumstances underlying legal issues to agencies that are better equipped than courts by specialization, by insight gained through experience, and by more flexible procedure."

*Far East Conference v. United States*, 342 U.S. 570, 574-75 (1952). "Under the doctrine, a court should refer a matter to an administrative agency for resolution, even if the matter is otherwise properly before the court, if it appears that the matter involves technical or policy considerations which are beyond the court's ordinary

competence and within the agency's particular field of expertise." *MCI Communications Corp.*, 496 F.2d at 220.

B. Claims Brought Under Section 201(b) Challenging The "Reasonableness" Of A Charge Fall Squarely Within the Primary Jurisdiction Doctrine.

In this case, Plaintiffs are asking the Court to interpret the terms "just" and "reasonable" in the context of the charges raised in the complaint (apparently, including the presentation of the charges and the charges themselves). Congress has placed the interpretation and meaning of "reasonableness" under the Federal Communications Act in the hands of the FCC and "[c]ourts have consistently held that claims of unjust and unreasonable practices under § 201(b) of the Federal Telecommunications Act fall within the primary jurisdiction of the FCC." *Miranda v. Michigan*, 141 F. Supp. 2d 747, 759 (E.D. Mich. 2001). In *In re Long Distance Telecommunications Litigation*, the Sixth Circuit held:

> "The district court was clearly correct in concluding that the claims based on section 201(b) of the Communications Act are within the primary jurisdiction of the FCC. Section 201(b) speaks in terms of reasonableness, and the very charge of Count I is that defendants engaged in unreasonable practices. That is a determination that 'Congress has placed squarely in the hands of the [FCC].'"

*In re Long Distance Telecomm. Litigation*, 831 F.2d 627, 631 (6th Cir. 1987) (citations omitted); *see also Waudby v. Verizon Wireless Services, LLC*, Slip Copy, 2007 WL 1560295 at *6; *Kiefer v. Paging Network, Inc.*, 50 F. Supp. 2d 681, 682 (E.D. Mich. 1999). In addition, Congress has placed the regulation of telecommunications common carriers within the jurisdiction of the FCC.

There is a great need for uniformity in the interpretation of "reasonableness" under Section 201(b) with respect to the charges at issue. Sprint and its competitors will be affected by this Court's decision as to whether the various charges raised in the Complaint are "reasonable" under the Federal Communications Act.

The FCC is the agency with expertise on the interpretation of the Federal Communications Act. Referral to the FCC of the issue of statutory reasonableness of the charges at issue would promote uniformity and consistency in the FCC's regulation of the telecommunications industry. *See Kiefer*, 50 F. Supp. 2d at 686 (E.D. Mich. 1999) (referral under primary jurisdiction doctrine of plaintiff's claim under Section 201(b) challenging certain late fees would avoid disparate or conflicting requirements for telecommunications providers).

C. <u>The Court Should Stay The Present Action.</u>

Upon referral of an issue to the FCC under the primary jurisdiction doctrine, the Court may dismiss or stay the action. *See Waudby v. Verizon Wireless Services, LLC*, Slip Copy, 2007 WL 1560295 at *8. Here, a stay of Plaintiffs' other claims is appropriate pending action by the FCC.

## V.

## CONCLUSION

For all of the foregoing reasons, the Court should dismiss the claims of Plaintiff UCAN, refer Plaintiffs' fifth cause of action to the FCC, and stay the remainder of Plaintiffs' claims.

DATED: January 22, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

s/James J. Mittermiller
Attorneys for Defendants SPRINT SOLUTIONS, INC. and SPRINT SPECTRUM L.P.
E-mail: jmittermiller@sheppardmullin.com