JAMES J. MITTERMILLER, Cal. Bar No. 85177
jmittermiller@sheppardmullin.com
FRANK J. POLEK, Cal. Bar No. 167852
fpolek@sheppardmullin.com
JOHN C. DINEEN, Cal. Bar No. 222095
jdineen@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone: 619-338-6500
Facsimile: 619-234-3815

Attorneys for Defendants SPRINT SOLUTIONS, INC. and SPRINT SPECTRUM L.P.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UTILITY CONSUMERS' ACTION NETWORK and ERIC TAYLOR, on behalf of themselves, their members and/or all others similarly situated, as applicable,

Plaintiffs,

v.

SPRINT SOLUTIONS, INC.; SPRINT SPECTRUM L.P.; SPRINT-NEXTEL CORPORATION,

Defendants.

Case No. 07 CV 2231 W (LSP)

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO STRIKE**

[F.R.C.P. 12(b)(6) and 12(f)]

Judge: Hon. Thomas J. Whelan
Courtroom: Seven
Date: March 3, 2008
Time: 10:30 a.m.

NO ORAL ARGUMENT PER LOCAL RULE 7.1(d)(1)

Pursuant to Federal Rule of Evidence 201, Defendants Sprint Solutions, Inc. and Sprint Spectrum L.P. (collectively "Sprint") request that this Court take judicial notice of a letter from Plaintiff Eric Taylor to Stephen Kukta, dated November 20, 2007, a true and correct copy of which is attached hereto as Exhibit "A."

This letter is referred to in paragraph 60 of Plaintiffs' First Amended Complaint, and there is no dispute as to its authenticity. Therefore, judicial notice of the document is appropriate. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998); *Branch v. Tunnell,* 14 F.3d 449, 453-54 (9th Cir. 1994); *MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986).

DATED: January 22, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

s/James J. Mittermiller
Attorneys for Defendants SPRINT SOLUTIONS, INC. and SPRINT SPECTRUM L.P.
E-mail: jmittermiller@sheppardmullin.com

# EXHIBIT A

Sewer Lines in Parkland

Sewer Study (January 2007)

Via Certified Mail
Return Receipt Requested

Eric Taylor
302 Washington St STE 250
San Diego, CA
92103

Sprint Nextel Corporation
Stephen Kukta
201 Mission St., Ste. 1400
San Francisco, CA 94105

November 20, 2007

Re: Violations of the Consumer Legal Remedies Act, California State and Federal Law

Dear Sir or Madam:

I am a current Sprint Nextel Corporation Customer. My account number since on or around Billing Date May 26, 2007, for billing period April 23-May 22, my account number has been 570265948. Prior to that time my account number was 060249989-4. I have an individual data services plan, the $59.99 Connection Card Data Plan.

Since at least billing date December 26, 2006, billing period November 23-December 22 Sprint has charged the following "Taxes, Surcharges & Fees" to my Data card plan: Federal Wireless Number Pooling and Portability and Federal E911. Following the change to my account number on or around billing date May 26, 2007, for billing period April 23-May 22, the above mentioned charges were still charged to my Data Card plan as Federal-Fed 911 Fee and Federal-Fed Local number Portability under the heading, "Additional Sprint Charges". I was also charged the Federal-Univ. Serv. Assess Non-LD and California State-PUC User Fee as Additional Sprint Charges. My Data Services Plan was also charged the following Government Fees and Taxes: California State-911 Tex, California State-CA High Cost Part A, California State-CA High Cost B, California State-CA Relay Service Fund, California State-Tele Fund Charge, and California State-Univ. Lifeline Serv. Charge to my data card plan.

Believing these charges to be erroneous, I contacted Sprint Nextel Customer Service on or around May 30, 2007. The representative informed me that Sprint Nextel will add additional charge to my account to compensate for fees it incurs from the government and gave me an 800 number to call regarding the "Government Taxes & Fees" that Sprint Nextel now collects on my data card but did not prior to this bill.

Dissatisfied with the Representative's response I contacted the Utility Consumers' Action Network (UCAN), of which I am a member, for assistance with understanding why I was charged these Government Taxes & Fees and Additional Charges and for assistance in getting them refunded, if erroneous.

On or around June 22, 2007, UCAN submitted this billing issue to Sprint Nextel's Executive and Regulatory Services on my behalf. On or around June 28, 2007 Jennifer Payne of Sprint Nextel acknowledged that these charges were improperly charged to Connection Card Data Plan customers and stated that Sprint Nextel would credit my account and identify and credit the accounts of all others similarly situated.

In July, I received my Connection Card Data Plan bill for Bill Date July 26, 2007, Bill Period June 23-July 22 and a number of the previously charged Government Fees & Taxes and Additional Sprint Charges were removed, however, I was still billed the Federal-Fed. 911 Fee, Federal-Fed Local Number Portability, Federal-Univ. Serv. Assess Non-LD, and California State-CA High Cost Part B. I also received a charge for an SMS Text Message, though my Data Card is incapable of sending SMS Text Messages, as it is a Data Card that is plugged into my computer. I have periodically been charged for an SMS Text Message a number of times erroneously. Each time I have called to complain about a text message charge I have been credited by Sprint Nextel. However, it requires me to spend over 20 minutes on the phone with Customer Service explaining why it is incapable for my data card to send Text Messages. I have asked repeatedly for Sprint to correct this billing error or at least note on my account that I should not be billed for Text Messages but Sprint Nextel has refused to do either. I recently reviewed my past bills from Sprint Nextel and discovered that on my bill for billing date October 26, 2006 (billing period Sept. 23 – Oct. 22) I was charged for an SMS Text Message for which I never received a credit and I request a credit at this time as I do not recall if I requested a credit for this improper charge previously.

Although Sprint Nextel promised in a phone call on June 28, 2007, to credit my account for the charges it deemed improper I have yet to receive a credit and I am still be charged for some of the charges Sprint Nextel stated were improper.

I have looked at the law and I believe such conduct violates numerous California state and Federal Laws, including the Consumers Legal Remedies Act. Specifically, the practices described above are violations of California Civil Code §§1770(a), under the following provisions at a minimum:

> "(2) Misrepresenting the source, sponsorship, approval, or certification of goods or services;
> (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have;
> (9) Advertising goods or services with intent not to sell them as advertised;
> (14) Representing that a transaction confers or involves rights, remedies, or obligations which it does not have, or which are prohibited by law;
> (16) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not;
> (19) Inserting an unconscionable provision in the contract."

Sprint Nextel may have also violated California Public Utility Code § 2890:

(a) "A telephone bill may only contain charges for products or services, the purchase of which the subscriber has authorized."

and in the United States Code Title 47 § 201

(b) "All charges, practices, classifications, and regulations for and in connection with such [interstate communication by radio] communication service, shall be just and reasonable, and any such charge, practice, classification, or regulation that is unjust or unreasonable is declared to be unlawful..."

Because Sprint Nextel is an international corporation I believe it is unlikely that I am the only data services affected by Sprint Nextel's actions. Therefore, in addition to all damages and other relief owed to me Sprint Nextel must also fulfill the requirements of California Civil Code §1782(c), and any other comparable laws that may require a similar demand:

(1) identify all affected consumers in addition to me;
(2) advise all such persons of the right upon request to a full, complete and timely refund of all improper charges imposed pursuant to the above-described practice, plus reimbursement of any associated expenditures (such as postage, time and telephone calls), and interest on all such sums;
(3) agree to cease immediately from systemically engaging in the practices discussed and provide credits for such amounts to present customers, including ceasing charging erroneous taxes, fees, or surcharges to data services customers as well as any text message charges..

I reserve the right, after thirty days, to file or amend a complaint, and to assert claims for damages and other relief under the CLRA and other applicable laws as appropriate, unless a full response to this letter is provided. In addition, you must provide similar relief to those other consumers who were similarly affected by Sprint Nextel's improper billing.

Sincerely,

Eric Taylor