Alan M. Mansfield (SBN 125998)
alan@rosnerandmansfield.com
John W. Hanson (SBN 214771)
john@rosnerandmansfield.com
ROSNER & MANSFIELD, LLP
10085 Carroll Canyon Road
San Diego, CA 92131
Tel: (858) 348-1005
Fax: (858) 348-1150

Attorneys for Plaintiffs

Art Neill (SBN 246717)
art@ucan.org
UTILITY CONSUMERS' ACTION NETWORK
3100 Fifth Ave., Suite B
San Diego, CA 92103
Tel: 619-696-6966
Fax: 619-696-7477

Attorneys for UCAN

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UTILITY CONSUMERS' ACTION NETWORK and ERIC TAYLOR, on behalf of themselves, their members and/or all others similarly situated, as applicable,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT SOLUTIONS, INC.; et al.,<br><br>Defendants. | CASE NO. 07 CV 2231 W (LSP)<br><br>**<u>CLASS ACTION</u>**<br><br>DECLARATION OF SARAH SHERMAN IN SUPPORT OF EX PARTE APPLICATION FOR ORDER PERMITTING EXPEDITED DISCOVERY PURSUANT TO FED. R. CIV. PROC. 26(a)<br><br>Date: N/A<br>Time: N/A<br>Courtroom: Hon. Leo S. Papas |

**Declaration of Sarah Sherman**

I, Sarah Sherman, declare the following:

1. The facts stated in this declaration are my own personal knowledge, and I could and would competently testify thereto if called upon to do so.
2. I, at all times relevant to this proceeding, was a wireless customer with Sprint/Nextel. I have had two phones associated with the account. My phone numbers are 757-593-1851 and 757-303-7818. The contract period was to end March 2008.
3. On January 25, 2008 I contacted Sprint Customer Service.
4. I contacted Sprint Customer Service to discuss the new "administrative" and "regulatory" charges. I called to cancel my contract because the new charges changed my terms and conditions as these new fees were not in my original contract and I did not agree with the change.
5. The Customer Service Representative stated that he could not cancel my contract, but that he would transfer me to Account Services who could help me.
6. The Account Services Representative informed me that the change did not affect Nextel customers.
7. I replied that Nextel no longer existed and that my bill was through Sprint and that the changes did affect me. I read her the notice I received regarding the change that was printed on my December bill and the section of my Terms of Service agreement that stated that I had a right to request cancellation of my service within 30 days of the changes going into affect that were a material change to my original contract and that any ETFs would be waived if I cancelled.
8. The Representative informed me she could not help me and transferred me back to Customer Service.
9. I spoke with a second Customer Service Representative, who insisted that I could not cancel my contract without an ETF.
10. I asked her to access my current bill, my December bill, and my contract. I discussed the material change to my contract with her for about 15 minutes. She finally agreed with me and made notes on my account reflecting the research she had done. She then transferred me back to Account Services.

11. I spoke with a second Account Services Representative, he read the notes placed on my account by the second Customer Service Representative and I read to him the notice of new surcharges on my December bill and the section of my Terms of Service contract of when a customer will not have to pay an ETF.

12. I confirmed with the second Account Services Representative that I would not have to pay an ETF to cancel my contract. I informed him I was going to port my phone number to another carrier. He informed me that once I ported my number, my contract would cancel automatically.

13. The Representative then stated that after I ported my number I would have to call Customer Service again to re-inform them that the cancellation of contract service was due to a material change.

14. I asked the Representative for a Confirmation Number. I was put on hold and when the Representative returned he gave me a Confirmation Number.

I declare under penalty of perjury, under the laws of the State of California and the United States of America, that the foregoing is true and correct.

Dated this 1st day of February, 2008

[signature]
Sarah Sherman

Alan M. Mansfield (SBN 125998)
alan@rosnerandmansfield.com
John W. Hanson (SBN 214771)
john@rosnerandmansfield.com
ROSNER & MANSFIELD, LLP
10085 Carroll Canyon Road
San Diego, CA 92131
Tel: (858) 348-1005
Fax: (858) 348-1150

Attorneys for Plaintiffs

Art Neill (SBN 246717)
art@ucan.org
UTILITY CONSUMERS' ACTION NETWORK
3100 Fifth Ave., Suite B
San Diego, CA 92103
Tel: 619-696-6966
Fax: 619-696-7477

Attorneys for UCAN

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UTILITY CONSUMERS' ACTION NETWORK and ERIC TAYLOR, on behalf of themselves, their members and/or all others similarly situated, as applicable,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT SOLUTIONS, INC.; SPRINT SPECTRUM L.P.; SPRINT-NEXTEL CORPORATION,<br><br>Defendants. | CASE NO. 07-CV-2231-W (LSP)<br><br>**<u>CLASS ACTION</u>**<br><br>PROOF OF SERVICE<br><br>Party(ies) served: Defendants Sprint Solutions, Inc.; Sprint Spectrum, L.P.<br><br>Date: February 8, 2008 |

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is: 10085 Carroll Canyon Road, Suite 100, San Diego, California 92131.

On the date shown below, I served the foregoing document(s) described as:

**DECLARATION OF SARAH SHERMAN IN SUPPORT OF EX PARTE APPLICATION FOR ORDER PERMITTING EXPEDITED DISCOVERY PURSUANT TO FED. R. CIV. PROC. 26(a)**

on the interested parties in this action at San Diego, California as follows:

| | |
|---|---|
| James J. Mittermiller, Esq.<br>SHEPPARD MULLIN RICHTER & HAMPTON<br>501 W. Broadway, 19th Floor<br>San Diego, California 92101<br>Tel: (619) 338-6500<br>Fax: (619) 234-3815<br><br>Attorneys for Defendants SPRINT SOLUTIONS, INC. and SPRINT SPECTRUM, L.P. | |

[ X ] **BY MAIL (C.C.P.§§ 1013a and 2015.5):** The document was mailed with postage on the envelope fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with an the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY FACSIMILE (CRC 2008(e) and C.C.P. § 2015.5):** On the date below, before noon, the document(s) were transmitted by facsimile transmission to each of the parties at the facsimile number(s) listed above and the transmission(s) reported as complete and without error. A true and correct copy of the said transmission report is attached hereto and incorporated herein by reference.

[] **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X ] **(FEDERAL]** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 8, 2008 at San Diego, California.

*Sally Cormier*

SALLY CORMIER