UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

UTILITY CONSUMERS' ACTION
NETWORK and ERIC TAYLOR, on behalf
of themselves, their members and/or all others
similarly situated, as applicable,

          Plaintiffs,

        v.

SPRINT SOLUTIONS, INC.; SPRINT
SPECTRUM L.P.; SPRINT-NEXTEL
CORPORATION,

          Defendants.

Case No. C07-CV-2231-W (RJB)

ORDER ON
DEFENDANTS' MOTION
TO DISMISS AND,
ALTERNATIVELY,
MOTION TO STRIKE

      This matter comes before the court on Defendants' Motion to Dismiss and, Alternatively, Motion to Strike. Dkt. 12. The court has considered the relevant documents and the remainder of the file herein.

PROCEDURAL HISTORY

      On November 21, 2007, plaintiffs Utility Consumers' Action Network (UCAN) and Eric Taylor filed a civil action against defendants Sprint Solutions, Inc., Sprint Spectrum L.P., and Sprint-Nextel Corporation (Sprint). Dkt. 1. On January 2, 2008, plaintiffs filed an amended complaint, alleging that Sprint improperly included taxes, fees and other charges on monthly invoices to customers who obtained data service or data card plans from Sprint, and improperly charged these customers for text messages. Dkt. 9. The amended complaint asserts class action claims for (1) violation of California Business and Professions Code § 17200; (2) breach of contract; (3) violation of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 et seq.; (4) declaratory relief; (5) violation of the Federal Communications Act,47

U.S.C. § 201(b); (6) money had and received, money paid and unjust enrichment; (7) conversion; and (8) cramming, pursuant to California Public Utilities Code § 2890. *Id.* The amended complaint requests certification of this case as a class action; declaratory, equitable, injunctive and/or monetary relief; actual, direct, incidental, consequential, statutory and exemplary damages; pre- and post-judgment interest; attorneys' fees; and other relief as the court may deem just and proper. Dkt. 9, at 26.

On January 23, 2007, Sprint filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and 12(f). Dkt. 12.

### MOTION TO DISMISS

Sprint moves to dismiss plaintiffs' claims for violation of California Business and Professions Code § 17200; violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq*; violation of the Federal Communications Act, 47 U.S.C. § 201(b); conversion; and cramming, on the basis that they fail to state a claim. Dkt. 12, at 2. In addition, Sprint moves under Fed.R.Civ.P. 12(f) to strike ¶¶ 45, 61, 79, and ¶ 3 of the prayer for relief, on the basis that they contain immaterial and impertinent matters. *Id.* Plaintiffs oppose the motion, contending that the causes of action in the amended complaint state a claim and that there is not basis for striking the identified portions of the amended complaint.

### LEGAL STANDARD

A complaint must be dismissed under Fed.R.Civ.P.12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986). When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore,

plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Pursuant to Fed.R.Civ.P. 12(f), the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

<u>DISCUSSION</u>

**1. Violation of Business and Professions Code § 17200, et seq. (Unfair Competition Law, or UCL)**

In the first amended complaint, plaintiffs allege that defendants' acts and practices, as alleged in the amended complaint, "constitute acts of unfair competition. Defendants have engaged in an unlawful, unfair or fraudulent business act and/or practice within the meaning of California Business & Professions Code §17200 *et seq.*" Dkt. 9, at 17, ¶ 43. The amended complaint alleges that "[t]hese business acts and practices violated numerous provisions of law, including, *inter alia*, California Civil Code §1565, California Civil Code §1670.5, California Civil Code §1709 and §1770, *et seq. Id.* at 17, ¶ 45.

Sprint contends that the court should dismiss and strike from the amended complaint that part of the UCL claim that is alleges "unlawful" conduct based upon violation of Civil Code §§ 1565 and 1670.4. Dkt. 12-2. Sprint also contends that UCAN's UCL claim against Sprint should be dismissed because UCL has failed to allege it suffered any injury as a result of the conduct it complains of. *Id.*

The UCL creates a private right of action for "any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof.Code § 17200. The UCL's purpose is to protect both consumers and competitors from unlawful, unfair or fraudulent business practices by promoting fair competition in commercial markets for goods and services. *Kasky v. Nike, Inc.* (2002) 27 Cal.4th 939, 949 (2002)

An "unlawful business activity" includes "'anything that can properly be called a business practice and that at the same time is forbidden by law.'" *People v. McKale*, 25 Cal.3d 626, 632, quoting *Barquis v. Merchants Collection Assn.* 7 Cal.3d 94 (1972). In essence, an action based on section § 17200 to redress unlawful business practices "borrows" violations of other laws and treats them as unlawful practices independently actionable under § 17200. (2 Cal.4th at p. 383; *Saunders v. Superior Court*, 27 Cal.App.4th 832, 839 (1994).

Plaintiffs base their UCL claims in part on an "unlawful" business act or practice, in violation of Cal.Civ.Code §§ 1565 and 1670.5. Sprint contends that these are contract provisions that may not serve as the basis for an "unlawful" business act or practice, and request that the citation to these sections of the California Civil Code be stricken. Sprint is correct with respect to § 1565, which provides the elements of consent for purposes of a contract. This section does not proscribe any behavior, and as such, cannot serve as the basis for an unlawful business act or practice. Section 1670.5, however, addresses an unconscionable contract or clause of a contract, finding unconscionability as a matter of law, and remedies. A claim for unlawful business act or practice could conceivably be based upon the unconscionability section of the California Civil Code. *See National Rural Telecommunications Cooperative v. DirecTV, Inc.*, 319 F. Supp. 2d 1059 (C.D. Cal. 2003)(citing *Bondanza v. Peninsula Hosp. and Med. Center*, 23 Cal. 3d 260, 266 (1979). Reliance on an unconsionability section of the California Civil Code is distinguishable from the facts in *In re Microsoft Cor. Antitrust Litigation*, 274 F.Supp 2d 747 (D.Md. 2003), in which the district court of Maryland concluded that common law breach of contract and breach of the covenant of good faith could not be relied upon to establish the "unlawful" prong of the UCL.

The court should grant Sprint's motion to strike Cal.Civ.Code § 1565 as providing a basis a claim of unlawful business act or practice, in violation of Business and Professions Code § 17200, *et seq.*; and should deny the motion with regard to Sprint's request that the court strike Cal.Civ.Code § 1670.5 as a basis for a claim of unlawful business act or practice, in violation of Business and Professions Code § 17200, et seq.

**2. Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq* (CLRA)**

Sprint moves to dismiss plaintiffs' claims under the CLRA because plaintiffs failed to follow the procedure set forth in Cal.Civ. Code § 1782(a) by giving Sprint at least 30 days to correct the violations before filing suit.

The threshold issue is whether the issue regarding prefiling notice is appropriate to resolve on a motion to dismiss or whether the court should convert this issue to a motion for summary judgment.

In *Cattie v. Wal-Mart Stores, Inc*. v. 504 F.Supp.2d 939, 949-950 (S.D.Cal. 2007), the district court for the Southern District of California concluded that the notice requirement of the CLRA should be resolved on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), noting that "[t]he CLRA's notice requirement

is not jurisdictional, but compliance with this requirement is necessary to state a claim." *See Outboard Marine Corp. v. Superior Court,* 52 Cal.App.3d 30, 40-41, 124 Cal.Rptr. 852 (1975) (addressing failure to give notice under demurrer standard); *Laster v. T-Mobile U.S.A., Inc.,* 407 F.Supp.2d, 1181, 1195-96 (dismissing CLRA damages claim with prejudice under Rule 12(b)(6) for failing to comply with notice requirements)*; Von Grabe v. Sprint,* 312 F.Supp.2d 1285, 1304 (S.D.Cal.2003 (dismissing premature claims for damages with prejudice).

A court may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Where the documents are not physically attached to the complaint, they may be considered if the documents' "authenticity ... is not contested" and "the plaintiff's complaint necessarily relies" on them." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)) (quoting *Parrino v. FHP, Inc.,* 146 F.3d 699, 705-06 (9th Cir. 1998)). Sprint has requested that the court take judicial notice of the November 20, 2007, letter from Mr. Taylor to Sprint (Dkt. 12-3, at 5-7). Plaintiffs have requested that the court take judicial notice of two January 4, 2008 letters from Sprint's counsel to plaintiffs' counsel (Dkt. 18-2, at 4-6); and the January 8, 2008 letter from plaintiffs' counsel to Sprint's counsel (Dkt. 18-2, at 8-10). The authenticity of these documents is not contested and the complaint necessarily relies on them. Accordingly, the court has considered these documents in connection with this motion to dismiss and has not converted this motion to a motion for summary judgment. The issue of the adequacy of notice under the CLRA is ripe for decision.

Cal.Civ.Code § 1750(a) lists unfair methods of competition and unfair or deceptive acts or practices, and provides that these methods and acts, undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful. Plaintiffs allege that defendants violated the following provisions of Section 1750(a):

(2) Misrepresenting the source, sponsorship, approval, or certification of goods or services.

****************
(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have.

****************
(9) Advertising goods or services with intent not to sell them as advertised.

****************
(14) Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

****************
(16) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

****************
(19) Inserting an unconscionable provision in the contract.

Dkt. 9, at 20-21.

Cal.Civ.Code § 1780(a) provides for the following relief:

(a) Any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against that person to recover or obtain any of the following:

(1) Actual damages, but in no case shall the total award of damages in a class action be less than one thousand dollars ($1,000).

(2) An order enjoining the methods, acts, or practices.

(3) Restitution of property.

(4) Punitive damages.

(5) Any other relief that the court deems proper.

Before damages may be sought under the CLRA, the plaintiff must satisfy the CLRA'S pre-filing notice requirement. The CLRA requires that, at least 30 days before filing a complaint for its violation, the consumer send written notice, by certified or registered mail, return receipt requested, to the person alleged to have violated the CLRA, indicating the particular violation alleged and demanding correction or rectification of the violations. (Cal.Civ.Code, § 1782 (a)).

"The purpose of the notice requirement of [Civil Code] section 1782 is to give the manufacturer or vendor sufficient notice of alleged defects to permit appropriate corrections or replacements. The notice requirement commences the running of certain time constraints upon the manufacturer or vendor within which to comply with the corrective provisions. The clear intent of the act is to ... establish a limited period during which such settlement may be accomplished. This clear purpose may only be accomplished by a literal application of the notice provisions." *Outboard Marine Corp. v. Superior Court* , 52 Cal.App.3d 30, 40-41 (1975)(fn. omitted.).

Sprint contends that plaintiffs served a demand letter on defendants on November 20, 2007, one

day before filing this civil complaint, which included a claim for damages. Sprint contends that the claim for damages under the CLRA should be dismissed and that ¶ 61 of the amended complaint should be stricken.

The original complaint, filed November 21, 2007, alleged as follows:

60. In compliance with the provisions of California Civil Code § 1782, plaintiff is giving written notice to Sprint Nextel of the intention to seek damages under California Civil Code § 1750, *et seq.*, unless Sprint Nextel provides an appropriate correction or refund plus interest and other appropriate relief to all Class members entitled to relief under the CLRA.

61. If Sprint Nextel fails to provide such relief and adequately respond to the demand to stop charging such fees *in toto*, provide clear and unambiguous notice of the change, pay refunds and interest and otherwise rectify the wrongful conduct described above on behalf of all Class members who may be entitled to relief under the CLRA, plaintiff will seek an award of all actual and exemplary damages permitted for violation of the CLRA, including for statutory damages of $1,000 and/or up to $5,000 per consumer who qualify as a "senior citizen" under the CLRA. The Class members are presently entitled to and plaintiff seeks, pursuant to California Civil Code § 1780(a)(2), an order enjoining the above-described wrongful acts and practices of defendants, providing restitution to all members of the Class who are so entitled, ordering the payment of costs and attorneys' fees, and such other relief as deemed appropriate and proper by the Court under California Civil Code § 1780.

Dkt. 1, at 21. The original complaint included as part of the prayer for relief the following: "For actual, direct, incidental, consequential, statutory and exemplary damages, as appropriate for the particular Causes of Action." Dkt. 1, at 26. The amended complaint includes the same prayer for relief. Dkt. 9, at 26.

In the amended complaint, filed January 2, 2008, plaintiffs alleged as follows:

60. In compliance with the provisions of California Civil Code § 1782, plaintiff is giving written notice to Sprint Nextel of the intention to seek damages under California Civil Code § 1750, *et seq.*, unless Sprint Nextel provides an appropriate correction or refund plus interest and other appropriate relief to all Class members entitled to relief under the CLRA.

61. As Sprint Nextel failed within 30 days of receipt of such notice to provide such relief and adequately respond to the demand to stop charging all the fees identified herein *in toto*, provide clear and unambiguous notice of the change, pay refunds plus interest, and otherwise rectify the wrongful conduct described above on behalf of all Class members who may be entitled to relief under the CLRA, plaintiff Taylor seeks an award of all actual and exemplary damages permitted for violation of the CLRA, including for statutory damages of $1,000 and/or up to $5,000 per consumer who qualify as a "senior citizen" under the CLRA. The Class members are presently entitled to and plaintiff seeks, pursuant to California Civil Code § 1780(a)(2), an order enjoining the above-described wrongful acts and practices of defendants, providing restitution to all members of the Class who are so entitled, ordering the payment of costs and attorneys' fees, and such other relief as deemed appropriate and proper by the Court under California Civil Code § 1780.

Dkt. 9, at 21.

Plaintiff maintain that (1) at the time they filed the original complaint, they believed that they would need to seek immediate injunctive relief, "which we were later able to resolve, at least in part, with Sprint" (Dkt. 18, at 5); (2) that the original complaint did not seek damages under the CLRA but informed Sprint that, if Sprint failed to provide the full response the demand letter demanded, the complaint would be

1    amended to seek actual, punitive and statutory damages; and (3) in any event, Sprint did not correct the

2    deficiencies within thirty days, as requested in the demand letter; and (4) even if damages were not

3    permitted, a claim for restitution would stand.  Dkt. 18.

4         The complaint and amended complaint allege that UCAN attempted to "informally resolve" billing

5    issues with Sprint on June 22, 2007.  Dkt. 1, at 13 and Dkt. 9, at 13.  Sprint submitted, as part of this

6    motion, a copy of a November 20, 2007 letter, referencing the requirements of Cal.Civ.Code, § 1782 (a).

7    Dkt. 12-3, at 5-7.  Sprint also provided a copy of January 8, 2008 letter from plaintiffs' counsel to Sprint's

8    counsel, stating that "[y]our procedural claim about the CLRA is in error.  Mr. Taylor and UCAN had

9    made several pre-litigation demands that went unanswered; the letter Sprint received merely summarized

10   these demands."  Dkt. 18-2, at 9.

11        Plaintiffs' arguments regarding the timeliness of the demand letter and filing of the complaint are

12   unavailing.  Neither the complaint nor the amended complaint alleged that plaintiffs had given the proper

13   notice under the CLRA.  *See Von Grabe v. Sprint PCS*, 312 F.Supp.2d 1285, 1303-1304.  The original and

14   amended complaints do not allege that the "informal" attempts to resolve the issue before the lawsuit was

15   filed referenced Cal.Civ.Code § 1770 or any specific violations of the CLRA, as was the case in *Stickrath*

16   *v. Globalstar, Inc.,* 527 F.Supp. 992, 1001-02 (N.D.Cal. 2007)(notice that did not strictly comply with

17   requirements of Section 1782(a), were nonetheless adequate where violations of CLRA were explicitly

18   alleged). Further, Sprint's January 8, 2008 letter from plaintiffs' counsel to Sprint's counsel did not state or

19   otherwise indicate that plaintiffs had referenced any specific violations of the CLRA in their "several pre-

20   litigation demands."

21        The CLRA requires a prefiling notice before a plaintiff files a civil complaint seeking damages

22   under the CLRA.  The notice is required so that the parties can, in good faith, attempt to resolve the issues

23   by settlement, thus obviating the need to pursue claims by means of a civil action.  Although the prefiling

24   notice is required only if a plaintiff seeks damages, settlement regarding damages would more than likely

25   obviate, or at least severely limit, any CLRA claims for injunctive relief, restitution, and other equitable

26   remedies.  The prefiling notice serves to *avoid* litigation, not to put additional pressure on a defendant

27   during the course of litigation. Even though plaintiffs did not ultimately reach complete agreement with

28   Sprint on all the issues raised by plaintiffs in their CLRA demand letter, Sprint should have been afforded

the opportunity to attempt to resolve those issues before litigation was instituted. Threatening to sue for damages in a complaint, and then doing so in an amended complaint, does not serve the purposes of prefiling notice. *See Cattie v. Wal-Mart Stores, Inc*. v. 504 F.Supp.2d at 950 ("Permitting Plaintiff to seek damages first and then later, in the midst of a lawsuit, give notice and amend would destroy the notice requirement's utility, and undermine the possibility of early settlement."). Further, although plaintiffs contend that, at the time they filed this lawsuit, they thought they might need to seek "immediate injunctive relief," obtaining injunctive relief, after affording due process to all parties, would likely have taken at least thirty days. The CLRA claim for damages should be dismissed on the basis that plaintiffs did not comply with the prefiling notice requirements of Cal.Civ.Code, § 1782 (a); the claim for damages in ¶ 61 of the amended complaint should be dismissed; plaintiffs' claim for damages, set forth in ¶ 61 of the amended complaint should be stricken.

Sprint requests that the court dismiss the CLRA claim for restitution, because it is essentially the same as a claim for damages. While the claim for damages and restitution are overlapping to some extent, they are identified as separate forms of relief Cal.Civ.Code § 1780(a). Prefiling notice is not required for a CLRA claim for restitution. Accordingly, the claim for restitution under the CLRA may proceed.

**3. Claim for Violation of the Federal Communications Act (FCA), 47 U.S.C. § 201(b)**

Sprint contends that plaintiffs have not complied with Fed.R.Civ.P. 8's requirement that a claim be set forth in a short and plain statement of the claim showing that the pleader is entitled to relief.

In the Fifth Cause of Action, plaintiffs allege as follows:

68. Section 201(b) of the Federal Communications Act requires: "All charges, practices, classifications, and regulations for and in connection with interstate communications by radio shall be just and reasonable, and any such charge, practice, classification, or regulation that is unjust or unreasonable is declared to be unlawful."

69. Sprint Nextel's practice of collecting the charges set forth in detail above, and refusing to return such monies and/or disseminating bills that do not provide accurate information to customers as required by law, was unjust and unreasonable and in violation of §201(b) of the Federal Communications Act, 47 U.S.C. §201(b).

70. Pursuant to FCC Declaratory Ruling 22 F.C.C.R. 5901, information services are not subject to the title II provisions of the Federal Communication Act. As such, Class members are exempt from paying any Title II obligations. Any charges associated with "telecommunications services" charged to data services only customers are unjust and unreasonable, as are any charges that are the result of "cramming" such as the SMS text message charges at issue herein.

71. Members of the Class suffered damages and will continue to suffer damages as a result of the above-described violations and Sprint Nextel's failure to refund previously collected monies, in an

amount to be determined at trial.

72. Pursuant to, *inter alia*, §§206 and 207 of the Federal Communication Act, 47 U.S.C. §§ 206 and 207, members of the Class are entitled to recover the full amount of damages sustained due to Sprint Nextel's above-described violations and obtain appropriate injunctive relief, together with reasonable attorneys' fees and costs.

Dkt. 9, at 23-24.

The court is unable to determine the basis for plaintiff's FCA claim. In the court's April 15, 2008 order denying Sprint's request that this claim be referred to the FCC, the court concluded as follows:

At this point, the court cannot determine whether there is an issue or issues that are within the jurisdiction of the FCC, or issues that require expertise or uniformity in administration. It is unclear to the court, at this stage, what questions and issues would be presented to the FCC for determination. For example, plaintiffs appear to assert a contradictory basis for the FCC claim, by claiming that certain charges to customers who obtained data service or data card plans were improperly applied because these plans are excluded from the requirements of 47 U.S.C. § 201, while also claiming that these charges are not "just and reasonable," as required by 47 U.S.C. § 201(b). At this point, a referral to the FCC is not warranted. Such a referral, however, may be appropriate at some point, after the issues are clarified. The court should deny without prejudice Sprint's motion to refer the FCA claim to the FCC on the basis of primary jurisdiction. Sprint's request that the court stay claims other than the FCA claim is moot.

Dkt. 26, at 7-8.

The court concurs with Sprint that plaintiffs' FCA claim is not pled with sufficient particularity in order for Sprint to file an answer to the allegations. Plaintiffs should be required to provide a more definite statement, connecting facts with violations of the specific sections of the FCA, and the basis upon which plaintiffs are claiming that those facts violate the FCA.

**4. Conversion**

In the amended complaint, plaintiffs allege that, as result of misleading billing statements and demands for payment, plaintiffs transferred money to defendants when defendants were not entitled to that money. Dkt. 9, at 25. Plaintiffs allege that Sprint wrongfully received and retained money and refused to return all of it, with interest.

Sprint contends that a claim for refund of an overpayment cannot form the basis of a conversion claim, where, as here, there is no fiduciary relationship between the parties.

Conversion is the wrongful exercise of dominion over the property of another. 43 Cal.App.4th 539, 451 (1996). The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages. *Id.* It is not necessary that there be a manual taking of the property; it is only necessary to show an assumption of control or ownership over the property, or that the alleged converter has applied the property to his own use. Id. at 451-52. Money can be the subject of an action for conversion if a specific sum capable of identification is involved. *Weiss v. Marcus,* 51 Cal.App.3d 590, 599 (1975).

As a general rule, "where the relationship of debtor and creditor only exists, conversion of the funds representing the indebtedness will not lie against the debtor, unless he holds the deposit in a fiduciary capacity and is bound to return" the money to the owner. *Watson v. Stockton Morris Plan Co*, 34 Cal.App.2d 393, 403 (1939). A claim for conversion may be stated when there is a special relationship between the parties where the defendant has a duty to retain or apply funds on the plaintiff's behalf. *See Fischer v. Machado*, 50 Cal.App.4th 1069, 1072 (1996)(when agent required to turn over to principal a definite sum received by agent on behalf of principal, remedy of conversion proper); *Chazen v. Centennial Bank*, 61 Cal.App.4th 532, 543 (1998)(conversion proper in claim against bank for disbursements from money held in trust accounts); *Haigler v. Donnelley*, 18 Cal.2d 674, 681 (1941)(conversion claim proper against real estate broker who refused to turn over funds paid by tenant to broker for benefit of plaintiffs). Further, in *McKell v. Washington Mutual, Inc.*, 142 Cal.App.4th 1457, 1491-92, in an action by borrowers against a lender, the California Court of Appeals noted that "[p]laintiffs cite no authority for the proposition that a cause of action for conversion may be based on an overcharge."

Plaintiffs have not stated a claim for conversion. Sprint's motion to dismiss this claim should be granted and the claim should be dismissed.

### 5. Cramming under California Public Utility Code § 2890

The amended complaint alleges that Sprint violated Cal.Pub.Util.Code § 2890, which requires, under Section (a) that "[a] telephone bill may only contain charges for products or services, the purchase of

which the subscriber has authorized." Dkt. 9, at 26. The amended complaint alleges that certain charges were not proper. *Id.*

Sprint maintains that this claim should be dismissed because the claim is inconsistent with plaintiffs' claims that they received information services, not telephone services. Plaintiffs contend that the monthly bill sent by Sprint is a telephone bill; that Sprint's Terms and Conditions of Service apply uniformly to all services provided by Sprint; that certain of the charges are either "an invisible telecommunication service they did not authorize or taxes, fees, and surcharges that are improperly assessed to Mobile Broadband Internet Data Plans as an 'information service'." Dkt. 18, at 12.

It is unclear at this point whether the requirements of California Public Utility Code § 2890 apply to the bills and services Sprint provided to plaintiffs. Plaintiffs have stated an arguable claim for relief. Sprint's motion to dismiss the cramming claim under Cal.Pub.Util.Code § 2890 should be denied.

**6. Punitive Damages**

Plaintiffs' prayer for relief includes punitive ("exemplary") damages pursuant to the CLRA and conversion claims. Dkt. 9, at 21 and 26. Sprint requests that the court strike plaintiffs' claim for punitive damages. Plaintiffs' damages claims under the CLRA and for conversion are dismissed by this order. Accordingly, the claim for punitive damages should be stricken.

Therefore, it is hereby

**ORDERED** that Defendants' Motion to Dismiss and, Alternatively, Motion to Strike (Dkt. 12) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Sprint's motion to strike Cal.Civ.Code § 1565 as providing a basis a claim of unlawful business act or practice, in violation of Business and Professions Code § 17200, *et seq.* is **GRANTED**, and § 1565 is **STRICKEN** from ¶ 14 of the amended complaint. Sprint's motion to strike Cal.Civ.Code § 1670.5 as a basis for a claim of unlawful business act or practice, in violation of Business and Professions Code § 17200, et seq. is **DENIED**, and that claim may proceed.

2. Sprint's motion to dismiss plaintiffs' CLRA claim for damages is **GRANTED**. The CLRA claim for damages is **DISMISSED** on the basis that plaintiffs did not comply with the prefiling notice requirements of Cal.Civ.Code, § 1782 (a), and the claim for damages in ¶ 61 of the amended complaint is

**STRICKEN**. Sprint's request that the court strike plaintiffs' claim for restitution is **DENIED**, and that claim may proceed.

3. Sprint's motion to dismiss plaintiffs' claim under the FCA, 47 U.S.C. §201(b), or, in the alternative, for a more definite statement is **GRANTED** insofar as plaintiffs are **ORDERED** to provide, forthwith, a more definite statement, connecting facts with violations of the specific sections of the FCA, and the basis upon which plaintiffs are claiming that those facts violate the FCA. Sprint's motion to dismiss the FCA claim outright is **DENIED**.

4. Sprint's motion to dismiss plaintiffs' claim for conversion is **GRANTED**, and this claim is **DISMISSED**.

5. Sprint's motion to dismiss the cramming claim under Cal.Pub.Util.Code § 2890 is **DENIED**.

6. Sprint's motion to dismiss plaintiffs' claim for punitive damages **GRANTED** and this claim is **DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 25th day of April, 2008.

Robert J. Bryan
United States District Judge