JAMES J. MITTERMILLER, Cal. Bar No. 85177
jmittermiller@sheppardmullin.com
FRANK J. POLEK, Cal. Bar No. 167852
fpolek@sheppardmullin.com
JOHN C. DINEEN, Cal. Bar No. 222095
jdineen@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone: 619-338-6500
Facsimile: 619-234-3815

Attorneys for Defendants
SPRINT SOLUTIONS, INC. and SPRINT
SPECTRUM L.P.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UTILITY CONSUMERS' ACTION NETWORK and ERIC TAYLOR, on behalf of themselves, their members and/or all others similarly situated, as applicable,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT SOLUTIONS, INC.; and SPRINT SPECTRUM L.P.;<br><br>Defendants. | Case No. 07 CV 2231 RJB<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>**[F.R.C.P. 12(f)]**<br><br>Judge: Hon. Robert J. Bryan<br>Courtroom: To Be Assigned<br>Date: June 27, 2008<br>Time: 9:30 a.m. |

# TABLE OF CONTENTS

Page


I. INTRODUCTION ..... 1

II. LEGAL STANDARD ..... 2

III. PLAINTIFFS' SECOND AMENDED COMPLAINT INCLUDES ITEMS PREVIOUSLY DISMISSED AND STRICKEN BY THE COURT ..... 2

A. The Court Should Strike All References To "Exemplary" Damages In The Complaint And References To "Statutory" Damages Under The CLRA. ..... 2

B. The Court Should Strike All Allegations That UCAN Suffered An Injury ..... 5

IV. PLAINTIFFS' NEW ALLEGATIONS REGARDING FEES NOT INCLUDED IN THE FIRST AMENDED COMPLAINT ..... 6

A. The Court Should Strike All Allegations Regarding the "Regulatory" and "Administrative" Charges. ..... 7

B. Plaintiffs Have Failed to Name Any Class Representative For Their New "Claim." ..... 8

C. The Court Should Strike All Allegations Regarding Sherman and Friedrich As They Are Not Data Card Customers ..... 8

V. CONCLUSION ..... 9

# TABLE OF AUTHORITIES

Statutes

Cal. Civ. Code § 1750 .......... 3
Cal. Civ. Code § 1780 .......... 3
Cal. Civ. Code § 1780(a)(2) .......... 3
Cal.Civ.Code, § 1782(a) .......... 2, 3
Fed. Rule of Civ. Proc. 12(f) .......... 1, 2

Defendants Sprint Solutions, Inc. and Sprint Spectrum L.P. (collectively "Sprint") hereby submit their memorandum of points and authorities in support of their motion, pursuant to F.R.C.P. 12(f), to strike portions of the Second Amended Complaint filed by Plaintiffs Utility Consumers' Action Network ("UCAN") and Eric Taylor ("Taylor").

**I.**

**INTRODUCTION**

On April 25, 2008, this Court granted Sprint's motion to dismiss and to strike in part, denied the motion in part and directed Plaintiffs to file a more definite statement as to their claim for violation of the Federal Communications Act ("FCA"), "connecting facts with violations of specific sections of the FCA, and the basis upon which plaintiffs are claiming that those facts violate the FCA." Order, dated April 25, 2008. The Court did not grant Plaintiffs leave to amend to include new claims. Thereafter, on May 9, 2008, Plaintiffs filed a Second Amended Complaint. Counsel for the parties have met and conferred regarding the Second Amended Complaint and have reached agreement as to certain issues, but certain issues remain that should be resolved by the Court.

Pursuant to Federal Rule of Civil Procedure 12(f) Sprint requests that the Court strike (1) Plaintiff's allegations that have already been addressed by the Court's prior rulings; and (2) the new allegations regarding "regulatory" and "administrative" fees not included in the previous complaints.

## II.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(f), the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiffs' Second Amended Complaint contains immaterial and impertinent matters that should be stricken.

## III.

## PLAINTIFFS' SECOND AMENDED COMPLAINT INCLUDES ITEMS PREVIOUSLY DISMISSED AND STRICKEN BY THE COURT

### A. The Court Should Strike All References To "Exemplary" Damages In The Complaint And References To "Statutory" Damages Under The CLRA.

The Court has ruled that Plaintiffs' claims and allegations seeking punitive and statutory damages should be dismissed and stricken. In its April 25, 2008 Order the Court held:

> "The CLRA requires a prefiling notice before a plaintiff files a civil complaint seeking damages under the CLRA. The notice is required so that the parties can, in good faith, attempt to resolve the issues by settlement, thus obviating the need to pursue claims by means of a civil action. Although the prefiling notice is required only if a plaintiff seeks damages, settlement regarding damages would more than likely obviate, or at least severely limit, any CLRA claims for injunctive relief, restitution, and other equitable remedies. The prefiling notice serves to *avoid* litigation, not to put additional pressure on a defendant during the course of litigation. Even though plaintiffs did not ultimately reach complete agreement with Sprint on all the issues raised by plaintiffs in their CLRA demand letter, Sprint should have been afforded the opportunity to attempt to resolve those issues before litigation was instituted. Threatening to sue for damages in a complaint, and then doing so in an amended complaint, does not serve the

> purposes of prefiling notice." (Order, dated April 25, 2008, pp. 8-9.)

Further, the Court ruled that: "Plaintiffs' damages claims under the CLRA and for conversion are dismissed by this Order. Accordingly, the claim for punitive damages should be stricken." Order, dated April 25, 2008 at p. 12. The Court further ruled that:

> "Sprint's motion to dismiss plaintiffs' CLRA claim for damages is **GRANTED**. The CLRA claim for damages is **DISMISSED** on the basis that plaintiffs did not comply with the prefiling notice requirements of Cal.Civ.Code, § 1782(a), and the claim for damages in ¶ 61 of the amended complaint is **STRICKEN**." (Order, dated April 25, 2008 at p. 12-13.)

However, the Second Amended Complaint includes allegations regarding damages under the CLRA. In paragraphs 66 and 67 of the Second Amended Complaint Plaintiffs allege:

> 66. In compliance with the provisions of California Civil Code § 1782, plaintiffs gave written notice to Sprint Nextel of the intention to seek damages under California Civil Code § 1750, *et seq*., unless Sprint Nextel timely provided an appropriate correction or refund plus interest and other appropriate relief to all Class members entitled to relief under the CLRA.
>
> 67. Sprint Nextel failed within 30 days of receipt of such notice to provide such relief and adequately respond to the demand to stop charging all the fees identified herein *in toto*, provide clear and unambiguous notice of the change, pay refunds plus interest, and otherwise rectify the wrongful conduct described above on behalf of all Class members who may be entitled to relief under the CLRA. The Class members are entitled to and plaintiff Taylor seeks, pursuant to California Civil Code § 1780(a)(2), an order enjoining the above-described wrongful acts and practices of defendants, providing restitution to all members of the Class who are so entitled, ordering the payment of costs and attorneys' fees, and such other relief as deemed appropriate and proper by the Court under California Civil Code § 1780. *Plaintiff Taylor hereby preserves the right to later seek an award of all actual and exemplary damages permitted for violation of the CLRA, including for statutory damages of $1,000 and/or up to $5,000*

*per consumer who qualifies as a "senior citizen" under the CLRA*. (SAC, ¶¶ 66-67 [emphasis added].)

Counsel for the parties have discussed this issue and Plaintiffs' counsel has explained that Plaintiffs are seeking "exemplary" or "punitive" damages with respect to their FCA and cramming claims, but not their CLRA claim. However, it appears from the face of the complaint that Plaintiffs are seeking "exemplary" damages under their CLRA claim, and not under the FCA or cramming claims. Indeed, Plaintiffs cannot recover "exemplary" damages for their FCA or cramming claims. Accordingly, Sprint requests that all references to "exemplary" damages should be stricken from the Second Amended Complaint. In addition to the references in paragraphs 66 and 67 quoted above, those references include:

(1) In paragraph 17, Plaintiffs allege that they seek "common measures of economic, compensatory, *exemplary* and/or statutory damages." SAC, ¶ 17;

(2) In paragraph 18(o), Plaintiffs allege that one of the "common questions of law and fact" is "whether Class members are entitled to payment of equitable monetary relief, actual, incidental, consequential, *exemplary* and/or statutory damages, plus interest thereon." SAC, ¶ 18(o) (p. 8, lns. 24-25) [emphasis added];

(3) In paragraph 19, Plaintiffs refer to "the right of each member of the Class to payment of . . . *exemplary* and/or statutory damages or equitable monetary relief . . . ." SAC, ¶ 19 (p. 9, lns. 7-8) [emphasis added]; and

(4) In the prayer for relief Plaintiffs request "exemplary damages." SAC, Prayer for Relief ¶ (3) (p. 29., ln. 16).

Sprint also requests that the Court strike the term "statutory" damages from paragraphs 66 and 67 as the Court has already ruled that Plaintiffs failed to comply with the prefiling notice provisions of the CLRA.

**B. <u>The Court Should Strike All Allegations That UCAN Suffered An Injury.</u>**

In the Court's April 15, 2008 Order it held that:

> "In this case, UCAN has not alleged a sufficient injury in fact, fairly traceable to Sprint's conduct, sufficient to satisfy the requirements for Article III standing. The allegedly unlawful charges at issue were made on bills between Sprint and its customers. UCAN has not alleged a direct relationship between that organization and Sprint. UCAN's decision to expend resources to investigate Sprint's conduct – conduct related to individuals who were Sprint's customers – is an attempt to boostrap its costs onto claims of its members. UCAN has not shown that it has suffered injury in fact sufficient to establish Article III standing." (Order, dated April 15, 2008 at p. 4.)

Despite the Court's order, UCAN continues to claim that it has standing in its own right to pursue the claims for relief alleged in the Second Amended Complaint. UCAN alleges that "either it or one of its members have lost money or property or had their rights infringed upon as a result of the acts and practices here at issue." SAC, ¶ 1 (p.2, lns. 6-7). UCAN also persists in its allegation that it "has lost and diverted staff time and resources from other clients and causes investigating the claims asserted herein and in an attempt to resolve the allegations at issue herein. UCAN thus brings this action acting on behalf of itself and its members and seeks all such remedies that it is entitled to in that capacity." SAC, ¶ 10(a) (p. 4, lns. 25-28).

These allegations are in direct contravention of the Court's previous orders and the Court should (again) strike them.

## IV.

## PLAINTIFFS' NEW ALLEGATIONS REGARDING FEES NOT INCLUDED IN THE FIRST AMENDED COMPLAINT

Plaintiffs have also included new allegations in their Second Amended Complaint completely unrelated to those in the earlier versions of their complaint without first obtaining leave to amend.

Plaintiffs' original and first amended complaint alleged that "Sprint improperly included taxes, fees and other charges on monthly invoices to customers who obtained *data service* or *data card plans* from Sprint, and improperly charged these customers for text messages." Order, dated April 15, 2008 at p. 1 [emphasis added]; *see* SAC, ¶¶ 27, 29. Plaintiffs' Second Amended Complaint continues to contend that the lawsuit relates to data card customers: "Plaintiffs bring this action on behalf of . . . [a]ll individual persons or entities in California and all other states as the Court may determine to be appropriate who have obtained *data transmission services* from Sprint Nextel and were billed for amounts not properly imposed on their accounts at any time during the relevant time period[.]" SAC, ¶ 14; see also SAC, ¶ 27 ("the Class members' accounts are for data transmission services . . .").

However, the Second Amended Complaint adds new allegations that appear to extend beyond data card customers. Counsel for the parties have met and conferred regarding this issue and Plaintiffs' counsel has represented that the class continues to consist of data card customers only. Because the allegations are vague on their face, and appear broader than data card customers, Sprint requests that the Court strike them as immaterial and impertinent. *See* SAC, ¶ 14 (p. 6, lns. 16-19).

**A. <u>The Court Should Strike All Allegations Regarding the "Regulatory" and "Administrative" Charges.</u>**

The parties have not reached an agreement with respect to Plaintiffs' new allegations regarding a "regulatory" and "administrative" charge.

Without leave to amend their complaint, Plaintiffs included a new "sub-class" consisting of "all individual persons and entities who either desired to cancel Sprint Nextel service without penalty or had to expend time and resources attempting to cancel service during the cancellation window provided under the Terms and Conditions of Service effective January 1, 2008." SAC ¶ 14 (p. 6, lns. 14-19). Plaintiffs also now allege:

> "In January 2008, Sprint Nextel cancelled the remaining telecommunications-related charges and began to impose a new 'administrative fee' and 'regulatory fee[.]' In so doing, by its Terms and Conditions of Service, Sprint Nextel opened up a limited window for Sub-Class 3 members to cancel service without incurring any Early Termination Fees ("ETF") based on the imposition of these two new charges. However Sprint Nextel did not adequately advise its customers of this opportunity. Even when consumers contacted Sprint Nextel to inquire about this option they were given misleading information, Sprint Nextel's customer service representatives did not recognize this right to cancel unless consumers complained, had their call escalated, or UCAN intervened, or simply refused to recognize consumers' right to cancel without agreeing to waive any ETFs. These class members have been injured as a result thereof." (SAC, ¶ 35, p. 14, ln. 23 – p. 15, ln. 4.)

These claims are completely unrelated to those asserted in the earlier versions of the complaint. The Court did not grant Plaintiffs leave to allege these new claims – that are essentially a new lawsuit. Accordingly, the Court should strike paragraphs 7, 14, 35, 59 (p. 21, lns. 21-25), 69 (p. 24, lns. 10-13), and 72 b. of the Second Amended Complaint.

**B. <u>Plaintiffs Have Failed to Name Any Class Representative For Their New "Claim."</u>**

An additional defect with Plaintiffs' new allegations is that they fail to name any class representative, whose claims are typical, for the new allegations. Plaintiffs have not alleged that Mr. Taylor ever attempted to cancel his service, or that Sprint refused to allow him to cancel his contract without incurring an ETF. Therefore, Mr. Taylor cannot serve as class representative for these new claims. Further, Plaintiffs' allegations regarding Sarah Sherman and Carla Friedrich are irrelevant as Plaintiffs do not allege either was a data card customer.

**C. <u>The Court Should Strike All Allegations Regarding Sherman and Friedrich As They Are Not Data Card Customers</u>**

Plaintiffs include a number of irrelevant allegations regarding the experiences of Ms. Sherman and Ms. Friedrich in attempting to cancel the contracts for their cellular telephone service without incurring an ETF. *See* SAC, ¶¶ 36-41. Plaintiffs do not allege that Sherman or Friedrich are data card customers. Therefore, these allegations have nothing to do with this lawsuit and should be stricken.

V.

**CONCLUSION**

For the foregoing reasons, Sprint requests the Court grant its motion to strike the portions of the Plaintiffs' Second Amended Complaint set forth in its Notice of Motion and Motion to Strike.

Dated: May 23, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ James J. Mittermiller
JAMES J. MITTERMILLER

Attorneys for Defendants
SPRINT SOLUTIONS, INC. and SPRINT SPECTRUM L.P.
E-mail: jmittermiller@sheppardmullin.com