JAMES J. MITTERMILLER, Cal. Bar No. 85177
jmittermiller@sheppardmullin.com
FRANK J. POLEK, Cal. Bar No. 167852
fpolek@sheppardmullin.com
JOHN C. DINEEN, Cal. Bar No. 222095
jdineen@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone: 619-338-6500
Facsimile: 619-234-3815

Attorneys for Defendants
SPRINT SOLUTIONS, INC. and SPRINT
SPECTRUM L.P.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UTILITY CONSUMERS' ACTION NETWORK and ERIC TAYLOR, on behalf of themselves, their members and/or all others similarly situated, as applicable,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT SOLUTIONS, INC.; and SPRINT SPECTRUM L.P.;<br><br>Defendants. | Case No. 07 CV 2231 RJB<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>**[F.R.C.P. 12(b)(6)]**<br><br>Judge: Hon. Robert J. Bryan<br>Courtroom: To Be Assigned<br>Date: June 27, 2008<br>Time: 9:30 a.m. |

# TABLE OF CONTENTS

Page


I. INTRODUCTION .......... 1

II. PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR RELIEF UNDER THE FEDERAL COMMUNICATIONS ACT .......... 3

A. Plaintiffs Have Not Stated A Claim. .......... 3

B. Information Services Are Not Per Se Exempt. .......... 4

III. CONCLUSION .......... 6

# TABLE OF AUTHORITIES

Statutes

47 U.S.C. § 332(c)(1) .......... 4
F.C.A. § 201 .......... 5
F.C.A. § 201(b) .......... 4, 5
F.R.C.P. 8 .......... 1
F.R.C.P. 12(b)(6) .......... 1

Defendants Sprint Solutions, Inc. and Sprint Spectrum L.P. (collectively "Sprint") hereby submit their memorandum of points and authorities in support of their motion, pursuant to F.R.C.P. 12(b)(6), to dismiss the Fifth Cause of Action in the Second Amended Complaint filed by Plaintiffs Utility Consumers' Action Network ("UCAN") and Eric Taylor (collectively "Plaintiffs").

## I.

## INTRODUCTION

Sprint previously moved to dismiss Plaintiffs' First Amended Complaint ("FAC") and also sought a more definite statement of Plaintiff's Fifth Cause of Action for alleged violations of the Federal Communications Act ("FCA"). Sprint asserted that Plaintiffs' Fifth Cause of Action violated F.R.C.P. 8 because it was so vague and ambiguous that a cognizable cause of action could not be discerned. Specifically, the Fifth Cause of Action was unclear as to whether Plaintiffs claimed that wireless broadband Internet services were "telecommunications services" or "information services" under the FCA.

Concurrently with the motion to dismiss, Sprint moved to transfer the FCA claim to the Federal Communications Commission ("FCC") under the primary jurisdiction doctrine. Sprint asserted that Plaintiffs' claims under the FCA should be resolved by the FCC because the claim is exclusively within the jurisdiction of that agency. For the sake of uniformity of decision in this highly-specialized area of the law, Sprint argued, the claim should be addressed in that administrative forum.

On April 15, 2008, this Court denied Sprint's motion to transfer the claim to the FCC and to stay the balance of the case. The Court found the claim to be unclear as to exactly what would be referred to the FCC:

> At this point, the court cannot determine whether there is an issue or issues that are within the jurisdiction of the FCC, or issues that require expertise or uniformity in administration. It is unclear to the court, at this stage, what questions and issues would be presented to the FCC for determination. For example, plaintiffs appear to assert a contradictory basis for the FCC claim, by claiming that certain charges to customers who obtained data service or data card plans were improperly applied because these plans are excluded from the requirements of 47 U.S.C. § 201, while also claiming that these charges are not "just and reasonable," as required by 47 U.S.C. § 201(b). At this point, a referral to the FCC is not warranted. Such a referral, however, may be appropriate at some point, after the issues are clarified. The court should also deny without prejudice Sprint's motion to refer the FCA claim to the FCC on the basis of primary jurisdiction. Sprint's request that the court stay claims other than the FCA claim is moot.

Order, dated April 15, 2008 at 7:21 to 8:2.

On April 25, 2008, this Court ruled on Sprint's motion to dismiss and for a more definite statement. As to the FCA claim, the Court found that a more definite statement was warranted:

> The court concurs with Sprint that plaintiff's FCA claim is not pled with sufficient particularity in order for Sprint to file and answer to the allegations. Plaintiffs should be required to provide a more definite statement, *connecting facts with violations of the specific provisions of the FCA, and the basis upon which plaintiffs are claiming that those facts violate the FCA*.

Order, dated April 25, 2008 at 10:16-18 (emphasis added).

Plaintiffs filed their Second Amended Complaint ("SAC") on May 9, 2008. While other aspects of the SAC are addressed in Sprint's concurrently-filed Motion to Strike, with respect to the FCA claim there is little substantive difference between the FAC and the SAC. As will be shown below, Plaintiffs failed to "connect[] facts with violations of the specific provisions of the FCA," and did not set forth "the basis upon which

plaintiffs are claiming that those facts violate the FCA." Plaintiffs added only argument and more confusion, not *facts* justifying a statutory cause of action. The Fifth Cause of Action should be dismissed because Plaintiffs allege no facts giving rise to a violation of the FCA.

## II.

## PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR RELIEF UNDER THE FEDERAL COMMUNICATIONS ACT

### A. Plaintiffs Have Not Stated A Claim.

Even a cursory reading of the revised Fifth Cause of Action reveals that rather than "connecting facts with violations of the specific provisions of the FCA," Plaintiffs instead chose to add only multiple confusing paragraphs of legal argument in support of their claim.

Paragraphs 75, 76, 78 and 80 of the SAC are new. Each contains only legal argument. No new facts are alleged in them. Paragraph 77 is also new. It, too, contains mostly legal argument, but it also adds a legally-irrelevant argument regarding the alleged similarity of Sprint's invoices to its customers. Similarly, paragraph 79 is technically new, but merely repeats allegations from the First Amended Complaint regarding text messages (*see* FAC at ¶ 29). Plaintiffs appear to have abandoned their prior arguments about Truth-in-Billing regulations.

Plaintiffs failed to obey this Court's order to "connect[] facts with violations of the specific provisions of the FCA," and to set forth "the basis upon which plaintiffs are claiming that those facts violate the FCA." No new facts are alleged and no facts are connected to specific provisions of the FCA. The SAC contains no plain and simple

statement, identifying which of Sprint's specific business practices supposedly violate any portion of the FCA. No claim for relief has been stated.

**B. Information Services Are Not *Per Se* Exempt.**

The legal arguments improperly included in the SAC amount to nothing more than a *non-sequitur*. Plaintiffs' argument appears to be that Sprint is a "common carrier" because it provides telecommunications services to its customers. (SAC at ¶ 75.) According to Plaintiffs, different regulatory frameworks apply to "information services" on the one hand, and "telecommunications services" and "commercial mobile services" on the other. (SAC at ¶ 76.)

Plaintiffs then make the illogical leap to the crux of their claim, that *because* wireless broadband Internet services are not telecommunications services or commercial mobile services, information services customers are *per se* "exempt" from taxes and fees. Therefore, according to Plaintiffs, the imposition of taxes and fees upon wireless broadband Internet services customers is a *per se* violation of the § 201(b) FCA. (*Id.*)

In fact, nothing in the FCA, the FCC Declaratory Ruling cited by Plaintiffs, or "other FCC decisions" (SAC at ¶ 78) suggests that taxes on information services such as wireless broadband Internet access are illegal and thus a *per se* violation of the FCA. Plaintiffs are simply wrong. There is no basis for Plaintiffs' claim that imposition of such taxes and fees violates § 201(b).

Plaintiffs also seek to confuse the issues by referring to mobile communications services and 47 U.S.C. § 332(c)(1)(A). (SAC at ¶ 75-76.) That subsection merely states that providers of "mobile communications" services, as defined elsewhere in the FCA, may be treated as a common carrier, and that no FCC regulation

may exempt such a provider under, *inter alia,* § 201 of the FCA. The subsection has nothing to do with the instant allegations. It is a red herring.

In fact, Plaintiffs studiously avoid any allegation that the taxes and fees at issue, in and of themselves, are unjust or unreasonable under § 201(b). In fact, in Plaintiffs' opposition to Sprint's motion to dismiss the FAC, Plaintiffs stated, "Plaintiffs are not asking the Court to consider the amount or reasonableness of the charges." (Plaintiffs' Oppos. at 9:5-6.) Indeed, as those charges are expressly allowed and/or required for telecommunications services, they cannot be unjust and unreasonable. Rather, Plaintiffs argue that their imposition at all upon information services customers is unjust and unreasonable.

The logical extension of Plaintiffs' argument highlights its absurdity. Under Plaintiffs' theory, if Sprint sold other products or services completely unrelated to wireless communications or data transmission, and also charged one of the taxes or fees at issue here in addition to the sales price, Sprint would be in violation of the FCA. According to Plaintiffs, because Sprint is a common carrier, the FCA governs *all* aspects of Sprint's business. In other words, if Sprint sold lemonade to its retail store customers (in addition to cellular telephone service), then the FCA would govern the sale of that lemonade. The FCA does not say this, and it was never intended to reach that far.

Plaintiffs want to put a square peg in a round hole. They attempt to bootstrap simple allegations into a federal statutory claim under § 201 of the FCA. Plaintiffs make convoluted and meandering legal arguments to create the impression that the taxes and charges at issue are *per se* violations of the FCA. The Court should reject this claim.

## III.

## CONCLUSION

Plaintiffs failed to follow this Court's directive to "connect[] facts with violations of the specific provisions of the FCA," and they did not set forth "the basis upon which plaintiffs are claiming that those facts violate the FCA." Further, the allegations that are present do not state a cause of action. The Fifth Cause of Action should be dismissed with prejudice.

Dated: May 23, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ James J. Mittermiller
JAMES J. MITTERMILLER

Attorneys for Defendants
SPRINT SOLUTIONS, INC. and SPRINT SPECTRUM L.P.
E-mail: jmittermiller@sheppardmullin.com