Alan M. Mansfield (SBN 125998)
alan@rosnerandmansfield.com
John W. Hanson (SBN 214771)
john@rosnerandmansfield.com
ROSNER & MANSFIELD, LLP
10085 Carroll Canyon Road, Suite 100
San Diego, CA 92131
Tel: (858) 348-1005
Fax: (858) 348-1150

Attorneys for Plaintiffs

Art Neill (SBN 246717)
art@ucan.org
UTILITY CONSUMERS' ACTION NETWORK
3100 Fifth Ave., Suite B
San Diego, CA 92103
Tel: (619) 696-6966
Fax: (619) 696-7477

Attorneys for UCAN

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

**UTILITY CONSUMERS' ACTION NETWORK and ERIC TAYLOR, on behalf of themselves, their members and/or all others similarly situated, as applicable,**

**Plaintiffs,**

**v.**

**SPRINT SOLUTIONS, INC.; SPRINT SPECTRUM, L.P.; SPRINT-NEXTEL CORPORATION,**

**Defendants.**

Case No. 07 CV 2231 RJB

**CLASS ACTION**

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF SECOND AMENDED COMPLAINT**

**Date:** **June 27, 2006**
**Time:** **9:30 a.m.**
**Courtroom:** **Hon. Robert J. Bryan**

## I. INTRODUCTION

"[T]he function of a [F.R. Civ. P.] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 883 (9th Cir. 1983); *Citizen Legal Enforcement and Restoration v. Kempthorne,* 2007 U.S. Dist. LEXIS 70454, *6 (S.D. Cal. Sept. 24, 2007). That is neither the function nor the requested result of this motion to strike, as defendants Sprint Solutions, Inc. and Sprint Spectrum, L.P. ("Sprint") largely do not seek to eliminate a primary issue, a party or a claim for relief. Thus, even assuming this motion had any merit (which, as explained below, it does not), this motion will not avoid the expenditure of time and money. It is either fundamentally wrong or addresses limited issues that can be resolved if necessary at an appropriate time as the facts develop. This is therefore a paradigmatic "time waster" motion that courts should discourage. *Rosales v. Citibank*, 133 F.Supp.2d 1177, 1180 (N.D. Cal. 2001).

Because discovery cannot take place until the Second Amended Complaint ("Complaint") is at issue and/or the Court schedules an Early Neutral Evaluation or Case Management Conference under the Local Rules of this Court (*See* S.D. Cal. Loc. R. 16.1), this motion actually undermines the purpose underlying both Rule 12(f) and Rule 1 (the Rules "should be construed and administered to secure the just, speedy and inexpensive determination of every action and proceeding"). It causes unnecessary delay in the parties making their initial Rule 26(a) disclosures and in addressing issues such as class certification by permitting Sprint to improperly delay filing an Answer – even though the same claims, theories and parties will in large part remain irrespective of the outcome of this motion. It also needlessly increases the expenditure of time and money by focusing on tangential matters or issues that could be resolved in another context. Thus, the Court should order Sprint immediately file an Answer. *See RTC v. Ruggiero*, 994 F.2d 1221 (7th Cir. 1992) (frivolous Rule 12 motion should not buy defendant additional time to serve Answer).

As detailed below, Sprint fails to meet the high standards applicable to this disfavored motion, as the handful of allegations it focuses upon are non-prejudicial, relevant and have

bearing on the case as it develops. This motion should therefore be denied. The Court should also promptly set a Rule 16 scheduling conference. [1]

## II. SPRINT DOES NOT SATISFY THE HIGH STANDARD ON A MOTION TO STRIKE

### A. The Standards That Apply to this Motion Show Why it is Not Warranted Under the Existing Law Governing Such Motions

While Fed. R. Civ. Proc. 12(f) empowers the Court to "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter," a motion to strike can only be granted if Sprint meets its burden to show "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992); *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991). This is because Rule 12 motions to dismiss and strike are generally disfavored. *Gilligan v. Jamco Develop. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

For purposes of Sprint's motion to strike (as with the accompanying motion to dismiss), this Court must accept all "well-plead" facts as true. *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993). Further, this motion is only limited to considering that which is contained in the pleadings, and the allegations of the operative Complaint must be construed in the light most favorable to plaintiffs. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

Because plaintiffs are the masters of the Complaint, the Court should not involve itself in tampering with the Complaint absent a strong reason for doing so. *Lazar v. Trans Union LLC*,

---

[1] As detailed herein this motion will not reduce the claims or parties in this litigation. Even the accompanying motion to dismiss the Federal Communications Act claim is directed at only one of seven causes of action. Thus, prior to filing this motion plaintiffs' counsel suggested to counsel for Sprint that if it was truly interested in expediting the progress of this matter as it has claimed, it should file an Answer at the time it filed this motion. Sprint's counsel refused. Because the time is overdue for this case to proceed on the merits, having been delayed for over six months by a series of motions that fail to address the core issues raised in this litigation, under Local Rule 16.1(c)(1) plaintiffs' counsel request the Court set an Early Neutral Evaluation or Case Management Conference under Fed. R. Civ. Proc. 16(b). The time to hold such a conference under Fed. R. Civ. Proc. 16(b)(2) has already passed, as the judge must hold such a conference and must issue a scheduling order within 90 days after defendant has appeared – which was back in January. Thus, the Court should hold such a conference in the next 20 days and order Sprint immediately meet and confer, as plaintiffs have requested they do.

195 F.R.D. 665, 668 (C.D. Cal. 2000). Allegations can only be stricken if the Court finds it both (1) necessary to reduce trial complication or if the challenged allegations are so unrelated to plaintiff's claims as to be unworthy of consideration, *and* (2) their presence in the pleading will prejudice the party seeking to strike such matters. *Fantasy, Inc.*, *supra*, 984 F.2d at 1527; *SEC v. Durgarian*, 477 F.Supp.2d 342, 360 (D. Mass. 2007). A motion to strike must also be denied "if any doubt exists whether the allegations in the pleadings might be relevant to the action." *Montecino v. Spherion Corp.*, 427 F.Supp.2d 965, 967 (C.D. Cal. 2006). As a result, such motions are to be granted only in "extraordinary" circumstances. *U.S. v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). Sprint makes no attempt to explain why this is such a circumstance, and it is too late for Sprint to attempt to do so for the first time on reply.

Sprint asserts the various words and phrases it seeks to strike from the Complaint are "immaterial" or "impertinent". "Immaterial" matter has no essential or important relationship to the claim for relief or defenses pleaded. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994). An "impertinent" allegation is neither responsive nor relevant to the issues involved in the action *and* could not be put in issue or given in evidence between the parties, or consists of statements that do not pertain and are unnecessary to the issues in question. *Fantasy, Inc.*, *supra*, 984 F.2d at 1527.

It is important to keep these standards in mind when reviewing this motion, since Sprint makes no attempt to satisfy the above criteria or apply them to the allegations in question. The allegations are relevant to the issues presented in this litigation – are the fees Sprint imposed on its customers illegal, did Sprint fail to properly refund charges it admitted were illegal, and did Sprint improperly refuse to notify and/or let customers out of their term contracts, particularly when it changed its fee structure. Moreover, Sprint makes no attempt to explain how the presence of such allegations in the Complaint would prejudice it in terms of discovery or trial.

/ / /

/ / /

### B. The Allegations at Issue are Relevant to the Claims Asserted in the Complaint

Sprint's motion breaks down into four categories – UCAN's allegations about its ability to proceed on behalf of its members and its expenditure of resources, the exemplary damage allegations, the CLRA notice and damage allegations, and the allegations about Sprint's refusal to recognize cancellation obligations when it changed its fee structure. As shown below, each of these sets of allegations are relevant and should properly remain in the Complaint.

#### 1. The UCAN Allegations

A classic example of the time-wasting nature of Sprint's motion is its argument that allegations regarding UCAN's expenditure of time and resources and that it cannot proceed on behalf of its members should be stricken.[2] As this Court held in *UCAN v. Sprint*, 2008 U.S. Dist. LEXIS 30737 (S.D. Cal., dated April 15, 2008), "UCAN has asserted sufficient facts to establish associational standing, at least for its claims for prospective relief." Yet Sprint's motion seeks to strike allegations in Paragraphs 1 and 10 alleging that UCAN brings this action on behalf of its members and seeks all remedies it is entitled to in that capacity. Based on the Court's ruling, such allegations are properly included in the Complaint.

In addition, paragraphs 31 and 33 of the Second Amended Complaint (which Sprint does not seek to strike) detail how UCAN attempted to address these issues even before litigation was contemplated – indeed, how it did so in an effort to avoid litigation. The allegations that Sprint seeks to strike in paragraph 10(a) alleging that UCAN expended resources doing so are related to those allegations, and are both accurate and relevant under decisions such as *S. Cal. Hous. Rights Ctr. v. Los Feliz Towers Hom. Ass'n.*, 426 F.Supp.2d 1061 (C.D. Cal. 2005). Even if the Court believes such allegations by themselves do not establish a separate basis for finding standing, they properly remain in the Complaint as they refer to what efforts UCAN was forced to take to address these issues informally, only to be rebuffed by Sprint.

/ / /

---

[2] It should be noted that Sprint asks that certain allegations in Paragraph 1 be deleted, but not the similar allegations in Paragraph 10. This type of over-inclusiveness and inconsistency further demonstrates the lack of focus and merit in this motion.

What the scope of UCAN's membership associational standing is and what remedies are appropriate to seek in that capacity are issues for another day. Such allegations should not be stricken from the Complaint.

**2. The Exemplary Damage Allegations**

Similarly without merit is Sprint's attempt to strike all allegations relating to "exemplary damages". There is no express bar to claims for exemplary damages under the Federal Communications Act ("FCA"). *See* 47 U.S.C. §206. For example, in *In re NOS Communications*, 495 F.3d 1052, 1062 (9th Cir. 2007), the Ninth Circuit upheld a claim under the FCA based on the alleged violation of the federal Truth-In-Billing requirements, which claims sought both compensatory and exemplary damages.

In addition, plaintiffs' claim under the "anti-cramming" laws set forth in California Public Utilities Code §2890 can properly result in an award of exemplary damages. Public Utilities Code §2106 provides as follows:

> "Any public utility which does, causes to be done, or permits any act, matter, or thing prohibited or declared unlawful, or which omits to do any act, matter, or thing required to be done, either by the Constitution, *any law of this State*, or any order or decision of the commission, shall be liable to the persons or corporations affected thereby for all loss, damages**,** or injury caused thereby or resulting therefrom. *If the court finds that the act or omission was willful, it may, in addition to the actual damages***,** *award* ***exemplary damages***." (Emphasis added).

Sprint must agree it is governed by this law, irrespective of the application of the FCA. *Pacific Bell Wireless v. P.U.C.*, 140 Cal.App.4th 718 (2006) (Court upheld finding that wireless service provider is subject to the provisions of Public Utilities Code, including claims for penalties, and claims are not preempted by FCA); *Spielholz v. Sup. Ct.*, 86 Cal.App.4th 1366, 1381 (2004) ("Spielholz's claims do not challenge the reasonableness of an FCC requirement or practice included within a filed tariff, particularly since there is no filed tariff for wireless telephone service providers, and monetary relief would pose no irreconcilable conflict with

federal law.") *Cf.*, *Mahon v. Berg*, 266 Cal.App.2d 588, 589-90 (1968) (to the extent the claims at issue are ultimately found to be based on quasi-contract, exemplary damages may also be proper).

Thus, so long as any cause of action in the Complaint may permit an award of damages – and at a minimum, the claims under the FCA and anti-cramming statutes do so – an award of exemplary damages is appropriate so long as Sprint's alleged conduct is willful, which plaintiffs allege. *See, e.g.*, Complaint, ¶¶ 46 and 47. The allegations seeking exemplary damages thus properly remain in the Complaint, irrespective of the Court's ruling on the FCA claim.

**3. The CLRA Allegations**

As to the allegations in the CLRA cause of action (¶¶ 66 and 67), plaintiffs makes clear in Paragraph 67 they are not seeking damages but are merely preserving the right to later seek such an award, since the fact they sought damages in other causes of action is irrelevant. *See* Cal. Civ. Code §1752 ("If any act or practice proscribed under this title also constitutes a cause of action in common law or a violation of another statute, the consumer may assert such common law or statutory cause of action under the procedures and with the remedies provided for in such law."). Certainly the Court has not ruled that no additional plaintiff could ever assert such a damages claim in this action so long as they gave Sprint an opportunity to cure (which in light of their intransigence for over a year on this issue, is unlikely). Sprint also makes no attempt to explain the prejudice of retaining such allegations. Thus, the challenged allegations in Paragraph 67 need not be stricken.

In addition, the undisputed fact is that plaintiffs gave notice of the intent to seek additional relief under the CLRA unless Sprint provided appropriate relief, as alleged in Paragraph 66 of the Complaint. This allegation also goes to Sprint's knowledge of the wrongful conduct at issue, plaintiffs' attempts to resolve these issues, and the actions subsequently taken by Sprint, all of which are relevant to the other remedies available under §1780 of the CLRA. Thus, such allegations should not be stricken, as the Court must not strike facts that are true and may be relevant to proving the class members' entitlement to particular remedies.

/ / /

/ / /

**4. The "Regulatory Fee" Allegations**

As this Court may recall, in January 2008 plaintiffs sought expedited discovery relating to Sprint's failure to recognize consumers' requests for cancellation, based on a change in Sprint's fee structure occasioned by plaintiffs' demand to stop these illegal charges. The Court denied that request, in part on the ground such allegations were not in the operative complaint (primarily because the issue arose after the original Complaint was filed). Because of the timing of this ruling, when the Court granted leave to file the Second Amended Complaint, plaintiffs properly included allegations relating to these charges, and Sprint's policy to refuse to recognize requests to waive Early Termination Fees ("ETF") even though it was obligated to do so under its Terms and Conditions of Service.

Sprint cannot seriously object to including those allegations *per se* as being wholly unrelated to the claims in this action, as they are a natural outgrowth and result of, and thus related to, Sprint's original wrongful conduct. Sprint cancelled the challenged fees here at issue, but elected to impose new fees. When it did so, it opened up a window to cancel service under its Terms and Conditions of Service that it systemically refused to recognize. Complaint, ¶¶35-41. Since leave to amend had already been granted, and under Fed. R. Civ. Proc. 15(a) is to be liberally provided, such allegations were properly included in the Complaint. What were plaintiffs to do – file a Second Amended Complaint and then seek leave to file a Third Amended Complaint under Rule 15(a), which in all likelihood would have been granted? That is precisely the type of time-wasting effort the Federal Rules are designed to avoid.

Nor can Sprint object to the inclusion of such allegations in the Complaint, since UCAN can assert such claims at a minimum on behalf of its members. Sprint also cannot dispute that Mr. Taylor confirmed Sprint's illegal conduct took place and expended time to do so. Thus, Sprint's request to strike such allegations in their entirety as raising an entirely new and unrelated issue is both wrong and improper.

Sprint seeks to strike several paragraphs relating to this issue on the grounds such allegations reference individual experiences allegedly involving non-data plan customers. Sprint violates the basic rule of a Rule 12 motion by going outside the pleadings in making this

assertion. In addition, these allegations are relevant to show specific instances of how Sprint engaged in a consistent pattern and practice of denying requests for ETF waivers based on the revision of its fee structure. Sprint cannot establish as a matter of law that it treated these persons differently than it treated data plan customers; even if it could, that would be an issue for a factual proceeding, not a motion to dismiss. Such allegations are relevant to this issue.

Since at a minimum UCAN can prosecute such claims, these pattern and practice allegations are proper in terms of showing why prospective relief may be appropriate. While Sprint requests the Court also strike a particular form of that relief in terms of re-opening the cancellation window based on the circumstances of this case, it fails to explain how it is proper at this stage of the proceedings to eliminate a particular form of recovery. The scope of such remedies is for trial, not the pleadings, and such corrective measures may be appropriate depending on the circumstances. *See, e.g., Consumers Union v. Alta Dena Certified Dairy*, 4 Cal.App.4th 963, 972-74 (1992) (order requiring offender to take corrective action to correct consequences of past conduct appropriate remedy under the UCL, because an "order which commands [a party] only to go and sin no more simply allows every violator a free bite at the apple." (citing *Warner-Lambert Co. v. F. T. C.*, 562 F.2d 749, 761-762, n. 60 (D.C. Cir. 1977)).

Sprint finally asks that the entire Sub-class 3 allegations be stricken, even though plaintiffs' counsel made it clear to Sprint's counsel prior to filing this motion that this sub-class as currently plead involves consumers who were data plan service customers.[3] In *Johnson v. GMRI, Inc.*, 2007 U.S. Dist. LEXIS 66058 (E.D. Cal. Order dated August 27, 2007), the court overruled a motion to strike certain aspects of a claim for relief asserted on behalf of a class, where the defendant asserted plaintiffs did not have standing to assert such relief:

> Disqualifying plaintiffs to seek injunctive relief would unfairly advantage defendants and rob potential class members of a remedy. . . . Defendants' claim that they challenge plaintiffs' Article III standing, not plaintiffs' ability to represent a class, is a distinction without form in that plaintiffs seek to represent a

---

[3] Reserving the right to modify that definition as circumstances and discovery warrant.

> potential class. Defendants offer no definitive authority that plaintiffs are unable to rely on unnamed putative class members for standing. At this point, striking plaintiffs' injunctive relief claim would be premature.

*Id.* at *12-13.

Here Sprint goes one step further – it seeks to strike even the ability of that group to obtain any form of relief at the pleading stage of the proceedings. If the issue is ultimately that such claims are not certified because the Court finds there is not an adequate representative at the class certification stage, plaintiffs could appeal that decision or seek leave to amend the Complaint to add a different or additional class representative. *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 407, 63 L. Ed. 2d 479, 100 S. Ct. 1202 (1980). However, that is an issue for class certification, not this motion. Thus, these allegations should remain in the Complaint, or if necessary plaintiffs should be given leave to amend to add additional allegations.

## III. CONCLUSION

For all the above reasons, Sprint's motion to strike must be denied.

DATED: June 13, 2008

Respectfully submitted,

ROSNER & MANSFIELD, LLP

By: /s/ Alan M. Mansfield
Alan M. Mansfield
alan@rosnerandmansfield.com
Attorneys for Plaintiffs

UTILITY CONSUMERS' ACTION NETWORK
Art Neill, Esq.
art@ucan.org
3100 Fifth Ave., Suite B
San Diego, CA 92103
Tel: (619) 696-6966
Fax: (619) 696-7477
Attorneys for UCAN