JAMES J. MITTERMILLER, Cal. Bar No. 85177
jmittermiller@sheppardmullin.com
FRANK J. POLEK, Cal. Bar No. 167852
fpolek@sheppardmullin.com
JOHN C. DINEEN, Cal. Bar No. 222095
jdineen@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone: 619-338-6500
Facsimile: 619-234-3815

Attorneys for Defendants
SPRINT SOLUTIONS, INC. and SPRINT SPECTRUM L.P.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UTILITY CONSUMERS' ACTION NETWORK and ERIC TAYLOR, on behalf of themselves, their members and/or all others similarly situated, as applicable,

Plaintiffs,

v.

SPRINT SOLUTIONS, INC.; and SPRINT SPECTRUM L.P.;

Defendants.

Case No. 07 CV 2231 RJB

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT**

**[F.R.C.P. 12(f)]**

Judge: Hon. Robert J. Bryan
Courtroom: To Be Assigned
Date: June 27, 2008
Time: 9:30 a.m.

# TABLE OF CONTENTS

Page


I. THE COURT SHOULD STRIKE THE IMPERTINENT AND IMMATERIAL MATTERS INCLUDED IN THE SECOND AMENDED COMPLAINT ........ 1

II. THE COURT SHOULD STRIKE PLAINTIFFS' REFERENCES TO "STATUTORY" AND "EXEMPLARY" DAMAGES ........ 2

III. THE COURT SHOULD STRIKE THE ALLEGATIONS REGARDING UCAN'S DAMAGES ........ 5

IV. THE COURT SHOULD STRIKE ALL REFERENCES TO THE NEW FEES, NOT INCLUDED IN PLAINTIFFS' EARLIER COMPLAINTS ........ 6

V. THE COURT SHOULD STRIKE ALL ALLEGATIONS RELATING TO THE EXPERIENCES OF SHERMAN AND FRIEDRICH ........ 7

VI. PLAINTIFFS' REQUEST FOR A PREMATURE EARLY NEUTRAL EVALUATION AND CASE MANAGEMENT CONFERENCE SHOULD BE REJECTED ........ 8

VII. CONCLUSION ........ 10

# TABLE OF AUTHORITIES

## Cases

In re NOS Communications,
495 F.3d 1052 (9th Cir. 2007) .......... 3, 4

Sidney-Vinstein v. A.H. Robins Co.,
697 F.2d 880 (9th Cir. 1983) .......... 1

## Statutes

47 U.S.C. § 206 .......... 3

Cal. Pub. Util. Code, § 2106 .......... 4

Fed. R. Civ. Proc. 8(a) .......... 1

Fed. R. Civ. Proc. 16(b)(2) .......... 8

Local Civil Rule 16 .......... 9

Local Civil Rule 16.1 .......... 8, 9

## Miscellaneous

3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 16.12[3][b]
(3d ed. 2008) .......... 9

I.

**THE COURT SHOULD STRIKE THE IMPERTINENT AND IMMATERIAL MATTERS INCLUDED IN THE SECOND AMENDED COMPLAINT**

Sprint has met the standard for a motion to strike. Sprint submitted a narrowly tailored motion designed to remove impertinent and immaterial matters included in Plaintiffs' Second Amended Complaint – matters that would unnecessarily complicate the case and which have *no* bearing on the subject matter of the litigation. In their opposition, Plaintiffs argue that the "function of a [F.R.C.P.] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Pls' Opp., p. 1 (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 883 (9th Cir. 1983). That is exactly the basis for Sprint's motion. The time to determine the claims at issue in this case is now, not at some speculative "appropriate time as facts develop."

Plaintiffs repeatedly argue that they wish to proceed to the "merits" of the case. However, to determine the "merits" of the case, and boundaries of discovery, Sprint is entitled to know what is at issue in this lawsuit. Indeed, the need to determine the claims at issue is critical here because Plaintiffs appear to want to finagle an open-ended complaint that can shift as they see fit. However, the Federal Rules provide otherwise. A defendant is entitled to know what claims it is defending. *See* Fed. R. Civ. Proc. 8(a). The Second Amended Complaint contains "impertinent" and "immaterial" matters, including items this Court has already ruled on and entirely new allegations not included in the earlier versions of the complaint. These items should be stricken to avoid the further unnecessary expenditure of time by the parties and the Court.

## II.

## THE COURT SHOULD STRIKE PLAINTIFFS' REFERENCES TO "STATUTORY" AND "EXEMPLARY" DAMAGES

In their Second Amended Complaint, Plaintiffs have included allegations regarding exemplary damages in direct contravention of the Court's previous orders. As explained in Sprint's moving papers, this Court has previously ruled that: "Plaintiffs' damages claims under the CLRA and for conversion are dismissed by this Order. Accordingly, the claim for punitive damages should be stricken." Order, dated April 25, 2008 at p. 12. The Court further ruled that:

> "Sprint's motion to dismiss plaintiffs' CLRA claim for damages is **GRANTED**. The CLRA claim for damages is **DISMISSED** on the basis that plaintiffs did not comply with the prefiling notice requirements of Cal.Civ.Code, § 1782(a), and the claim for damages in ¶ 61 of the amended complaint is **STRICKEN**." (Order, dated April 25, 2008 at p. 12-13.)

However, in the Second Amended Complaint Plaintiffs include allegations regarding damages under the CLRA. In paragraphs 66 and 67 of the Second Amended Complaint Plaintiffs allege:

> 66. In compliance with the provisions of California Civil Code § 1782, plaintiffs gave written notice to Sprint Nextel of the intention to seek damages under California Civil Code § 1750, *et seq*., unless Sprint Nextel timely provided an appropriate correction or refund plus interest and other appropriate relief to all Class members entitled to relief under the CLRA.

> 67. Sprint Nextel failed within 30 days of receipt of such notice to provide such relief and adequately respond to the demand to stop charging all the fees identified herein *in toto*, provide clear and unambiguous notice of the change, pay refunds plus interest, and otherwise rectify the wrongful conduct described above on behalf of all Class members who may be entitled to relief under the CLRA. The Class members are entitled to and plaintiff Taylor seeks, pursuant to California

> Civil Code § 1780(a)(2), an order enjoining the above-described wrongful acts and practices of defendants, providing restitution to all members of the Class who are so entitled, ordering the payment of costs and attorneys' fees, and such other relief as deemed appropriate and proper by the Court under California Civil Code § 1780. *Plaintiff Taylor hereby preserves the right to later seek an award of all actual and exemplary damages permitted for violation of the CLRA, including for statutory damages of $1,000 and/or up to $5,000 per consumer who qualifies as a "senior citizen" under the CLRA.* (SAC, ¶¶ 66-67 [emphasis added].).

Additionally, Plaintiffs include several references to "exemplary" damages. *See* SAC, ¶ 17, 18(o) (p. 8, lns. 24-25), 19 (p. 9, lns. 7-8), and Prayer for Relief ¶ (3) (p. 29., ln. 16). By refusing to remove these references Plaintiffs are attempting to re-litigate this Court's prior rulings. The appropriate vehicle for such a challenge is a motion for reconsideration, or an eventual appeal – not to simply ignore the Court's rulings.

In their opposition, Plaintiffs assert they are entitled to "exemplary" damages under their Federal Communications Act ("FCA") claim. Plaintiffs cite to 47 U.S.C. § 206 in support of their assertion. However, that statute does not provide that a plaintiff may recover "exemplary" damages. Rather, the statute provides that a plaintiff may recover consequential damages:

> "In case any common carrier shall do, or cause or permit to be done, any act, matter, or thing in this chapter required to be done, such common carrier shall be liable to the person or persons *injured thereby for the full amount of damages sustained in consequence of any such violation* of the provisions of this chapter, together with a reasonable counsel or attorney's fee, to be fixed by the court in every case of recovery, which attorney's fee shall be taxed and collected as part of the costs in the case." (47 U.S.C. § 206.)

Moreover, the case Plaintiffs cite in support of their new contention, *In re NOS Communications*, 495 F.3d 1052 (9th Cir. 2007), does not provide that a plaintiff may receive an award of exemplary damages based on a FCA claim. Rather, in *In re NOS*

*Communications*, the Ninth Circuit held that (1) the Truth-In-Billing regulations are not retroactive and (2) the "filed-rate doctrine" does not bar a claim brought under the Truth-In-Billing regulations. *Id.* at 1062. The *NOS Communications* court did not address whether exemplary damages are available for an FCA claim.

In any event, Plaintiffs' FCA claim for relief is subject to Sprint's separate motion to dismiss and should be dismissed. Therefore, the FCA claim cannot support Plaintiffs' request for exemplary damages.

With respect to Plaintiffs additional new argument that they are pursuing "exemplary" damages based on their cramming claim, this new argument fails. Plaintiff never raised this argument in their opposition to Sprint's motion to dismiss and/or to strike the First Amended Complaint. *See* Pls' Opp. to Mot. to Dismiss & Alternatively Mot. to Strike First Amended Complaint, p. 15 [Doc. No. 18] ("the motion to strike the claim for punitive damages is based solely on the assumption Sprint is correct about both the CLRA claim and the conversion claim. As it is wrong about both for the reasons set forth above, the punitive damage allegations are properly alleged.").

Now, faced with an adverse ruling, Plaintiffs have shifted course and contend that their punitive damages allegation relates to their cramming claim – not their CLRA claim. However, nothing in Plaintiffs' cramming claim put Sprint on notice that that Plaintiffs were pursuing exemplary damages related to that claim. Exemplary damages are only available for a cramming claim where a court finds that the defendants actions were willful. *See* Cal. Pub. Util. Code, § 2106. No such allegations have been made here.

Plaintiffs' shifting target is also revealed in their assertion that,

> "Certainly the Court has not ruled that no additional plaintiff could ever assert a damages claim [under the CLRA] in this action so long as they gave Sprint an opportunity to cure (which in light of their intransigence for over a year on this issue is unlikely)." Pls' Oppo, p. 6.

Apparently, Plaintiffs are considering again pursuing punitive damage claims under the CLRA despite the Court's orders. The Court should put an end to this gamesmanship and again strike the punitive/exemplary damage allegations in the Second Amended Complaint.

## III.

## <u>THE COURT SHOULD STRIKE THE ALLEGATIONS REGARDING UCAN'S DAMAGES</u>

In the Court's April 15, 2008 Order it held that:

> "In this case, UCAN has not alleged a sufficient injury in fact, fairly traceable to Sprint's conduct, sufficient to satisfy the requirements for Article III standing. The allegedly unlawful charges at issue were made on bills between Sprint and its customers. UCAN has not alleged a direct relationship between that organization and Sprint. UCAN's decision to expend resources to investigate Sprint's conduct – conduct related to individuals who were Sprint's customers – is an attempt to boostrap its costs onto claims of its members. UCAN has not shown that it has suffered injury in fact sufficient to establish Article III standing." (Order, dated April 15, 2008 at p. 4.)

Despite the Court's order, UCAN continues to claim that it has standing in its own right to pursue the claims for relief alleged in the Second Amended Complaint. *See* SAC, ¶¶ 1 and 10(a) (p. 4, lns. 25-28).

In their opposition, Plaintiffs attempt to muddle the issues by arguing that UCAN has associational standing. Pls' Opp., p. 4. However, Sprint is not challenging

UCAN's associational standing in this motion – only UCAN's ability to pursue the litigation in its own right. In their papers, Plaintiffs reveal the real reason they oppose the removal of the allegations is that Plaintiffs disagree with this Court's previous orders and they intend to re-litigate the issue of UCAN's ability to sue in its own right. That is the only reason Plaintiffs included a reference to *Southern California Housing Rights Ctr. v. Los Feliz Towers Hom. Ass'n* (a case addressing direct standing of associations) in opposition to this motion – a case Plaintiffs cited in support of their opposition to Sprint's earlier Rule 12(b)(1) motion. *See* Pls' Opp. to Sprint's 12(b)(1) motion, pp. 6-8 [Doc. No. 19]. Plaintiffs should not be permitted to re-litigate the Court's ruling on Sprint's 12(b)(1) motion through their Second Amended Complaint.

## IV.

## THE COURT SHOULD STRIKE ALL REFERENCES TO THE NEW FEES, NOT INCLUDED IN PLAINTIFFS' EARLIER COMPLAINTS

Without leave to amend their complaint, Plaintiffs included entirely new claims in their Second Amended Complaint relating to fees not mentioned in any of the earlier iterations of the complaint. In particular, Plaintiffs included a new alleged "sub-class" consisting of "all individual persons and entities who either desired to cancel Sprint Nextel service without penalty or had to expend time and resources attempting to cancel service during the cancellation window provided under the Terms and Conditions of Service effective January 1, 2008." SAC ¶ 14 (p. 6, lns. 14-19). This new sub-class apparently relates to an "administrative" fee and a "regulatory" fee. SAC, ¶ 35, p. 14, ln. 23 – p. 15, ln. 4.

In their opposition, Plaintiffs argue that they had leave to amend their complaint to include the new claims, and even if they did not have leave, allegedly, the Court would have granted them leave and approved their conduct:

> "Since leave to amend had already been granted, and under Fed. R. Civ. Proc. 15(a) is to be liberally provided, such allegations were properly included in the Complaint. What were plaintiffs to do – file a Second Amended Complaint and then seek leave to file a Third Amended Complaint under Rule 15(a), which in all likelihood would have been granted?" Pls' Opp., p. 7.

However, in its prior orders the Court did not grant Plaintiffs leave to allege these new claims – which are essentially a new lawsuit. Rather, the Court ordered Plaintiffs "to provide forthwith, a more definite statement, connecting facts with violations of the specific sections of the FCA [Plaintiffs' fifth claim for relief] and the basis upon which plaintiffs are claiming that those facts violate the FCA." Order, dated April 25, 2008 at p. 13. Whether the Court would have granted Plaintiffs leave to amend is irrelevant – Plaintiffs did not even ask.

Moreover, Plaintiffs have failed to name a class representative to pursue these claims. In their opposition, Plaintiffs conclude (without any support) that "UCAN can assert such claims at a minimum on behalf of its members." Pls' Opp., p. 7. However, Plaintiffs fail to explain how UCAN can serve as a class representative for such claims. Further, Plaintiffs argue that this Court should overlook the fact that Plaintiffs failed to name a single class representative for the new claims and simply address the issue "later." Pls' Opp. pp. 8-9. The time to address theses unmistakable deficiencies is now – not at some undetermined time in the future.

## V.

## <u>THE COURT SHOULD STRIKE ALL ALLEGATIONS RELATING TO THE EXPERIENCES OF SHERMAN AND FRIEDRICH</u>

The Court should also strike Plaintiffs allegations regarding the experiences of Ms. Sherman and Ms. Friedrich. *See* SAC, ¶¶ 36-41. The allegations are immaterial

and impertinent because they relate to the experiences of non-data card customers as to fees not at issue in the earlier complaints.

Plaintiffs oppose Sprint's motion to strike these allegations claiming that Sprint improperly went "outside the pleadings" in challenging these allegations. Pls' Opp., p. 7. In fact, Sprint simply pointed out that Plaintiffs failed to *allege* that Sherman or Friedrich are (or were) Sprint data card customers. Sprint did not introduce any extrinsic evidence with its motion. Interestingly, in their opposition papers, Plaintiffs do not contend – and could not honestly contend – that either Sherman or Friedrich are (or were) data card customers. These allegations are impertinent, immaterial and should be stricken.

## VI.

## PLAINTIFFS' REQUEST FOR A PREMATURE EARLY NEUTRAL EVALUATION AND CASE MANAGEMENT CONFERENCE SHOULD BE REJECTED

In their opposition to Sprint's motion, Plaintiffs request that the Court set an early neutral evaluation and/or a case management conference. Aside from the fact that such a request is not appropriate in a footnote in a brief in opposition to a Rule 12(f) motion, Plaintiffs' request is without merit and should be rejected by the Court.

Plaintiffs contend that "[t]he time to hold [a case management]conference under Fed. R. Civ. Proc. 16(b)(2) has already passed, as the judge must hold such a conference and must issue a scheduling order within 90 days after defendant has appeared . . . ." Pls' Opp., p. 2 n.1. However, Local Civil Rule 16.1 that sets forth a framework for early neutral evaluation and case management conferences in this district.

Under Local Civil Rule 16.1 (c.1) the Court should schedule an early neutral evaluation conference "[w]ithin forty-five (45) days of the filing of the answer . . ." CivLR 16.1(c.1). In the event a settlement is not reached at the early neutral evaluation conference, then the Court should schedule a case management conference within 30 days after the early neutral evaluation conference. *See* CivLR 16.1(c.2.b.). Plaintiffs have failed to present any convincing argument for departing from this established practice.

Despite Plaintiffs' eagerness to embark on discovery, it simply does not make sense to hold an early neutral evaluation conference (or a case management conference) prior to the resolution of Sprint's motions and finalization of the pleadings. *See* 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 16.12[3][b] (3d ed. 2008) ("It makes little sense to try to fix schedules for future events in a case if a real prospect exists that an early motion would result in dismissal or in dramatic changes in the content or scope of the case. Thus, even though there is no express authority for doing so in the text of Rule 16, these kinds of practical considerations can lead judges to postpone making scheduling decisions beyond the time frame that appears to be mandated for all cases.").

After the pleadings are set (and Sprint has answered) the Court should schedule an early neutral evaluation conference. Plaintiffs have not pointed to any extraordinary factor in this case (distinct from the thousands of civil cases filed each year in this district) justifying a departure from the local rules. Similarly, the Court should reject Plaintiffs' request that Sprint immediately answer while the claims are still uncertain.

## VII.

## CONCLUSION

For the foregoing reasons, and those set forth in Sprint's moving papers, Sprint requests that the Court grant its motion to strike and strike those items in the Second Amended Complaint specifically enumerated in the notice of motion.

Dated: June 20, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ James J. Mittermiller
JAMES J. MITTERMILLER

Attorneys for Defendants
SPRINT SOLUTIONS, INC. and SPRINT SPECTRUM L.P.
E-mail: jmittermiller@sheppardmullin.com