JAMES J. MITTERMILLER, Cal. Bar No. 85177
jmittermiller@sheppardmullin.com
FRANK J. POLEK, Cal. Bar No. 167852
fpolek@sheppardmullin.com
JOHN C. DINEEN, Cal. Bar No. 222095
jdineen@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone: 619-338-6500
Facsimile: 619-234-3815

Attorneys for Defendants
SPRINT SOLUTIONS, INC. and SPRINT SPECTRUM L.P.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UTILITY CONSUMERS' ACTION NETWORK and ERIC TAYLOR, on behalf of themselves, their members and/or all others similarly situated, as applicable,

Plaintiffs,

v.

SPRINT SOLUTIONS, INC.; and SPRINT SPECTRUM L.P.;

Defendants.

Case No. 07 CV 2231 RJB

**DEFENDANTS' NOTICE OF LODGMENT OF FOREIGN AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT**

**[F.R.C.P. 12(f)]**

Judge: Hon. Robert J. Bryan
Courtroom: To Be Assigned
Date: June 27, 2008
Time: 9:30 a.m.

Defendants Sprint Solutions, Inc. and Sprint Spectrum L.P. (collectively "Sprint") hereby lodge the following foreign authorities in support of their motion to strike Plaintiffs' Second Amended Complaint:

## TREATISES

1. 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 16.12[3][b] (3d ed. 2008).

Dated: June 20, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ James J. Mittermiller
JAMES J. MITTERMILLER

Attorneys for Defendants
SPRINT SOLUTIONS, INC. and SPRINT SPECTRUM L.P.
E-mail: jmittermiller@sheppardmullin.com

# EXHIBIT A

# MOORE'S FEDERAL PRACTICE THIRD EDITION

## VOLUME 3

*JAMES WM. MOORE*

**BOARD OF EDITORS**
***Daniel R. Coquillette***
*J. Donald Monan*
*University Professor of Law, Boston College*
and *Lester Kissel Visiting Professor of Law*
*Harvard Law School*

***Gregory P. Joseph***
*Gregory P. Joseph Law Offices LLC*
*New York*

***Sol Schreiber***
*Milberg Weiss LLP*
*New York*

***Jerold S. Solovy***
*Jenner & Block*
*Chicago*

***Georgene M. Vairo***
*Professor of Law*
and *William M. Raines Fellow*
*Loyola Law School*
*Los Angeles*

2008

LexisNexis

# Chapter 16

# *Pretrial Conferences; Scheduling; Management*

by Wayne D. Brazil*

## Scope of Chapter

This chapter covers Rule 16, which governs case management, pretrial conferences, and scheduling. Rule 16 is explicitly intended to encourage the active judicial management of the case development process and of trial in most civil actions. Rule 16 calls on judges to fix deadlines for completing the major pretrial tasks and encourages judges to actively participate in designing case-specific plans for positioning litigation as efficiently as possible for disposition by settlement, motion, or trial. Rule 16 authorizes and regulates use of a wide range of case management tools and powers—principally through pretrial conferences. It also authorizes a wide range of sanctions for violations of pretrial orders.

The amendment history of Rule 16 and relevant Committee Notes are set forth in the Historical Appendix to this chapter.

For a detailed discussion of Rule 12, consult Ch. 12, *Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing*. Rule 26 is discussed in Ch. 26, *Duty to Disclose; General Provisions Governing Discovery*. Sanctions are also covered in Ch. 37, *Failure to Make Disclosure or to Cooperate in Discovery; Sanctions*. For discussion of issues related to scheduling the discovery of computer-based documents and data, see Ch. 37A, *Discovery of Electronically Stored Information*. The role of masters is discussed in Ch. 53, *Masters*.

---

* The Honorable Wayne D. Brazil is a Magistrate Judge for the United States District Court, Northern District of California.

Judge Brazil acknowledges the contribution of Kristin M. Schwaighart, a member of the California Bar, and Lisa M. Rubin, a member of the New York Bar, in preparing this chapter. The chapter was originally drafted for MOORE'S FEDERAL PRACTICE by James Wm. Moore.



(Rel.156–12/2007 Pub.410)

when they meet and confer, they will not be able to narrow and focus the issues, or to prepare a reliable discovery plan. Further, they will not be able to discuss settlement intelligently, or identify the key undertakings that must be completed before settlement negotiations are likely to be productive. Moreover, if an unrealistic time frame prevents the lawyers from making meaningful headway with these tasks, the input on which the court will base its scheduling order will be superficial, and the deadlines fixed in the order may be naively short or unnecessarily lax.[23] Thus, district judges must be sure to allow sufficient time before the issuance of their scheduling orders to permit the parties to meaningfully fulfill their obligations under Rule 26, to set the stage for input from counsel about scheduling that is well-informed and reliable.

### [3] Pretrial Developments Affecting Time Limits

#### [a] Motions for Immediate Equitable Intervention

Early pretrial developments can affect the timing of a scheduling conference or the issuance of a scheduling order. In some cases there is a flurry of very early and very substantial litigation activity surrounding a party's pursuit of immediate equitable intervention by the court, such as a temporary restraining order or a preliminary injunction (*see* Ch. 65, *Injunctions*). In these cases, the court will have had a great deal of contact with the parties much sooner than Rule 16(b) would ordinarily contemplate (*see* § 16.11); the court will have set deadlines for different kinds of events, and will know a great deal about the case. In general, the parties to the equitable proceeding know significantly more about the pertinent evidence and law than their counterparts on the law side would know at a comparable stage. Further, the kinds of developments for which they need the court to set deadlines are likely to be different. In these settings, the mandates of Rule 16(b) may be almost irrelevant; the proceedings are likely to have moved forward on a special and much faster track than Rule 16 contemplates.

#### [b] Defensive and Joinder Motions

Less dramatically, the timing and content of scheduling orders can also be affected by the filing of early motions, especially motions under Rule 12 or Rule 19.[24] For example, a court might well decide to postpone decisions about scheduling if the key defendant files an early and potentially meritorious motion attacking the court's jurisdiction. Occasionally a motion under Rule 12(b)(6)[25]

---

[23] *See* Fed. R. Civ. P. 16, advisory committee note of 1993 (reproduced at § 16App.05).

[24] *See* Fed. R. Civ. P. 12, 19; *see also* Ch. 12, *Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing*; Ch. 19, *Required Joinder of Parties*.

[25] *See* Fed. R. Civ. P. 12(b)(6); *see also* Ch. 12, *Defenses and Objections: When and How*

will be sufficiently compelling to persuade a judge to suspend other activity in a case until the court can determine whether it will permit the matter to go forward at all. It makes little sense to try to fix schedules for future events in a case if a real prospect exists that an early motion would result in dismissal or in dramatic changes in the content or scope of the case. Thus, even though there is no express authority for doing so in the text of Rule 16, these kinds of practical considerations can lead judges to postpone making scheduling decisions beyond the time frame that appears to be mandated for all cases.[26]

## § 16.13 Scope and Content of Scheduling Order or Conference

### [1] Subjects That Scheduling Orders Must Address

#### [a] Deadline for Adding Parties and Amending Pleadings

Rule 16(b) divides its universe of scheduling subjects into two categories: those for which district courts *must* fix deadlines in the scheduling order and those for which the district courts *may* set dates (*see* [2], *below*).[1] In the scheduling order, courts must limit the time to (1) join other parties and to amend the pleadings; (2) file motions (*see* [b], *below*); and (3) complete discovery (*see* [c], *below*).[2] The rationale for requiring the scheduling order to fix these deadlines is clear: these are the core activities that are necessary to set the fundamental contours of the case and that often must be substantially completed before the court can determine whether the litigation can be concluded by dispositive motion and before the parties feel equipped to engage in productive settlement negotiations. It can be very difficult to efficiently manage a case without first knowing who the players are and what claims or defenses they will assert. So good judicial case managers press the parties to make commitments on these matters as early as feasible. Although it is well recognized that, during the process of developing the case through investigation, disclosures, and discovery the litigants sometimes identify additional parties, claims, or defenses that should be added to the case, even well into the pretrial period, in most cases the principal players are readily identifiable at the outset, just as the kinds of claims and defenses that are likely to come into play are fully predictable. Thus, in many cases it is feasible and fair to press the parties to decide relatively early who will be named as parties and what claims and

---

*Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing.*

[26] **Discretion to order scheduling conference after filing dispositive motions.** *See* Pieras, *Judicial Economy and Efficiency Through the Initial Scheduling Order,* 35 Cath. U. L. Rev. 943, 944 (1986); *see also* Tran v. Captain Glyn, Inc., 909 F. Supp. 727, 731 (D. Haw. 1995) (good cause to modify scheduling order when issue raised in summary judgment motion is relevant to whether court has subject matter jurisdiction, which should be determined early in the litigation; when appropriate, Fed. R. Civ. P. 56 and 16 share purpose of narrowing issues at trial).

[1] Fed. R. Civ. P. 16(b)(3)(A), (B).

[2] Fed. R. Civ. P. 16(b)(3)(A); *see* Fed. R. Civ. P. 26(a), (e)(1).