JAMES J. MITTERMILLER, Cal. Bar No. 85177
jmittermiller@sheppardmullin.com
FRANK J. POLEK, Cal. Bar No. 167852
fpolek@sheppardmullin.com
JOHN C. DINEEN, Cal. Bar No. 222095
jdineen@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone: 619-338-6500
Facsimile: 619-234-3815

Attorneys for Defendants
SPRINT SOLUTIONS, INC. and SPRINT
SPECTRUM L.P.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UTILITY CONSUMERS' ACTION NETWORK and ERIC TAYLOR, on behalf of themselves, their members and/or all others similarly situated, as applicable,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT SOLUTIONS, INC.; and SPRINT SPECTRUM L.P.;<br><br>Defendants. | Case No. 07 CV 2231 RJB<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>**[F.R.C.P. 12(b)(6)]**<br><br>Judge: Hon. Robert J. Bryan<br>Courtroom: To Be Assigned<br>Date: June 27, 2008<br>Time: 9:30 a.m. |

# TABLE OF CONTENTS

Page

I. THE SECOND AMENDED COMPLAINT DOES NOT CONNECT FACTS WITH VIOLATIONS OF SPECIFIC PROVISIONS OF THE FEDERAL COMMUNICATIONS ACT ..... 1

II. THE INTERNET TAX FREEDOM ACT DOES NOT HELP PLAINTIFFS STATE A CAUSE OF ACTION ..... 2

III. CONCLUSION ..... 4

# TABLE OF AUTHORITIES

Cases

AT&T Corp. v. City of Portland, 216 F.3d 871 (9th Cir. 2000) .......... 2

Comcation, Inc v. United States, 78 Fed. Cl. 61 (Ct. Cl. 2007) .......... 3

Yang v. California Dept. of Social Services, 183 F.3d 953 (9th Cir. 1999) .......... 3

Statutes

Federal Communications Act § 201(b) .......... 2, 3

Internet Tax Freedom Act § 1101(a)(1) .......... 3

## I.

## THE SECOND AMENDED COMPLAINT DOES NOT CONNECT FACTS WITH VIOLATIONS OF SPECIFIC PROVISIONS OF THE FEDERAL COMMUNICATIONS ACT

This Court previously ruled that Plaintiffs' Fifth Cause of Action for alleged violations of the Federal Communications Act ("FCA") was insufficient. The Court ordered Plaintiffs to connect specific facts with specific provisions of the FCA. Specifically:

> The court concurs with Sprint that plaintiff's FCA claim is not pled with sufficient particularity in order for Sprint to file and answer to the allegations. Plaintiffs should be required to provide a more definite statement, ***connecting facts with violations of the specific provisions of the FCA, and the basis upon which plaintiffs are claiming that those facts violate the FCA.***

Order, dated April 25, 2008 at 10:16-18 (emphasis added).

Instead of following this directive, Plaintiffs merely inserted additional argument, not facts. No attempt was made to connect any facts with alleged violations of specific provisions of the FCA. The Second Amended Complaint ("SAC") merely alleges a *non-sequitur*, that because certain taxes, fees and surcharges are not required to be imposed upon information services customers, their imposition is "unjust and unreasonable" and therefore a violation of the FCA. Plaintiffs' Opposition to Sprint's motion is unhelpful, as Plaintiffs cite no law supporting their position.

Plaintiffs again raise a previously-cited FCC Declaratory Ruling, holding that wireless broadband Internet access is not a telecommunications service, but rather an information service. Therefore, according to Plaintiffs, taxes, fees and surcharges normally associated with telecommunications services may not be imposed upon

information services. The Declaratory Ruling, however, does not say this. It is limited to the holding that wireless broadband Internet access is an information service, not a telecommunications service. Plaintiffs offer no law in support of their position that the FCC Declaratory Ruling means that the taxes, fees and surcharges at issue here are illegal and therefore in violation of the FCA.

Similarly, Plaintiffs offer no authority in support of their specious common carrier argument. Plaintiffs seem to suggest that because Sprint is allegedly a common carrier, imposition of taxes, fees and surcharges to information services violates § 201(b) of the FCA. The statute does not say this, and Plaintiffs cite no authority in support of their assertion. The FCA does not purport to regulate all aspects of Sprint's business. Information services "have never been subject to regulation under the [Federal] Communications Act." *AT&T Corp. v. City of Portland*, 216 F.3d 871, 878 (9th Cir. 2000).

The allegation that Sprint's monthly invoices to its wireless data transmission customers are similar in format to those sent to cell phone customers is legally irrelevant. The fact that Sprint allegedly sends similarly formatted bills to two different types of customers does not mean that the charges for one type are unjust or unreasonable.

## II.

## THE INTERNET TAX FREEDOM ACT DOES NOT HELP PLAINTIFFS STATE A CAUSE OF ACTION

Plaintiffs cite, for the first time, the Internet Tax Freedom Act ("ITFA") for the proposition that the taxes (and apparently the fees and surcharges) at issue in the SAC are prohibited by law, and therefore are "unjust and unreasonable." Their argument fails as a matter of law.

The ITFA prohibits states or political subdivisions thereof from imposing "taxes on Internet Access, unless such tax was generally imposed and actually enforced prior to October 1, 1998." *See* Section 1101(a)(1). The statute applies to taxes only, not to non-tax charges. (In their Second Amended Complaint, Plaintiffs complain about "Federal E911" and "Federal Wireless Number Pooling and Portability" surcharges. SAC, ¶ 26. Those surcharges are not taxes and therefore not subject to the ITFA.)

To the extent Plaintiffs argue that the *state* taxes alleged in the Second Amended Complaint violate the ITFA Plaintiffs' have failed to state a claim. Plaintiffs have not alleged that the state taxes at issue were not generally imposed and actually enforced prior to October 1, 1998. Further, Plaintiffs have not alleged that the state taxes at issue were actually a tax *on* Internet access, as opposed to being imposed for some other purpose. The claim fails as to state taxes.

Plaintiffs also cite a "sense of the Congress" resolution for the proposition that *federal* taxes may not be imposed on wireless data transmission services customers. Pls' Opp. at 5:11-13. It is unclear which taxes, fees and/or surcharges Plaintiffs are referencing in this argument. In any event, the argument fails. A "sense of the Congress" resolution is not binding, enforceable law. The use of the phrase "sense of the Congress" and the word "should" indicate that the provision is merely precautionary and creates no enforceable rights. *Yang v. California Dept. of Social Services*, 183 F.3d 953, 958-59 (9th Cir. 1999). The Act applies only to state taxes. *Comcation, Inc v. United States*, 78 Fed. Cl. 61, 76, n.26 (Ct. Cl. 2007).

Finally, Plaintiffs' argument suffers from the same logical infirmity as their other arguments. Even if the ITFA prohibited the taxes, fees and surcharges at issue, Plaintiffs cite no authority for the proposition that imposition of those charges on information services customers would necessarily ***also*** violate § 201(b) of the FCA.

Plaintiffs have not connected well-pleaded facts with specific provisions of the FCA. The Fifth Cause of Action should be dismissed for failure to state a claim.

## III.

## CONCLUSION

Plaintiffs failed to follow this Court's order to "connect[] facts with violations of the specific provisions of the FCA." The SAC does not set forth "the basis upon which plaintiffs are claiming that those facts violate the FCA." Further, the allegations do not state a claim for relief. The Fifth Cause of Action should be dismissed with prejudice.

Dated: June 20, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By s/ James J. Mittermiller
Attorneys for Defendants
SPRINT SOLUTIONS, INC. and SPRINT SPECTRUM L.P.
E-mail: jmittermiller@sheppardmullin.com