Alan M. Mansfield (SBN 125998)
alan@rosnerandmansfield.com
John W. Hanson (SBN 214771)
john@rosnerandmansfield.com
ROSNER & MANSFIELD, LLP
10085 Carroll Canyon Road
San Diego, CA 92131
Tel: (858) 348-1005
Fax: (858) 348-1150

Attorneys for Plaintiffs

Art Neill (SBN 246717)
art@ucan.org
UTILITY CONSUMERS' ACTION NETWORK
3100 Fifth Ave., Suite B
San Diego, CA 92103
Tel: 619-696-6966
Fax: 619-696-7477

Attorneys for UCAN

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UTILITY CONSUMERS' ACTION NETWORK and ERIC TAYLOR, on behalf of themselves, their members and/or all others similarly situated, as applicable,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT SOLUTIONS, INC.; et al.,<br><br>Defendants. | CASE NO. 07-CV-2231-RJB<br><br>**<u>CLASS ACTION</u>**<br><br>PLAINTIFFS UTILITY CONSUMERS' ACTION NETWORK'S AND ERIC TAYLOR'S MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED<br><br>Date: July 25, 2008<br>Time: N/A<br>Judge: Hon. Robert J. Bryan |

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

On July 10, 2008, the Court issued a ruling granting defendants' motion to strike the Fifth Cause of Action for violation of the Federal Communications Act ("FCA") and *sua sponte* issued an Order to Show Cause why this action should not be dismissed for lack of federal jurisdiction.

///

Paragraph 8 of the Second Amended Complaint ("SAC"), consistent with the original and First Amended Complaint, alleges two separate jurisdictional grounds, including diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d) ("CAFA"). CAFA was adopted in 2005 to address an issue raised by the U.S. Supreme Court – should federal courts exercise jurisdiction where there is diversity between the parties and the overall amount in controversy is substantial, but each class member's claim does not exceed the jurisdictional amount. CAFA includes a provision requiring the aggregation of class members' claims in determining jurisdiction over class actions asserting state law claims. 28 U.S.C. §1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $ 5,000,000, exclusive of interest and costs.").

As long as the complaint contains allegations that the class on whose behalf the action is brought seeks an amount in controversy in excess of $5 million, federal jurisdiction is proper under CAFA. As shown below, plaintiffs have made the appropriate allegations.

## II. JURISDICTION IS PROPER UNDER CAFA BASED ON THE STANDARDS APPLICABLE TO DETERMINING FEDERAL JURISDICTION

CAFA "vests the district court with 'original jurisdiction' of any civil action in which the matter in controversy exceeds the sum or value of $ 5,000,000, exclusive of interest and costs, and [the action] is a class action in which the parties satisfy, among other requirements, minimal diversity." *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 680 (9th Cir. 2006) (quoting 28 U.S.C. §1332(d)). In determining whether a party meets the jurisdictional requirements under CAFA, the general rules and burdens of proof for determining federal diversity jurisdiction apply. *Id.; Rogers v. Cent. Locating Serv.*, 412 F.Supp.2d 1171, 1177 (W.D. Wa. 2006).

In determining if diversity jurisdiction exists, the Court generally looks at the allegations of the complaint to ascertain the amount in controversy at the time the action was commenced. *St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Pachinger v. MGM Grand Hotel-Las Vegas*, 802 F.2d 362, 363 (9th Cir. 1986). Plaintiffs' allegations of damages and monetary losses are presumed as true for purposes of determining diversity jurisdiction. *Kenneth Rothschild Trust v. Morgan Stanley Dean Whitter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). Thus, if the

complaint on its face alleges an amount in controversy in excess of the jurisdictional minimum, such allegations are presumptively correct. In such an event, "[i]n cases brought [initially] in federal court . . . [i]t must appear to a legal certainty that the [plaintiff's] claim is really for less than the jurisdictional amount to justify dismissal." *Gaus v. Miles, Inc.* 980 F.2d 564, 566 (9th Cir. 1989); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 2006).[1] Applying these standards, plaintiffs properly allege federal jurisdiction under CAFA.

The ultimate inquiry to be made by the Court on the issue of jurisdiction under CAFA is what amount is put in controversy by the plaintiffs' complaint at the time the action is commenced in federal court, not what a defendant will actually owe. *Alpert v. TimeWarner Cable*, 2008 U.S. Dist. LEXIS 51623, *9-10 (S.D. Cal. Order filed July 1, 2008). The SAC (as did the initial and First Amended Complaints) alleges it is brought on behalf of a nationwide class of present and former customers, and in Paragraph 8 that: "Jurisdiction is proper under the Class Action Fairness Act, 28 U.S.C. Section 1332(d), as the class members and defendants are from different states and the amount in controversy exceeds $5 million."[2] Plaintiffs further allege in Paragraph 16 of the SAC that "as of July 2007 it was publicly reported that Sprint Nextel had over one million data transmission service customers." Paragraph 34 of the SAC alleges: "The representations and amounts at issue are material, since these charges are likely in the range of several dollars each month. If imposed uniformly, this would likely total in the millions of dollars of bottom line profits to Sprint Nextel." In addition, Paragraph 26 alleges: "These charges amount to several dollars per month per customer, and Sprint Nextel has over a million data plan customers." That same paragraph alleges that such conduct has been ongoing "since at least September 2006 and potentially

---

[1] This is different than the situation at issue in *Abrego, supra*, 443 F.3d at 683, where the question is the burden of proof on removal. In that situation, the defendant must establish its assertion of jurisdiction is proper by at least a preponderance of evidence where the complaint is silent on the issue of damages. *Id.*

[2] While jurisdiction is based on when the action was commenced, the SAC is proper to reference. To comply with a Rule 12(e) order for a more definite statement, a party must file an amended pleading. *See Sefton v. Jew*, 204 F.R.D. 104, 106 (W.D. Tex. 2000). The Court granted plaintiffs until May 9, 2008 to file the SAC. See Order Granting Joint Motion for Extension of Time to File Second Amended Complaint, dated April 29, 2008 (Document No. 29).

earlier." Finally, Paragraph 27 alleges: "Yet, Sprint Nextel, at least through December 2007, continued to charge Class members taxes for making contributions to these or similar programs." Plaintiffs allege the fees at issue were illegally imposed and must be returned in full to all class members. SAC, at ¶¶44-46. The SAC seeks declaratory and injunctive relief, equitable monetary relief in terms of full refunds, actual and punitive damages, pre- and post-judgment interest, and attorneys' fees and costs. SAC, ¶¶ 49-72; Prayer for Relief, (1) through (6).

While general allegations that the amount in controversy exceeds the jurisdictional limit should be sufficient, Exhibits 1 through 3 of the SAC (which are incorporated by reference therein) further show that the SAC properly alleges the amount in controversy exceeds $5 million. There are several charges at issue. The Federal Wireless Number Pooling and Portability Fee and the Federal E911 Fee listed in Exs. 1 through 3 are $0.55 per month, and based on the above allegations were charged since at least September 2006 through December 2007. As the SAC alleges there are purportedly over a million class members for whom relief is sought, these allegations alone meet the $5 million amount in controversy requirement under 28 U.S.C. §1332(d)(6) ($550,000 per month multiplied by 15 months).

In addition, the SAC alleges at ¶26 and in Ex. 2 that beginning in April 2007, Sprint Nextel charged all its customers a "Federal-Univ Serv Assess Non-LD" fee totaling $0.96 per month. It also imposed a California State-PUC User Fee, a California State 911-Tax, a California State-CA High Cost Part A fee, a California State-CA High Cost Part B fee, a California State-Tele Fund charge, a California State- CA Relay Service Fund fee, and a California State-Universal Lifeline Service fee collectively totaling an additional $2.30 each month on California customers. The SAC further alleges similar state level regulatory fees were imposed on class members located in other states. *Id.* While stopped by July 2007, plaintiffs allege such charges were not refunded in full to all class members prior to the commencement of this action. SAC at ¶¶32-33. These allegations further establish that the claims of all potential class members on whose behalf this action is filed collectively exceed the $5 million amount in controversy requirement.[3]

---

[3] The SAC also includes allegations about improper ETF and text messaging charges. SAC at ¶¶28-29, 35. However at this point plaintiffs do not have information sufficient to quantify

The cost of complying with or responding to plaintiffs' request for declaratory and injunctive relief, the claims for punitive damages and for statutory attorneys' fees can also be considered in determining if the amount in controversy requirement is satisfied. *See Hunt v. Wash. State Apple Adv. Comm.*, 432 U.S. 333, 347 (1977); *Galt G/S v. JSS Scandanavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 984 (S.D.Cal. 2005). The presence of such allegations reinforce the conclusion that the complaint satisfies the amount in controversy required to establish jurisdiction under CAFA. Based on the above allegations, the Court need not reach the issue of how such amounts add to the total amount in controversy.[4]

Plaintiffs' counsel has conferred with counsel for Sprint Nextel. While Sprint Nextel disputes plaintiffs' allegations and intends to vigorously defend its ability to impose some of these charges and does not believe certification of a nationwide class is proper, counsel agree that as of the time this action was filed the complaint as plead met the $5 million amount in controversy requirement of CAFA.

## III. CONCLUSION

The Court must find the SAC properly alleges federal jurisdiction under CAFA.

DATED: July 18, 2008

ROSNER & MANSFIELD, LLP

By: /S/ Alan M. Mansfield
Alan M. Mansfield
alan@rosnerandmansfield.com

Attorneys for Plaintiffs

Art Neill (art@ucan.org)
UTILITY CONSUMERS' ACTION NETWORK
3100 Fifth Ave., Suite B
San Diego, CA 92103
Tel: (619) 696-6966 / Fax: (619) 696-7477

Attorneys for UCAN

---

the amount of such charges, and the parties have yet to make their initial Rule 26(a) disclosures.

[4] While CAFA provides the Court may decline to exercise jurisdiction over some cases depending on its evaluation of a number of factors under 28 U.S.C.§1332(d)(3), the statute requires these cases be ones in which "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." That is not the situation here. SAC at ¶¶10-11.

Alan M. Mansfield (SBN 125998)
alan@rosnerandmansfield.com
John W. Hanson (SBN 214771)
john@rosnerandmansfield.com
ROSNER & MANSFIELD, LLP
10085 Carroll Canyon Road
San Diego, CA 92131
Tel: (858) 348-1005
Fax: (858) 348-1150

Attorneys for Plaintiffs

Art Neill (SBN 246717)
art@ucan.org
UTILITY CONSUMERS' ACTION NETWORK
3100 Fifth Ave., Suite B
San Diego, CA 92103
Tel: 619-696-6966
Fax: 619-696-7477

Attorneys for UCAN

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UTILITY CONSUMERS' ACTION NETWORK and ERIC TAYLOR, on behalf of themselves, their members and/or all others similarly situated, as applicable,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT SOLUTIONS, INC.; et al.,<br><br>Defendants. | CASE NO. 07-CV-2231-W (LSP)<br><br>**CLASS ACTION**<br><br>PROOF OF SERVICE<br><br>Party(ies) served: Defendants Sprint Solutions, Inc.; Sprint Spectrum, L.P.<br><br>Date: July 18, 2008 |

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is: 10085 Carroll Canyon Road, Suite 100, San Diego, California 92131.

On the date shown below, I served the foregoing document(s) described as:

**PLAINTIFFS UTILITY CONSUMERS' ACTION NETWORK'S AND ERIC TAYLOR'S MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED**

on the interested parties in this action at San Diego, California as follows:

| | |
|---|---|
| James J. Mittermiller, Esq.<br>jmittermiller@sheppardmullin.com<br>SHEPPARD MULLIN RICHTER & HAMPTON<br>501 W. Broadway, 19th Floor<br>San Diego, California 92101<br>Tel: (619) 338-6500<br>Fax: (619) 234-3815<br><br>Attorneys for Defendants SPRINT SOLUTIONS, INC. and SPRINT SPECTRUM, L.P. | |

[ X ] **BY MAIL :** The document was mailed with postage on the envelope fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with an the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY FACSIMILE**: On the date below, before noon, the document(s) were transmitted by facsimile transmission to each of the parties at the facsimile number(s) listed above and the transmission(s) reported as complete and without error. A true and correct copy of the said transmission report is attached hereto and incorporated herein by reference.

[ X ] **BY ELECTRONIC MAIL:** I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[] **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X ] **(FEDERAL]** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 18, 2008 at San Diego, California.

*Sally Cormier*

SALLY CORMIER