UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UTILITY CONSUMERS' ACTION NETWORK and ERIC TAYLOR, on behalf of themselves, their members and/or all others similarly situated, as applicable,,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT SOLUTIONS, INC. and SPRINT SPECTRUM L.P.;<br><br>Defendants. | CASE NO. C07-2231RJB<br><br>ORDER ON RESPONSES TO ORDER TO SHOW CAUSE AND GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE |

This matter comes before the Court on the parties' responses (Dkts. 38 and 39) to the order to show cause (Dkt. 37) and Defendants' Motion to Strike Plaintiffs' Second Amended Complaint (Dkt. 31-2). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On November 21, 2007, plaintiffs Utility Consumers' Action Network ("UCAN") and Eric Taylor filed a civil action against defendants Sprint Solutions, Inc., Sprint Spectrum L.P., and Sprint-Nextel Corporation. Dkt. 1. On January 2, 2008, the plaintiffs filed an amended complaint, alleging that the defendants improperly included taxes, fees, and other charges on monthly

ORDER - 1

invoices to customers who obtained data service or data card plans, and improperly charged these customers for text messages. Dkt. 9.

On January 23, 2007, Sprint filed a motion to dismiss the amended complaint for failure to state a claim upon which relief may be granted and moved to strike certain portions of the amended complaint. Dkt. 12. The motion was granted in part and denied in part. Dkt. 27. Notably, the Court held that the "Plaintiffs should be required to provide a more definite statement, connecting facts with violations of the specific sections of the [Federal Communications Act ("FCA")], and the basis upon which plaintiffs are claiming that those facts violate the FCA." *Id.* at 10. Accordingly, the Court ordered the plaintiffs to "provide, forthwith, a more definite statement, connecting facts with violations of the specific sections of the FCA, and the basis upon which plaintiffs are claiming that those facts violate the FCA." *Id.* at 13.

On April 29, 2008, the parties jointly moved for an order allowing the plaintiffs to file a second amended complaint on or before May 9, 2008, and the motion was granted. Dkt. 28; Dkt. 29. The motion requested additional time for the filing of a second amended complaint but did not apprise the Court of the proposed amendment and did not seek leave to include additional claims or theories. Defendants complain about the second amended complaint on those grounds. It appears to the Court that these issues are more a misunderstanding than a prejudicial rule violation. The second amended complaint should be accepted by the Court in its present form, subject to the rulings herein on Defendants' Motion to Strike.

On May 9, 2009, the plaintiffs filed a second amended complaint. The second amended complaint names only Sprint Solutions, Inc. and Sprint Spectrum L.P. (collectively "Sprint"). On May 23, 2008, Sprint moved to strike portions of the second amended complaint, contending that the second amended complaint contains references to claims previously dismissed and contains new claims. Dkt. 31. Sprint also moved to dismiss the fifth cause of action in the second amended complaint. Dkt. 32.

On July 10, 2008, the Court granted the motion to dismiss the fifth cause of action. Dkt. 37. The Court noted that the fifth cause of action was the only federal claim and required the

ORDER - 2

parties to show cause "why this Court either has original jurisdiction and/or why this court should assume or decline federal jurisdiction over the remaining claims in this action." *Id.* at 8. The Court reserved consideration on the motion to strike pending the Court's determination of whether the Court has, and will retain, jurisdiction over this action. *Id.*

## II. DISCUSSION

Matters raised in the Court's order to show cause and the motion to strike are now ripe for decision.

**A.　JURISDICTION**

The parties have responded to the Court's order and are in agreement as to this Court's subject matter jurisdiction. *See* Dkt. 38; Dkt. 39. Subject matter jurisdiction is an issue that may be raised by the Court sua sponte and is not subject to waiver or stipulation. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Accordingly, the Court's analysis considers, but is independent of, the parties' positions on the issue.

The plaintiffs contend that the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("the CAFA"), vests the Court with jurisdiction. Dkt. 38 at 2; *see also* Dkt. 30 at 3-4. The CAFA provides subject matter jurisdiction over class actions if (1) the class comprises more than 100 members, (2) there is minimal diversity of citizenship, and (3) the aggregate amount of all class members' claims exceeds $5 million. *See* 28 U.S.C. § 1332(d)(2), (5)(B). The CAFA provides, in part, as follows:

> (2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which--
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2).

In this case, the plaintiffs' allegations are sufficient to establish jurisdiction under the CAFA. First, UCAN is comprised of 30,000 members, and the plaintiffs seek to certify a class

ORDER - 3

comprised of all of Sprint's similarly situated customers throughout the country. The proposed class therefore likely comprises more than 100 members.

Second, at least minimal diversity between the class members and the defendants is alleged. The plaintiffs are alleged to be residents of California, and the defendants are alleged to be Delaware entities with "primary address[es] in Kansas." Dkt. 30 at 5. The plaintiffs bring suit on behalf of themselves and a class of similarly situated "individual persons or entities in California and all other states as the Court may deem to be appropriate." Dkt. 30 at 6. The plaintiff's allegations satisfy the minimal diversity requirement.

Finally, the parties do not dispute that the aggregate amount of all class members' claims exceeds $5 million. For example, the plaintiffs contend that their damages amount to several dollars per month and that if Sprint imposes its charges uniformly, the class damages amount to millions of dollars. *Id.* at 14. The Court therefore concludes that the plaintiffs' allegations, at this stage of the proceeding, are sufficient to establish jurisdiction under the CAFA.

Under certain circumstances, the Court may, in the interests of justice and after considering the totality of the circumstances, decline jurisdiction over a class action if more than one-third but less than two-thirds of the class members and the primary defendants are citizens of the state in which the action was originally filed. 28 U.S.C. § 1332(d)(3). There are also circumstances in which the CAFA requires the Court to decline to exercise jurisdiction. 28 U.S.C. § 1332(d)(4). Based upon the record established thus far, it appears that minimal diversity is present and that the Court should not decline jurisdiction under Section 1332(d)(3) or (4).

Because the CAFA's jurisdictional requirements necessarily depend upon the facts of a particular case, further development of the factual record may warrant an additional inquiry into the basis for the Court's jurisdiction and whether declining jurisdiction would be prudent. At this juncture, it appears that the plaintiffs have established the requisite factual basis for the Court's exercise of jurisdiction pursuant to the CAFA.

**B.     MOTION TO STRIKE**

Motions to strike are governed by Federal Rule of Civil Procedure 12(f), which provides as follows:

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

Fed. R. Civ. P. 12(f). Sprint moves to strike several portions of the second amended complaint on the grounds that they are immaterial and impertinent. Dkt. 31-2 at 5.

First, Sprint moves to strike references to "exemplary damages." Dkt. 31-2 at 5. Counsel for both parties conferred, and the plaintiffs' counsel has clarified that exemplary damages are sought only for the alleged violations of the FCA and California Public Utilities Code § 2890(a), which provides that "telephone bill[s] may only contain charges for products or services, the purchase of which the subscriber has authorized." *Id.* at 7; *see also* Dkt. 30 at 29 (Plaintiffs' "cramming" claim). Sprint nevertheless moves to strike on the grounds that it is unclear from the face of the complaint that the plaintiffs are not seeking exemplary damages for their Consumer Legal Remedies Act ("CLRA") claim and that the plaintiffs cannot recover exemplary damages for their FCA and cramming claims. Dkt. 31-2 at 7. As the plaintiffs' FCA claim has been dismissed (Dkt. 37), the only alleged basis for recovering exemplary damages is the plaintiffs' cramming claim.

The plaintiffs' contention that they are entitled to exemplary damages on their cramming claim is new. The first and second amended complaints contain references to exemplary damages that are not specific to any particular claim. *See, e.g.*, Dkt. 30 at 7 ("Plaintiffs seek . . . exemplary and/or statutory damages as set forth more fully below to the extent they are entitled to such relief under the law."). On January 23, 2008, Sprint moved to strike the plaintiff's request for exemplary damages in the first amended complaint:

> Plaintiffs' First Amended Complaint includes a request for punitive damages. The request is made in ¶ ¶ 61 and 79 and in the Prayer for Relief at ¶ 3. *The only causes of action potentially giving rise to a prayer for punitive*

ORDER - 5

> *damages are Plaintiffs' third cause of action for violations of the CLRA and Plaintiffs' seventh cause of action for conversion. No other cause of action alleged provides a basis for punitive damages.* Because Plaintiffs cannot maintain an action for damages due to a violation of Civil Code § 1782(a) and have failed to state a cause of action for conversion, Plaintiffs' prayer for punitive damages should be stricken.

Dkt. 12-2 at 18 (emphasis added). In opposing the motion to strike, the plaintiffs contended that the request for exemplary damages should survive because their CLRA and conversion claims were not subject to dismissal: "Finally, the motion to strike the claim for punitive damages is based solely on the assumption Sprint is correct about both the CLRA claim and the conversion claim. As it is wrong about both for the reasons set forth above, the punitive damages allegations are properly alleged." Dkt. 18 at 19. In other words, the plaintiffs did not dispute that they were seeking exemplary damages only on their CLRA and conversion claims. Accordingly, the Court dismissed the request for exemplary damages. Dkt. 27 at 12-13. The plaintiffs were afforded a full and fair opportunity to oppose dismissal of their exemplary damages request on the grounds that their cramming claim provides for exemplary damages but failed to do so. Therefore, the Court should grant the motion to strike as to the second amended complaint's reference to exemplary damages.

Second, Sprint moves to strike the second amended complaint's reference to "statutory" damages under the CLRA on the grounds that this claim has been dismissed. Dkt. 31-2 at 5; Dkt. 27 at 12 ("Sprint's motion to dismiss plaintiffs' CLRA claim for damages is **GRANTED**. The CLRA claim for damages is **DISMISSED** on the basis that plaintiffs did not comply with the prefiling notice requirements of Cal.Civ.Code, § 1782 (a), and the claim for damages in ¶ 61 of the amended complaint is **STRICKEN**."). Specifically, Sprint moves to strike paragraphs 66 and 67 from the second amended complaint. In paragraph 66, the plaintiffs allege their compliance with California Civil Code § 1782's notice requirement, an allegation that also appeared in the first amended complaint. This allegation is in direct contravention of the Court's prior ruling. Dkt. 27 at 9 ("plaintiffs did not comply with the prefiling notice requirements of Cal.Civ.Code, § 1782."). Accordingly, the plaintiffs should not be permitted to relitigate this issue, and the motion to strike paragraph 66 should be granted.

With respect to paragraph 67, Sprint disputes the inclusion of the following: "Plaintiff Taylor hereby preserves the right to later seek an award of all actual and exemplary damages permitted for violation fo the CLRA, including for statutory damages of $1,000 and/or up to $5,000 per consumer who qualifies as a 'senior citizen' under the CLRA." Dkt. 30 at 23-24. The Court's prior rulings did not address the right to "later seek" damages under the CLRA, and the Court should therefore decline to strike this language. The Court's rulings striking references to exemplary and statutory damages is without prejudice to evidentiary offers and to future motions should the plaintiffs be able to establish that they have some right to "later seek" such damages.

Third, Sprint moves to strike allegations that UCAN suffered an injury. Dkt. 31-2 at 8. The first amended complaint's allegations regarding injuries suffered by UCAN are as follows:

> UCAN has lost and diverted staff time and resources from other clients and causes investigating the claims asserted herein and in an attempt to resolve the allegations at issue herein. UCAN brings this action on behalf of its members and seeks all such remedies that it is entitled to in that capacity.

Dkt. 9 at 4. The Court held that these allegations were insufficient as follows:

> In this case, UCAN has not alleged a sufficient injury in fact, fairly traceable to Sprint's conduct, sufficient to satisfy the requirements for Article III standing. The allegedly unlawful charges at issue were made on bills between Sprint and its customers. UCAN has not alleged a direct relationship between that organization and Sprint. UCAN's decision to expend resources to investigate Sprint's conduct–conduct related to individuals who were Sprint's customers–is an attempt to bootstrap its costs onto claims of its members. UCAN has not shown that it has suffered injury in fact sufficient to establish Article III standing.

Dkt. 26 at 4.

In the second amended complaint, the plaintiffs apparently seek to cure this deficiency with substantially similar allegations:

> UCAN has lost and diverted staff time and resources from other clients and causes investigating the claims asserted herein and in an attempt to resolve the allegations at issue herein. UCAN *thus* brings this action *acting* on behalf of *itself and* its members and seeks all such remedies that it is entitled to in that capacity.

Dkt. 30 at 4 (emphasis added); *see also* Dkt. 30 at 2 ("either it or one of its members have lost money); Fed. R. Civ. P. 15(a)(2). The Court has already determined that these factual allegations are insufficient to establish UCAN's standing to sue on its own behalf, and the Court should not

ORDER - 7

permit the plaintiffs to contravene this holding. Accordingly, Sprint's motion to strike UCAN's allegation that it is suing on its own behalf should be granted.

Fourth, Sprint moves to strike all allegations regarding "regulatory" and "administrative" charges and allegations regarding a new sub-class. Dkt. 31-2 at 10. Sprint contends that these allegations are unrelated to allegations in earlier versions of the complaint and should be stricken for the plaintiffs' failure to obtain leave of court to allege new claims or theories. Sprint similarly contends that allegations regarding Ms. Sherman and Ms. Friedrich should be stricken because the plaintiffs do not allege that these individuals are data card customers. *Id.* at 11. Sprint also contends that the plaintiffs fail to identify a class representative for the new sub-class. *Id.*

Sprint offers no substantive basis for striking these new allegations, asserts no prejudice stemming from the amendment, and does not contend that the plaintiffs should be denied leave to include these new allegations. Whether the new sub-class is represented by the named plaintiffs is an issue better addressed at the class certification stage. Accordingly, the Court should decline to strike these allegations. In future filings, the Court expects counsel to fully comply with the Federal Rules of Civil Procedure to avoid such misunderstandings about the scope of a motion or order.

**C. STATUS CONFERENCE**

In a footnote in the response, the plaintiffs ask the Court to conduct an Early Neutral Evaluation under Local Rule 16.1(c) or a Case Management Conference under Federal Rule of Civil Procedure 16(b). Dkt. 33 at 3 n.1. This request was not made by motion as any request for action by the Court should be made.

Nevertheless, a status conference is warranted. *See* Dkt. 24 (letter indicating Court's intention to conduct status conference after ruling on pending motions). The original complaint was filed on November 21, 2007, and has undergone two amendments. Dkt. 1; Dkt. 9; Dkt. 30. The pleadings are now sufficiently clear, the second amended complaint should serve as the operative complaint, and this matter should proceed through the remainder of the pretrial phase.

Accordingly, the Court will conduct a telephonic status and scheduling conference on August 29, 2008, at 9:30 a.m. Before the conference, counsel for the parties shall confer pursuant to Federal Rule of Civil Procedure 26(f). At that time, the parties should be prepared to discuss the following:

1. The date on which Federal rule of Civil Procedure 26(a) initial disclosures took place or will take place.

2. Whether precertification discovery should be limited to matters bearing on certification of this matter as a class action.

3. Whether the case should be bifurcated by deciding class certification before any substantive issues in the case and/or by trying the liability issues before the damages issues.

4. A proposed filing deadline and briefing schedule for the class certification motion.

5. A proposed discovery plan.

6. The date the case will be ready for trial.

7. The total number of trial days required.

8. The dates on which trial counsel may have complications to be considered in setting a trial date.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' Motion to Strike Plaintiffs' Second Amended Complaint (Dkt. 31-2) is **GRANTED in part** and **DENIED in part** as provided herein, and the Court will conduct a telephonic status conference on August 29, 2008 at 9:30 a.m.

DATED this 15th day of August, 2008.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER - 9