JAMES J. MITTERMILLER, Cal. Bar No. 85177
jmittermiller@sheppardmullin.com
FRANK J. POLEK, Cal. Bar No. 167852
fpolek@sheppardmullin.com
JOHN C. DINEEN, Cal. Bar No. 222095
jdineen@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone: 619-338-6500
Facsimile: 619-234-3815

Attorneys for Defendants
SPRINT SOLUTIONS, INC. and SPRINT SPECTRUM L.P.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UTILITY CONSUMERS' ACTION NETWORK and ERIC TAYLOR, on behalf of themselves, their members and/or all others similarly situated, as applicable,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT SOLUTIONS, INC.; and SPRINT SPECTRUM L.P.,<br><br>Defendants. | Case No. 07 CV 2231 RJB<br><br>**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Case Assigned To: Hon. Robert J. Bryan<br><br>**DEMAND FOR JURY TRIAL** |

Defendants SPRINT SOLUTIONS, INC. and SPRINT SPECTRUM L.P. ("Defendants") answer Plaintiffs' Second Amended Complaint ("SAC") as follows:

1. Answering paragraph 1 of Plaintiffs' SAC, Defendants admit that Mr. Taylor has been a Sprint Nextel data services customer. Defendants admit that Mr. Taylor subscribed to Sprint Nextel's data services plan and that the plan provides data transmission services to Sprint Nextel customers. As to the remainder of the allegations

contained in this paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

2. Answering paragraph 2 of Plaintiffs' SAC, Defendants admit that they have included charges on customers' invoices for taxes and surcharges. Defendants further admit that Exhibits "1" to "4", attached to Plaintiffs' SAC, are copies of invoices generated by Defendants. All remaining allegations in this paragraph, if any, are denied.

3. Answering paragraph 3 of Plaintiffs' SAC, Defendants admit that they sent their data services customers monthly bills. As to Plaintiff’s allegation that “such fees are not government imposed charges to be imposed for data transmission services, but rather only for telephonic services” Defendants deny such allegations as it is not clear what “charges” Plaintiffs are referencing. As to the remainder of the allegations contained in this paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

4. Answering paragraph 4 of Plaintiffs' SAC, Defendants deny they have violated any FCC “determinations.” With respect to the remainder of this paragraph, Defendants respond as follows: Plaintiffs’ allegations in this paragraph are conclusions of law to which no response is required. To the extent any factual allegations are made, they are denied.

5. Answering paragraph 5 of Plaintiffs' SAC, Defendants deny each and every allegation contained therein.

6. Answering paragraph 6 of Plaintiffs' SAC, no response is required to the first sentence of said paragraph as any such communications were made for settlement purposes pursuant to Federal Rule of Evidence 408. Defendants admit that they received revenue from customers. Defendants admit that they have issued certain credits to data card customers affected by certain charges. To the extent that there are remaining allegations in this paragraph, they are denied.

7. Answering paragraph 7 of Plaintiffs' SAC, Defendants deny that "there are other problems with Sprint Nextel's data services plan billing system." Defendants admit that Plaintiff Taylor received certain charges for text messages and that Defendants credited Plaintiff Taylor for all such charges. Defendants admit that Mr. Taylor has been a data services only customer. Defendants admit that they assigned a number to Mr. Taylor's data connection card. Defendants deny that they "insist" that they "can do nothing to stop such unauthorized charges." Defendants deny Plaintiffs' allegation that "such unauthorized charges violate state and federal anti-cramming laws, including 47 U.S.C. § 201(b) and Cal. Pub. Util. Code § 2890." Defendants admit that imposition of the new fees constituted an adverse material change for certain customers (but not others) who therefore had the opportunity to terminate their service, in accordance with the parties' contracts. Defendants deny Plaintiffs' allegation that "Sprint Nextel consistently refused to recognize these rights, requiring many Class members to spend considerable time and effort to address these issues." As to the remainder of the allegations contained in this paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

8. Answering paragraph 8 of Plaintiffs' SAC, Defendants admit that they are a corporation and a partnership, respectively, and are "authorized or registered to conduct, or in fact do conduct, substantial business in the State of California." The

remainder of the first sentence, and the second and third sentences of the paragraph contain legal conclusions to which no response is required. Defendants admit that this action challenges Defendants' actions regarding disclosure of certain fees and refunds of certain fees. As to the remainder of the allegations contained in this paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

9. Answering paragraph 9 of Plaintiffs' SAC, Defendants admit that venue is proper in this Court. Defendants admit that they received revenue in this district. Defendants deny that they “caused misrepresentations to be disseminated.” Defendants admit that they entered into agreements and transactions in this district. Defendants deny that they “breached agreements in this district.” Defendants deny they have any liability. As to the remainder of the allegations contained in this paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

10. Answering paragraph 10 of Plaintiffs' SAC, in its August 15, 2008 Order, the Court granted Defendants' motion to strike the following allegations in this paragraph: "UCAN has lost and diverted staff time and resources from other clients and causes investigating the claims asserted herein and in an attempt to resolve the allegations at issue herein. UCAN thus brings this action acting on behalf of itself and its members and seeks all such remedies that it is entitled to in that capacity." Accordingly, no response is required to those allegations. Defendants admit that Mr. Taylor has been a customer of Sprint Nextel. Defendants deny that Mr. Taylor “suffered injury in fact and lost money or property or had his rights infringed upon as a result of the acts and practices here at issue by being charged and/or required to pay the charges, taxes and fees here at issue and/or not having had such monies refunded with interest.” Defendants admit that exhibits 1 to 4 of the SAC are copies of Defendants' billing statements to Taylor. As to the

remainder of the allegations contained in this paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

11. Answering paragraph 11 of Plaintiffs' SAC, Defendants admit that they operate and conduct business in California and the United States. Defendants admit that Sprint Solutions, Inc. is a Delaware corporation and Sprint Spectrum, L.P. is a Delaware limited partnership. Defendants admit that they are indirect subsidiaries of Sprint Nextel Corporation. Defendants allege that Sprint Solutions, Inc.'s address is 6200 Sprint Parkway, Overland Park, KS 66257. Defendants further allege that Sprint Spectrum, L.P.'s address is 6200 Sprint Parkway, Overland Park, KS 66257. Defendants deny the remainder of the allegations contained in this paragraph.

12. Answering paragraph 12 of Plaintiffs' SAC, Defendants deny each and every allegation contained therein.

13. Answering paragraph 13 of Plaintiffs' SAC, Defendants respond as follows: The allegations in this paragraph are merely definitional, and require no response from Defendants. To the extent any allegations are made, they are denied.

14. Answering paragraph 14 of Plaintiffs' SAC, Defendants deny that “this action is brought and may properly be maintained as a class action.” The remainder of this paragraph is merely definitional, and requires no response from Defendants. To the extent any allegations are made, they are denied.

15. Answering paragraph 15 of Plaintiffs' SAC, Defendants respond as follows: The allegations in this paragraph are merely definitional, and require no response from Defendants. To the extent any allegations are made, they are denied.

16. Answering paragraph 16 of Plaintiffs' SAC, Defendants admit that Defendants conduct business nationwide and that as of July 2007, Defendants had over one million data services customers. Defendants deny that they "presumably bill all their customers uniformly." As to the remainder of the allegations contained in this paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

17. Answering paragraph 17 of Plaintiffs' SAC, Defendants respond as follows: This paragraph does not contain substantive allegations, but rather only a summary of the relief sought by Plaintiffs. No response is required. Further, in its August 15, 2008 Order, the Court granted Defendants' motion to strike the following phrase in this paragraph: "exemplary damages." No response is required as to that allegation. Defendants deny all allegations contained in this paragraph and deny that Plaintiffs are entitled to any relief whatsoever.

18. Answering paragraph 18 of Plaintiffs' SAC, Defendants respond as follows: The allegations in this paragraph are merely definitional, and require no response from Defendants. To the extent any allegations are made, they are denied. Further, in its August 15, 2008 Order, the Court granted Defendants' motion to strike the following phrase in this paragraph: "exemplary damages." No response is required for that allegation.

19. Answering paragraph 19 of Plaintiffs' SAC, Defendants deny Plaintiffs' allegation that Plaintiffs and putative class members "were victims of the illegal practices in question by being wrongfully charged the taxes and fees here at issue, not receiving accurate information from defendants, and not receiving reimbursement of such charges plus interest thereon, as well as an agreement by defendants to provide a clear and conspicuous corrective notice and not to impose such charges in the future." Defendants

deny Plaintiffs' allegation that "Plaintiffs and all class members have similarly had their legal rights infringed upon, sustained injuries, losses and damages as described herein and/or are facing irreparable harm arising out of defendants' common course of conduct." Defendants deny Plaintiffs' allegation that "The right of each member of the Class to payment of any actual, incidental, consequential, exemplary and/or statutory damages or equitable monetary relief resulting therefrom equally arise from and are attributable to defendants' wrongful conduct in violation of the laws alleged herein, as these claims arise from the same core set of facts." Further, in its August 15, 2008 Order, the Court granted Defendants' motion to strike the following phrase in this paragraph: "exemplary damages." No response is required to that allegation. As to the remainder of the allegations contained in this paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

20. Answering paragraph 20 of Plaintiffs' SAC, Defendants deny that they "falsely billed" any persons. As to the remainder of the allegations contained in this paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

21. Answering paragraph 21 of Plaintiffs' SAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny each and every allegation contained therein.

22. Answering paragraph 22 of Plaintiffs' SAC, Defendants deny any wrongs were done to putative class members. Defendants deny that they engaged in "illegitimate competition." Defendants deny that they "indulge[d] in misleading

practices." As to the remainder of the allegations contained in this paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

23. Answering paragraph 23 of Plaintiffs' SAC, Defendants admit that they maintain certain customer information, some of which is maintained electronically. Defendants deny that any "costs are properly imposed on defendants." As to the remainder of the allegations contained in this paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

24. Answering paragraph 24 of Plaintiffs' SAC, Defendants deny that "[t]his action is also properly certified to proceed on a class-wide basis." Defendants deny that they "have acted or refused to act in respects generally applicable to the Class, thereby making appropriate final injunctive relief with regard to the members of the Class as a whole in terms of the equitable relief sought." As to the remainder of the allegations contained in this paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

25. Answering paragraph 25 of Plaintiffs' SAC, the allegation that "Defendants hold themselves out as possessing superior knowledge regarding their products and services, particularly in the telecommunications market they serve" is too vague and ambiguous for Defendants to admit or deny and on that basis, it is denied. Defendants admit that they provide products and services for use throughout California and the United States and receive revenues for such products and services. To the extent that there are remaining allegations in this paragraph, they are denied.

26. Answering paragraph 26 of Plaintiffs' SAC, Defendants admit that Defendants' bills included the charges identified on exhibits 1 through 4 attached to the SAC, and that the particular charges complained of by Plaintiffs amount to $0.55 for the billing period of September 23, 2006 to October 22, 2006, $3.81 for the billing period of April 23, 2007 to May 22, 2007, and $0.57 for the billing period of June 23, 2007 to July 26, 2007. In addition, Defendants admit that they have over one million data services customers. As to the remainder of the allegations contained in this paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

27. Answering paragraph 27 of Plaintiffs' SAC, Defendants admit that they assign a number to the devices used by data services customers to receive such service. As to the remainder of the allegations contained in this paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

28. Answering paragraph 28 of Plaintiffs' SAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny each and every allegation contained therein.

29. Answering paragraph 29 of Plaintiffs' SAC, Defendants admit that they assign a number to the devices used by data services customers to receive such service. Defendants admit that data services customers cannot ordinarily receive text messages via the devices used by data services customers to receive such service. Defendants deny that they are engaged in a practice known as "cramming." Defendants deny that data services accounts are left "open to receive text messages." Defendants deny that Plaintiff Taylor has not been reimbursed for text message charges. As to the

remainder of the allegations contained in this paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

30. Answering paragraph 30 of Plaintiffs' SAC, Defendants admit that certain regulatory rulings have held that wireless broadband internet services constitute "information services." Defendants deny the remainder of the allegations contained in this paragraph.

31. Answering paragraph 31 of Plaintiffs' SAC, Defendants admit that refunds and/or credits were provided to customers who received certain charges to their accounts. Defendants deny the remainder of the allegations contained in this paragraph.

32. Answering paragraph 32 of Plaintiffs' SAC, Defendants deny each and every allegation contained therein.

33. Answering paragraph 33 of Plaintiffs' SAC, Defendants admit that UCAN inquired as to how affected customers would be informed about credits to their accounts. Defendants deny that they are required to provide notice. Defendants deny that any notice given was inadequate. Plaintiffs' allegation that "Sprint Nextel should also post the notice of this credit and the company's method for determining the amount of the credit on their website to ensure full notification to customers" is a legal conclusion to which no response is required. As to the remainder of the allegations contained in this paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

34. Answering paragraph 34 of Plaintiffs' SAC, Defendants deny each and every allegation contained therein.

35. Answering paragraph 35 of Plaintiffs' SAC, Defendants admit that in January 2008 they implemented an "administrative fee" and a "regulatory fee" and removed certain other charges. Defendants further admit that imposition of those new fees constituted an adverse material change for certain customers (but not others) who therefore had the opportunity to terminate their service, in accordance with the parties' contracts. Defendants deny the remainder of the allegations contained in this paragraph.

36. Answering paragraph 36 of Plaintiffs' SAC, Defendants admit that Sarah Sherman was a customer of Defendants. As to the remainder of the allegations contained in this paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein. Further, Defendants allege that Sarah Sherman has not been a data services customer of Defendants.

37. Answering paragraph 37 of Plaintiffs' SAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny each and every allegation contained therein.

38. Answering paragraph 38 of Plaintiffs' SAC, Defendants admit that Carla Friedrich was a customer of Defendants. As to the remainder of the allegations contained in this paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein. Further, Defendants allege that Carla Friedrich has not been a data services customer of Defendants.

39. Answering paragraph 39 of Plaintiffs' SAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny each and every allegation contained therein.

40. Answering paragraph 40 of Plaintiffs' SAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny each and every allegation contained therein.

41. Answering paragraph 41 of Plaintiffs' SAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny each and every allegation contained therein.

42. Answering paragraph 42 of Plaintiffs' SAC, Defendants deny that they made "uniform misrepresentations or omissions of material fact." Defendants deny that they made improper charges under the Terms and Conditions of Service. As to the remainder of the allegations contained in this paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

43. Answering paragraph 43 of Plaintiffs' SAC, Defendants deny that they made any misrepresentation or failed to provide any appropriate credit. Defendants deny that "Class members have suffered injury in fact and loss of money or property." As to the remainder of the allegations contained in this paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

44. Answering paragraph 44 of Plaintiffs' SAC, Defendants deny each and every allegation contained therein.

45. Answering paragraph 45 of Plaintiffs' SAC, Defendants admit that “on or about June 28, 2007 Sprint Nextel claimed to have stopped charging most of the above-described fees to Class members.” Defendants deny the remainder of the allegations contained in this paragraph.

46. Answering paragraph 46 of Plaintiffs' SAC, Defendants respond as follows: As to Plaintiffs' allegation that, "As the data services here at issue are 'information services' under the Federal Communications Act, such services are not subject to the provisions of the Federal Communications Act that permit common carriers to charge taxes or fees associated with 'telecommunications' services," the allegation is a conclusion of law to which no response is required. Defendants admit that in or about June 2007 Defendants "stopped charging most of the charges" assessed during the previous billing cycle. Defendants deny the remainder of the allegations contained in this paragraph.

47. Answering paragraph 47 of Plaintiffs' SAC, Defendants deny each and every allegation contained therein.

**FIRST ALLEGED CLAIM**

48. Answering paragraph 48 of Plaintiffs' SAC, Defendants incorporate by reference Defendants' responses to paragraphs 1 through 47 of Plaintiffs' SAC.

49. Answering paragraph 49 of Plaintiffs' SAC, Defendants deny each and every allegation contained therein.

50. Answering paragraph 50 of Plaintiffs' SAC, Defendants deny each and every allegation contained therein.

51. Answering paragraph 51 of Plaintiffs' SAC, Defendants respond as follows: Plaintiffs' allegations in this paragraph are conclusions of law to which no response is required. To the extent any factual allegations are made, they are denied.

52. Answering paragraph 52 of Plaintiffs' SAC, Defendants respond as follows: Plaintiffs' allegations in this paragraph are conclusions of law to which no response is required. To the extent any factual allegations are made, they are denied.

53. Answering paragraph 53 of Plaintiffs' SAC, Defendants respond as follows: Plaintiffs' allegations in this paragraph are conclusions of law to which no response is required. To the extent any factual allegations are made, they are denied.

54. Answering paragraph 54 of Plaintiffs' SAC, Defendants respond as follows: Plaintiffs' allegations in this paragraph are conclusions of law to which no response is required. To the extent any factual allegations are made, they are denied.

55. Answering paragraph 55 of Plaintiffs' SAC, Defendants deny that they have engaged in any unlawful, unfair and/or fraudulent conduct or that Defendants' actions present any threat to the public. Defendants deny that they have acknowledged any wrongdoing. Defendants deny that they have ever "misdescribed" or continue to "misdescribe" any taxes and/or fees charged to their data services customers. Plaintiffs' remaining allegations in this paragraph are conclusions of law to which no response is required. To the extent any factual allegations are made, they are denied.

56. Answering paragraph 56 of Plaintiffs' SAC, Defendants respond as follows: This paragraph contains only a summary of Plaintiffs' requested relief, rather than any factual allegations. As such, no response is required. To the extent any factual allegations are made, they are denied.

**SECOND ALLEGED CLAIM**

57. Answering paragraph 57 of Plaintiffs' SAC, Defendants incorporate by reference Defendants' responses to paragraphs 1 through 56 of Plaintiffs' SAC.

58. Answering paragraph 58 of Plaintiffs' SAC, Defendants deny that they "have imposed the above-identified charges in a manner that is not legally proper and that were not properly claimed as due and owing" and that Defendants refused to comply with any contractual obligations. Plaintiffs' remaining allegations in this paragraph are conclusions of law to which no response is required. To the extent any factual allegations are made, they are denied.

59. Answering paragraph 59 of Plaintiffs' SAC, Defendants deny that they have breached any contracts and deny that they have imposed any fees, surcharges or taxes not due and owing. Defendants deny that they have admitted any wrongdoing. Defendants deny that they have ever had any obligation to provide "full notice of the nature of the charges imposed" and that they have breached any such obligation, if such obligation exists. Defendants deny for lack of information and belief as to what any putative class members are or were willing to do or that they have "paid such monies." Plaintiffs' remaining allegations in this paragraph are conclusions of law to which no response is required. To the extent any factual allegations are made, they are denied.

60. Answering paragraph 60 of Plaintiffs' SAC, Defendants deny each and every allegation contained therein.

## THIRD ALLEGED CLAIM

61. Answering paragraph 61 of Plaintiffs' SAC, Defendants incorporate by reference Defendants' responses to paragraphs 1 through 60 of Plaintiffs' SAC.

62. Answering paragraph 62 of Plaintiffs' SAC, Defendants respond as follows: Plaintiffs' allegations in this paragraph are conclusions of law to which no response is required. To the extent any factual allegations are made, they are denied.

63. Answering paragraph 63 of Plaintiffs' SAC, Defendants admit that Defendants provide services to their data services customers. As to the remainder of the allegations contained in this paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

64. Answering paragraph 64 of Plaintiffs' SAC, Defendants deny each and every allegation contained therein.

65. Answering paragraph 65 of Plaintiffs' SAC, Defendants deny each and every allegation contained therein.

66. Answering paragraph 66 of Plaintiffs' SAC, Defendants respond as follows: In its August 15, 2008 Order, the Court granted Defendants' motion to strike this paragraph, accordingly, no response is required. To the extent any allegations remain, they are denied.

67. Answering paragraph 67 of Plaintiffs' SAC, Defendants deny each and every allegation contained therein.

**FOURTH ALLEGED CLAIM**

68. Answering paragraph 68 of Plaintiffs' SAC, Defendants incorporate by reference Defendants' responses to paragraphs 1 through 67 of Plaintiffs' SAC.

69. Answering paragraph 69 of Plaintiffs' SAC, Defendants respond as follows: Plaintiffs' allegations in this paragraph are conclusions of law to which no response is required. To the extent any factual allegations are made, they are denied.

70. Answering paragraph 70 of Plaintiffs' SAC, Defendants respond as follows: Plaintiffs' allegations in this paragraph are conclusions of law to which no response is required. To the extent any factual allegations are made, they are denied.

71. Answering paragraph 71 of Plaintiffs' SAC, Defendants respond as follows: Plaintiffs' allegations in this paragraph are conclusions of law to which no response is required. To the extent any factual allegations are made, they are denied.

72. Answering paragraph 72 of Plaintiffs' SAC, Defendants respond as follows: This paragraph of the complaint contains a summary of Plaintiffs' requested relief, rather than any factual allegations. As such, no response is required. To the extent any factual allegations are made, they are denied.

**FIFTH ALLEGED CLAIM**

73. Answering paragraph 73 of Plaintiffs' SAC, Defendants incorporate by reference Defendants' responses to paragraphs 1 through 72 of Plaintiffs' SAC.

74. Answering paragraph 74 of Plaintiffs' SAC, Defendants respond as follows: In its July 10, 2008 Order, the Court granted Defendants' motion to dismiss Plaintiffs' Fifth Cause of Action for alleged violation of the Federal Communications Act. No response is required for paragraphs 73 through 82 of Plaintiffs' SAC.

75. Answering paragraph 75 of Plaintiffs' SAC, Defendants respond as follows: In its July 10, 2008 Order, the Court granted Defendants' motion to dismiss Plaintiffs' Fifth Cause of Action for alleged violation of the Federal Communications Act. No response is required for paragraphs 73 through 82 of Plaintiffs' SAC.

76. Answering paragraph 76 of Plaintiffs' SAC, Defendants respond as follows: In its July 10, 2008 Order, the Court granted Defendants' motion to dismiss Plaintiffs' Fifth Cause of Action for alleged violation of the Federal Communications Act. No response is required for paragraphs 73 through 82 of Plaintiffs' SAC.

77. Answering paragraph 77 of Plaintiffs' SAC, Defendants respond as follows: In its July 10, 2008 Order, the Court granted Defendants' motion to dismiss Plaintiffs' Fifth Cause of Action for alleged violation of the Federal Communications Act. No response is required for paragraphs 73 through 82 of Plaintiffs' SAC.

78. Answering paragraph 78 of Plaintiffs' SAC, Defendants respond as follows: In its July 10, 2008 Order, the Court granted Defendants' motion to dismiss

Plaintiffs' Fifth Cause of Action for alleged violation of the Federal Communications Act. No response is required for paragraphs 73 through 82 of Plaintiffs' SAC.

79. Answering paragraph 79 of Plaintiffs' SAC, Defendants respond as follows: In its July 10, 2008 Order, the Court granted Defendants' motion to dismiss Plaintiffs' Fifth Cause of Action for alleged violation of the Federal Communications Act. No response is required for paragraphs 73 through 82 of Plaintiffs' SAC.

80. Answering paragraph 80 of Plaintiffs' SAC, Defendants respond as follows: In its July 10, 2008 Order, the Court granted Defendants' motion to dismiss Plaintiffs' Fifth Cause of Action for alleged violation of the Federal Communications Act. No response is required for paragraphs 73 through 82 of Plaintiffs' SAC.

81. Answering paragraph 81 of Plaintiffs' SAC, Defendants respond as follows: In its July 10, 2008 Order, the Court granted Defendants' motion to dismiss Plaintiffs' Fifth Cause of Action for alleged violation of the Federal Communications Act. No response is required for paragraphs 73 through 82 of Plaintiffs' SAC.

82. Answering paragraph 82 of Plaintiffs' SAC, Defendants respond as follows: In its July 10, 2008 Order, the Court granted Defendants' motion to dismiss Plaintiffs' Fifth Cause of Action for alleged violation of the Federal Communications Act. No response is required for paragraphs 73 through 82 of Plaintiffs' SAC.

## **SIXTH ALLEGED CLAIM**

83. Answering paragraph 83 of Plaintiffs' SAC, Defendants incorporate by reference Defendants' responses to paragraphs 1 through 82 of Plaintiffs' SAC.

84. Answering paragraph 84 of Plaintiffs' SAC, Defendants deny each and every allegation contained therein.

85. Answering paragraph 85 of Plaintiffs' SAC, Defendants deny they received any “unjust enrichment.” Defendants deny that “class members suffered injury.” The remainder of this paragraph contains a summary of relief requested by Plaintiffs to which no response is required. To the extent that there are factual allegations in this paragraph, they are denied.

## SEVENTH ALLEGED CLAIM

86. Answering paragraph 86 of Plaintiffs' SAC, Defendants incorporate by reference Defendants' responses to paragraphs 1 through 85 of Plaintiffs' SAC.

87. Answering paragraph 87 of Plaintiffs' SAC, Defendants respond as follows: Plaintiffs' allegations in this paragraph are conclusions of law to which no response is required. To the extent any factual allegations are made, they are denied for lack of information and belief.

88. Answering paragraph 88 of Plaintiffs' SAC, Defendants respond as follows: Plaintiffs' allegations in this paragraph are conclusions of law to which no response is required. To the extent any factual allegations are made, they are denied for lack of information and belief.

89. Answering paragraph 89 of Plaintiffs' SAC, Defendants respond as follows: This paragraph contains a summary of relief requested by Plaintiffs to which no response is required. To the extent any factual allegations are made, they are denied for lack of information and belief.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiffs' allegations, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim for Relief)**

1. The Complaint fails to state facts sufficient to constitute a claim for relief against Defendants.

### SECOND AFFIRMATIVE DEFENSE

**(Conduct Not Substantially Injurious)**

2. The conduct complained of is not substantially injurious, and Plaintiff is therefore precluded from asserting any claim against Defendants.

### THIRD AFFIRMATIVE DEFENSE

**(Abstention/Primary Jurisdiction)**

3. This action is barred by the doctrine of primary jurisdiction, in that the California Public Utilities Commission and the U.S. Federal Communications Commission have particular expertise and experience in this area. In the alternative, the Court should abstain from exercising jurisdiction.

**FOURTH AFFIRMATIVE DEFENSE**

**(Reasonableness and Good Faith)**

4. Defendants acted reasonably and in good faith at all times material herein. Defendants' conduct was not immoral, unethical, oppressive or unscrupulous. Accordingly, Plaintiffs are barred from any recovery in this action, or their recovery is limited.

**FIFTH AFFIRMATIVE DEFENSE**

**(Federal Preemption)**

5. The Complaint is barred under the Supremacy Clause of the United States Constitution and the doctrine of federal preemption. The relationship between Defendants and their customers is controlled exclusively by a detailed and comprehensive statutory framework contained in the Federal Communications Act and in the Telecommunications Act of 1996. The claims asserted in the Complaint are preempted by these Acts, and the regulations thereunder, as they seek to negate those enactments and regulations.

**SIXTH AFFIRMATIVE DEFENSE**

**(Offset)**

6. If Plaintiffs suffered any loss, damage, or detriment as a result of the facts alleged in the Complaint, Plaintiffs' recovery from Defendants, if any, should be offset and reduced to the fullest extent allowed by applicable law.

**SEVENTH AFFIRMATIVE DEFENSE**

**(State Preemption)**

7. The relationship between Defendants and their customers is controlled exclusively by a detailed and comprehensive enforcement scheme established under state law, administered by the California Public Utilities Commission and in other states under similar regulatory schemes. The claims asserted in the Complaint are preempted by the Public Utilities Code and regulations and decisions thereunder, and by other similar state regulatory schemes, as Plaintiffs purport to seek an impermissible regime of parallel regulation.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

8. Plaintiffs failed to mitigate their purported damages, if any, and to the extent of that failure to mitigate, their claims are barred or reduced.

**NINTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

9. By their conduct, action and inaction, Plaintiffs are estopped from obtaining the relief they seek.

**TENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

10. By their conduct, action and inaction, Plaintiffs have unclean hands and therefore are barred from obtaining the relief they seek.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

11. By their conduct, action and inaction, Plaintiffs have waived any claims against Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Laches)**

12. Plaintiffs' claims are barred under the doctrine of laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Acquiescence)**

13. Plaintiffs' claims are barred under the equitable defense of acquiescence.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Voluntary Payment Doctrine)**

14. Plaintiff's claims are barred under the voluntary payment doctrine.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Charges Required or Allowed by State Law)**

15. The charges complained of by Plaintiffs in their Second Amended Complaint were specifically allowed or required under the laws of various of the states.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitations)**

16. The Complaint and each and every count thereof is barred in whole or in part by the applicable statutes of limitations, including, without limitation, California Code of Civil Procedure Sections 337, 337.1, 339, 340, and 343.

**OTHER AFFIRMATIVE DEFENSES**

17. Defendants presently have insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendants reserve the right to assert additional affirmative defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that judgment be entered as follows:

1. That Plaintiffs take nothing by their complaint;

2. That Plaintiffs' complaint be dismissed with prejudice;

3. That Defendants be awarded their attorneys' fees and costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

Dated: September 8, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By s/ James J. Mittermiller

Attorneys for Defendants
SPRINT SOLUTIONS, INC. and SPRINT SPECTRUM L.P.
E-mail: jmittermiller@sheppardmullin.com

**DEMAND FOR JURY TRIAL**

Defendants demand a jury trial on all claims.

Dated: September 8, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By s/ James J. Mittermiller

Attorneys for Defendants
SPRINT SOLUTIONS, INC. and SPRINT SPECTRUM L.P.
E-mail: jmittermiller@sheppardmullin.com