UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UTILITY CONSUMERS' ACTION NETWORK and ERIC TAYLOR, on behalf of themselves, their members and/or all others similarly situated, as applicable,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>SPRINT SOLUTIONS, INC.; SPRINT SPECTRUM, L.P.; SPRINT-NEXTEL CORPORATION,<br><br>　　　　　Defendants. | CASE NO. C07-2231RJB<br><br>ORDER DENYING STIPULATED MOTION FOR ENTRY OF PROTECTIVE ORDER - WITHOUT PREJUDICE |

This matter comes before the Court on the above-referenced motion (Dkt. 51). The court is familiar with the records and files herein and the parties' Proposed Protective Order. For the following reasons, the Stipulated Motion should not be granted with the Proposed Protective Order in its present form. Counsel and the parties may agree on confidentiality among themselves and adopt any reasonable agreement. When the court is asked to be involved with a protective order, however, the order must be narrowly drawn and the parties must make the requisite showings under FRCP 26(c).

The motion should be denied without prejudice for the following reasons:

1.　　Protective orders should be issued only for good cause pursuant to FRCP 26(c). This is a public court and its business should be conducted publicly, unless there is

ORDER - 1

a specific reason to keep information confidential. There is a strong presumption of public access to the court's files and records, which should be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records or documents from public review. When protective orders are appropriate, they should be narrowly drawn, the presumption being in favor of open and public litigation. These considerations are particularly important in a class action case where the rights of innumerable non-parties may be affected.

2. The Proposed Protective Order submitted in this case is deficient in the following respects:

   A. Regarding paragraph 1.1.1 & 1.2 in the Proposed Protective Order: The Proposed Protective Order appears to be overbroad; the definitions provided go far beyond the limits of FRCP 26(c), and allow the parties excessive leeway in determining what should be protected. Any request for a protective order should clearly identify the class or type of documents subject to the protective order, and the reason underlying the request for the order.

   B. Regarding paragraph 2.2 in the Proposed Protective Order: This paragraph allows "any party or third party" to designate information as confidential or limited. Even though such a designation may be overcome in court proceedings, such broad authority encourages the parties and non-parties to "litigate in private," outside of the confines of FRCP 26(c).

   C. Regarding paragraph 3.1 in the Proposed Protective Order: This paragraph provides that certain individuals in certain circumstances "will be required to agree to be bound by" the terms of the Proposed Protective Order. The court should not, and will not, now require unknown persons to agree to something in the future.

D. Regarding paragraph 4.1 in the Proposed Protective Order: This paragraph also provides that certain parties in certain circumstances "shall agree" and is not appropriate for the same reasons as stated in the preceding paragraph.

E. Regarding paragraph 5.2.5 in the Proposed Protective Order: This paragraph provides for " an *ex parte* application." The undersigned judge does not consider *ex parte* applications in any case where other parties have appeared. All parties are entitled, by due process considerations, to notice and the opportunity to be heard on any application made to the court.

F. Regarding paragraph 5.4 in the Proposed Protective Order": This paragraph provides that "a subpoenaed party shall not produce information" under certain circumstances. This order provides that the court is ordering an unknown person not to do something in the future. It is simply not appropriate, out of consideration of due process, to make such a future order against unknown persons.

G. Regarding paragraph 5.5 in the Proposed Protective Order: This provision limits existing contractual rights of unknown third parties to information and, again, stretches due process considerations beyond the breaking point.

H. Regarding paragraph 7 in the Proposed Protective Order: Typically the local rules will provide sufficient procedures and safeguards for documents filed under seal. It is this court's understanding that documents filed under seal in the CM/ECF system are available to appropriate parties through that system and references to hard copies in the rule may be unnecessary.

I. Regarding paragraph 10.3 in the Proposed Protective Order: This paragraph provides that "a separate order shall be entered." The court does not wish to obligate itself at this time to issue a future order that may or may not be necessary.

J. Regarding paragraph 10.7 in the Proposed Protective Order: This paragraph provides for the inadmissibility of possible evidence. The Rules of Evidence control what will be admissible and the court does not wish to make advance ruling on evidentiary matters prior to the time those rulings are required.

K. Regarding paragraph 10.8 in the Proposed Protective Order: This paragraph provides for continuing jurisdiction after termination of the case. The case should not be terminated until issues covered in the Protective Order are resolved. Once the case is concluded, the undersigned does not wish to retain jurisdiction. If an issue arises after the case is terminated, there must be a separate basis for federal jurisdiction and, if there is federal jurisdiction, it <u>may</u> be appropriate to then assign any such issues to the undersigned as a related case.

The undersigned also requires that any protective order makes clear that the court may *sua sponte* raise questions and consider amendments, modifications, or additions to protective orders, but with notice to all involved parties and an opportunity for all to be heard before any ruling is issued.

Therefore, it is now

**ORDERED** that the Stipulated Motion for Entry of Protective Order (Dkt. 51) is **DENIED** without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 16th day of January, 2009.

ROBERT J. BRYAN
United States District Judge

ORDER - 4