UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UTILITY CONSUMERS' ACTION
NETWORK and ERIC TAYLOR, on behalf
of themselves, their members and/or all others
similarly situated, as applicable,

Plaintiffs,

v.

SPRINT SOLUTIONS, INC., and SPRINT
SPECTRUM L.P.,

Defendants.

Case No. 07 CV 2231 RJB

ORDER RE CLASS
CERTIFICATION

This matter comes before the Court on Plaintiffs' Motion for Class Certification (Dkt. 69). The Court has considered the relevant documents and the remainder of the file herein and heard oral argument on June 9, 2009.

**I. PROCEDURAL AND FACTUAL HISTORY**

On November 21, 2007, the Plaintiffs filed a class action complaint against the Defendants alleging, among other things, violations of California's Consumer Protection Acts. (Dkt. 1). The Plaintiff filed a Second Amended Complaint on May 9, 2008, that alleged seven causes of action: (1) violation of the California Business and Professional Code §17200 (also known as the "Unfair Competition Law" or "UCL"); (2) Breach of Contract; (3) violation of the California Civil Code §1750, *et seq.* (also known as the "Consumer Legal Remedies Act" or "CLRA"); (4) Declaratory Relief; (5) violation of the Federal Communications Act, 47 U.S.C. §201(b); (6) Unjust Enrichment; and (7) Cramming under the California Public Utilities Code §2890. (Dkt. 30). On

ORDER - 1

July 10, 2008, Plaintiffs' fifth cause of action regarding violations of the Federal Communications Act was dismissed. (Dkt. 37). On April 17, 2009, the Plaintiffs' filed this motion to certify a class in this action (Dkt. 69). On June 9, 2009, arguments were heard regarding the class certification.

The first question to be resolved is whether a nationwide class is appropriate under Fed.R.Civ.P. 23(a), and/or 23(b). Those rules are attached hereto for ease of reference.

## II. DISCUSSION

**1. Nationwide Class Certification under 23(b)(3)**

The Plaintiffs assert that certification of a nationwide class is appropriate in this case because the prospective class meets all the requirements of Fed.R.Civ.P. 23(a) and it is warranted under Rule 23(b)(3). The Plaintiffs argue that there is no jurisdictional bar to certifying a nationwide class. Additionally, the Plaintiffs argue that California law applies to non-California residents because there is a presumption California law applies absent a showing to the contrary under California choice of law principles, and that California law does not conflict with other state laws. The Plaintiffs also argue that certifying a nationwide class would be a superior method of adjudication because the common issue is the misbilling practices of the Defendants, and there is little or no interest by the prospective members of the nationwide class to individually control the prosecution of the action. Finally, the Plaintiffs argue that the trial of the class claims would be manageable.

The Defendants disagree and respond that a nationwide class is inappropriate, arguing that there are individual issues that predominate; that various states will enforce several provisions in the terms and conditions of relevant contracts in various ways; that California statutes cannot be applied to consumers outside of California; and that Plaintiffs' proposed trial plan is unworkable. The Defendants also argue, among other things, that any class period could not start before the effective date of the "Benny/Lundberg Class Settlement."

Class actions are governed by Federal Rule of Civil Procedure 23. *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). The party seeking class certification bears the burden of demonstrating that the party has met each of the four

ORDER - 2

requirements of Rule 23(a) and at least one of the requirements under Rule 23(b). *Id.* (*citing Hanon v. Dataproducts Corp.*, 976 F.2d 497 (9th Cir. 1992)). Before certifying a class, the Court must conduct a "rigorous analysis" to determine whether the party seeking certification has met the prerequisites of Rule 23. *Id.* (*citing Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227 (9th Cir. 1996)). The Court has broad discretion to certify a class, as long as it is within the framework of Rule 23. *Id.* (*citing Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304 (9th Cir. 1977)).

Under Fed.R.Civ.P. 23(b), a class action may be maintained if Rule 23(a) is satisfied and if:

> the court finds that the question of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed.R.Civ.P. 23(b)(3). Factors pertinent to finding whether a class certification is appropriate include: class members' interests in individually controlling the prosecution or defense of separate actions; the extent and nature of any action already begun; the desirability of concentrating an action in a particular forum; and the difficulties of managing a class action. Fed.R.Civ.P. 23(b)(3)(A)(B)(C) & (D).

"When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). "Variations in state law do not necessarily preclude a 23(b)(3) action, but class counsel should be prepared to demonstrate the commonality of substantive law applicable to all class members." *Id.* at 1022. The party seeking certification of a nationwide class bears the burden of demonstrating a suitable and realistic plan for trial of the class action. *See Zinser*, 253 F.3d at 1189. Where the complexities of class action treatment outweigh the benefits of considering common issues in one trial, class action treatment is not the superior method of adjudication. *See Id.* at 1192.

The elements of Fed.R.Civ.P. 23(a) are not in serious dispute and will not be discussed in

ORDER - 3

this Order. The Court will focus its attention on the requirements of Fed.R.Civ.P. 23(b). In this case, the Court is convinced that the Plaintiffs have not met their burden of proving that applying California statutes to a nationwide class would be appropriate; that certification of a nationwide class is the superior method of adjudication, that a nationwide class is manageable, nor that the other matters pertinent under Fed.R.Civ.P. 23(b)(3)(A)(B)(C) and (D) have been proven to support a national class.

The Plaintiffs first argue that *Phillips Petroleum, Co. v. Shutts*, *et al.*, 472 U.S. 797, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985), is applicable in this situation and supports the Plaintiffs' assertion that a nationwide class is appropriate. They argue that *Phillips* allows this Court to apply California law to non-residents. The Court disagrees.

*Phillips* stands for the proposition that "[t]here can be no injury in applying forum state law if it is not in conflict with that of any other jurisdiction connected with this suit." *Phillips*, 472 U.S. 797 at 816; provided that constitutional consideration of due process and full faith and credit are met. *Id*. at 822.

In *Phillips*, only eleven states were involved; in this case there would be fifty states (and maybe some districts, territories and commonwealths) involved. Furthermore, the main state law differences in *Phillips* amounted to interest rates, unlike this case, where plaintiffs want to apply multiple California statutes (and presumably the California Administrative Regulations and common law that have interpreted and applied those statutes in California) to a national class. Plaintiffs position is particularly questionable in light of the statement of California Appellate Court Judge Bamattre-Manoukian in *Wershba v. Apple Computer Inc*., 91 Cal. App. 4th 224, 242 (2001): "California's consumer protection laws are among the strongest in the country." If that is true, it seems unfair to apply those laws across the country in jurisdictions less concerned with consumer protection.

*Phillips* did not apply Kansas law to other connected states, but remanded the case for determination of the appropriate law to apply.

Furthermore, the *Phillips* court stated that "for a State's substantive law to be selected in a constitutionally permissible manner, that State must have a significant contact or significant

ORDER - 4

aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair." *Phillips*, 472 U.S. at 818. The Court must consider the expectation of the parties in considering fairness. *Id*. at 822. The Plaintiffs have failed to show that California has a significant aggregation of contacts that create a California interest in applying its law nationally. The Plaintiffs have not shown that application of the California law to non-residents is neither arbitrary nor unfair. It is reasonable to assume that when non-California-residents entered into contracts with the Defendants, they were availing themselves of the laws of their states, the defendant's home states or the state that was designated in the contract, rather than California statutory law .

The Plaintiffs also cite *Hanlon* to support their assertion that a nationwide class is appropriate. The procedural stance of that case was substantially different from the case before this Court. In *Hanlon*, the case involved a settlement class certification on the basis of a settlement agreement. In this case, the Plaintiffs are seeking certification of a class for all litigation purposes, over strong objections. While *Hanlon* is instructive, it is not authority justifying a nationwide class in this case. The Plaintiffs have not overcome their burden to show that California law, including multiple California statutes, should apply to a nationwide class.

Neither *Phillips*, nor *Hanlon*, nor any other authoritative case known to the undersigned, has applied specific state statutes on a national basis to litigants in other states who objected to the application, except, perhaps, where choice of law rules - not present here - dictate such a result.

The Plaintiffs have also failed to show that adjudicating a nationwide class is superior or manageable. In *Zinser*, the Court stated that "[w]hen the complexities of class action treatment outweigh the benefits of considering common issues in one trial, class action treatment is not the superior method of adjudication." *Zinser*, 253 F.3d at 1192. As discussed above, the Plaintiffs have failed to show that application of California law to a nationwide class is appropriate. Therefore, application of various state laws would have to be applied to several subclasses. The application of several state laws to one action would make the trial exceedingly complex. Instructing a jury on varying standards and legal theories is not as simple as plaintiffs suggest, and

ORDER - 5

trying a case with the ultimate decisions to be split between judge and jury is difficult on a complex case like this one.[1] The Plaintiffs have not proven that the benefits of adjudication of the Plaintiffs' claims at one trial would outweigh the complexity of such proceeding. Certifying a nationwide class in this situation would <u>not</u> be a superior method of adjudicating the Plaintiffs' claims.

The Plaintiffs have not shown that it would be appropriate to apply California law to non-residents. Additionally, the proposed nationwide class is not superior nor is it manageable. The class would be far too large to reasonably manage, and there would be several different state laws that would apply to different subclasses. These concerns would make a trial extremely complex. To the extent that the Plaintiffs' proposed class certification includes a nationwide class, the Plaintiffs' motion for class certification under Fed.R.Civ.P. 23(b)(3) should be denied in part for the aforementioned reasons.

**2. Nationwide Class Certification under 23(b)(1) and 23(b)(2)**

The Plaintiffs also asserts that certification of the class under 23(b)(1) or 23(b)(2) would be appropriate.

Under Fed.R.Civ.P. 23(b)(1), litigation is maintainable as a class action if prosecution of individual suits would create a risk of either (A) inconsistent results which would establish "incompatible standards of conduct" for the party opposing the class, or (B) adjudication of an individual's claims would be dispositive of the interests of the other members of the potential class who are not parties to the action or it substantially impairs or impedes the ability of non-parties to protect their interests. *See* Fed.R.Civ.P. 23(b)(1). Rule 23(b)(1) certification requires more than a risk that separate judgments would oblige the opposing party to pay damages to some class members, but not others, or to pay them different amounts. *Zinser*, 253 F.3d at 1193. Certification under Rule 23(b)(1)(A) is not appropriate for an action for damages. *Id*.

In this case, certifying a national class under 23(b)(1)(A) would be inappropriate. Individuals prosecuting claims separately would not create a risk of inconsistent results. As noted

---

[1] The undersigned's forty years' experience as a trial judge lead to this conclusion.

ORDER - 6

above, if the class were certified as a nationwide class, there would be several state laws applying to several subclasses. Within each state subclass, it is reasonable to assume that there would be no significantly inconsistent results. Therefore, there would be no risk of "incompatible standards of conduct." Additionally, this is primarily an action for damages which is not appropriate for certification under Rule 23(b)(1).

The proposed nationwide class would also be inappropriate for certification under 23(b)(1)(B) since individual adjudication would not be dispositive of the interests of other class members. Any decision in one subclass may not be dispositive of the interests of other class members. Moreover, if an individual class member adjudicates his or her claim, that decision would not be a bar to other class members or non-parties to prosecution of their claims. For the foregoing reasons, nationwide class certification under Fed.R.Civ.P. 23(b)(1) would not be appropriate.

Under Fed.R.Civ.P. 23(b)(2), class certification is appropriate where the party opposing the class has acted in a way that applies generally to the class, such that final injunctive relief or corresponding declaratory relief is appropriate to the entire class. It is sufficient if class members complain of a pattern or practice that is generally applicable to the class as a whole. *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998). Class certification under Fed.R.Civ.P. 23(b)(2) is appropriate only where the primary relief sought is declaratory or injunctive. *Zinser*, 253 F.3d at 1195. A class seeking monetary damages may be certified pursuant to Rule 23(b)(2) where such relief is merely incidental to the primary claim for injunctive relief. *Id.* Incidental damages are damages that flow directly from liability to the class as a whole on the claims forming the basis of the injunctive or declaratory relief. *Molski v. Gleich*, 318 F.3d 937, 949 (9th Cir. 2003).

In this case, the primary relief sought is not declaratory or injunctive relief. While the Plaintiffs may label the demands in their Complaint as equitable damages, the Court may examine the specific facts and circumstances of each case. *Molski*, 318 F.3d at 950. The causes of action listed in the Plaintiffs' Complaint are derived from statutes or common law. The primary intent of the litigation is to reclaim damages caused by the Defendants' actions. The equitable relief requested is to prevent further actions by the Defendants that would create further similar

ORDER - 7

monetary damages. Therefore, it appears that the declaratory and injunctive relief is secondary to the damages requested, and thus, nationwide class certification under Fed.R.Civ.P. 23(b)(2) would be inappropriate.

**3. Other Issues Related to Certifying a Class**

While a nationwide class is inappropriate in this case, there are several issues that were argued that should be resolved before final California class certification issues are decided.

The court could certify a class, and then, by motion practice, consider narrowing the scope of the class. It appears to be a better practice here to resolve such issues before a final ruling which may form, define and certify a class.

The Plaintiffs want the court to certify a class covering all individual persons or entities in California who obtained data transmission only services from defendants and were improperly billed for regulatory fees, administrative fees, surcharges, taxes, and/or for text messaging services, between September 2006 and the present, including those individual persons or entities who may have received refunds in amounts less than the amount of the improper billings.

In the briefing and argument on the Plaintiffs' Motion for Class Certification, (Dkt. 69), a number of issues were raised and discussed. These issues are itemized below. The court is not sure that the parties have been fully heard on these issues, or on the effect that rulings on these issues might have on the certification issues. The parties may refer to documents already filed in regard to the Motion for Class Certification (Dkts. 69, 70 & 74) and may submit further briefing as may be appropriate. The parties should refer to the docket and page numbers when referencing documents already filed. The parties may reasonably depart from the Southern District of California page limits in this round of briefing, if necessary, and should pay special attention to these issues as they relate to California class certification. If they are non-issues on California class certification matters, say so. If they are merits defenses only, say so. The court is here concerned with class certification issues, and defenses to certification, but not to merits defenses that do not relate to class certification.

These issues should be addressed by both parties in the order here presented. The issues relating to certification of a California-only class are:

1. Would California law apply? If not, what law would, any why?
2. What is the effect, if any, of the *Benny/Lundberg* settlements on Class Certification?
3. What effect, if any, would the following clauses in contract terms and conditions have on a California class: Binding Arbitration; Jury Waiver; and No Class-Action Participation?
4. Are there any other issues involving California class certification arising from contract terms and conditions?
5. What effect, if any, would the voluntary payment doctrine have here?
6. What effect, if any, would changes in Emergency 911 and WNLP charges have on class certification?
7. What is the effect, if any, of the "May Mistake" on California class certification?
8. Are questionable regulatory fees and administrative fees charged after January 1, 2008, within the pleadings and properly part of a California class?

Lastly, and not part of the certification issues but ripe for decision: If a California class is formed, should UCAN be dismissed as a party?

Opening supplemental briefing, as described herein, shall be due on or before July 17, 2009. Responses shall be due on or before July 31, 2009, and replies, if any, shall be due on or before August 7, 2009.

## III. ORDER

For the foregoing reasons, the Court hereby ORDERS that:

(1) Certification of a Nationwide Class is DENIED without prejudice to certification of a California class;

(2) Further briefing is ordered as described in this order; and

(3) The Motion for Class Certification (Dkt. 69) is renoted for August 7, 2009.

DATED this 23rd day of June, 2009.

　　　　　　　　　　　　　　　／s／ Robert J. Bryan
　　　　　　　　　　　　　　　ROBERT J. BRYAN
　　　　　　　　　　　　　　　United States District Judge

# ATTACHMENT
# EXCERPT OF FEDERAL RULE OF CIVIL PROCEDURE 23

**Rule 23. Class Actions**

**(a) Prerequisites**. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

    **(1)** the class is so numerous that joinder of all members is impracticable;

    **(2)** there are questions of law or fact common to the class;

    **(3)** the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

    **(4)** the representative parties will fairly and adequately protect the interests of the class.

**(b) Types of Class Actions.** A class action may be maintained if Rule 23(a) is satisfied and if:

    **(1)** prosecuting separate actions by or against individual class members would create a risk of:

        **(A)** inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

        **(B)** adjudications with respect to individual class members that, as a practical matter, wold be dispositive of the interest of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

    **(2)** the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class a whole; or

    **(3)** the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

        **(A)** the class members' interests in individually controlling the prosecution or defense of separate actions;

        **(B)** the extent and nature of any litigation concerning the controversy already begun by or against class members;

        **(C)** the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

        **(D)** the likely difficulties in managing a class action.