1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8

**SOUTHERN DISTRICT OF CALIFORNIA**

9
10

| | |
|---|---|
| UTILITY CONSUMERS' ACTION NETWORK and ERIC TAYLOR, on behalf of themselves, their members and/or all others similarly situated, as applicable,<br><br>                    Plaintiffs,<br><br>          v.<br><br>SPRINT SOLUTIONS, INC.; and SPRINT SPECTRUM L.P.,<br><br>                    Defendants. | Case No. 07-CV-2231-RJB<br><br>**CLASS ACTION**<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT AND CLASS NOTICE PROGRAM**<br><br>Noting Date:          N/A<br>Time:                    N/A<br>Judge:                  Hon. Robert J. Bryan<br>Trial Date:            Vacated<br>Jury Trial Demanded<br>Complaint Filed: November 21, 2007 |

19
20

        WHEREAS, the Court has reviewed the Settlement Agreement and the First Addendum to

Settlement Agreement that have been entered into by and among Plaintiffs and Defendants, and

        WHEREAS, the Court has reviewed the papers submitted in support of the Joint Motion

for Entry of Order Preliminarily Approving Settlement and Class Notice Program; and good cause

appearing therefor,

        IT IS HEREBY ORDERED as follows:

        1.        For purposes of this Order, the Court adopts all defined terms as set forth in the

Settlement Agreement and the First Addendum to Settlement Agreement, both of which are

1  attached hereto as Exhibit "A."  The Settlement Agreement and the First Addendum to Settlement

2  Agreement are incorporated by reference herein.

3      2.      The Court preliminarily approves the settlement of the Action on the terms set forth

4  in the Settlement Agreement and the First Addendum to Settlement Agreement as being fair, just,

5  reasonable, and adequate to the members of the settlement class, and subject to further

6  consideration at the Final Settlement Hearing described below after distribution of notice to the

7  members of the settlement class as set forth below.

8      3.      The Court approves as to form and content for distribution to the members of the

9  settlement class the Notice of Pendency of Class Action and Proposed Settlement (the "Notice,"

10  Exhibit 1 to the First Addendum to Settlement Agreement), and the Summary Class Notice

11  ("Summary Notice," Exhibit 3 to the Settlement Agreement), which are to be distributed

12  substantially in those forms.  The Court approves the appointment of Gilardi & Co. to assist Sprint

13  in the administration of this settlement.

14      4.      The Court provisionally certifies the class for settlement purposes only, finding that

15  all of the requirements for certification of the class as set forth in Fed. R. Civ. P. 23 are satisfied

16  based upon the allegations of the Complaint and the evidence provided to the Court, subject to

17  further consideration at the Final Settlement Hearing after distribution of notice to the members of

18  the class as set forth above.

19      5.      The website www.sprintdatacardsettlement.com containing the Notice, the

20  operative complaint, the Settlement Agreement, the First Addendum to Settlement Agreement,

21  and all relevant settlement documents and the electronic claim form (Settlement Agreement, Ex.

22  2), is to be published on the Internet no later than 45 days after entry of this Order.  The class

23  notice program is to be completed no later than 60 days after entry of this Order.

24      6.      The Court finds that the class notice program described in the Settlement

25  Agreement, and the First Addendum to Settlement Agreement, and disseminated as set forth

26  above, constitutes the best notice practicable under the circumstances to the members of the class

27  and meets the requirements of Federal Rules of Civil Procedure Rule 23(e) and due process under

28

1 the United States Constitution and any other applicable law, and shall constitute due and sufficient

2 notice to all persons entitled thereto.

3       7.     Any class member who might object to the proposed settlement set forth in the

4 Settlement Agreement and the First Addendum to Settlement Agreement shall have a right to

5 appear and be heard at the Final Settlement Hearing. No later than January 28, 2010, any such

6 person must file with the Court and serve upon Plaintiffs' counsel and Defendants' counsel a

7 written notice of objection and any written statement opposing the settlement. The manner and

8 form in which a notice of objection must be prepared, filed, and delivered are stated in the Notice

9 and Summary Notice. Only class members who have timely filed and delivered properly

10 completed written notices of objection will be entitled to be heard at the Final Settlement Hearing,

11 unless the Court orders otherwise.

12       8.     The deadline for submitting requests for exclusion from the class shall be January

13 28, 2010. To be valid, all requests for exclusion must be postmarked by that deadline.

14       9.     Except as otherwise provided in the Settlement Agreement, the deadline for

15 submitting claims shall be 150 days after entry of this Order.

16       10.     No later than December 30, 2009, any documents the parties wish to file supporting

17 the settlement shall be served and filed with the Court. Any reply memorandum addressing any

18 objections that may be timely and validly filed pursuant to paragraph 7 of this Order shall be

19 served and filed with the Court no later than February 8, 2010. Class counsel will file with the

20 clerk by February 8, 2010, a declaration identifying the persons to whom notice has been mailed

21 and who have timely requested exclusion.

22       11.     The Final Settlement Hearing will be held on February 17, 2010, at 1:30 p.m., in

23 this Court for the purpose of determining whether the proposed settlement of the Action on the

24 terms set forth in the Settlement Agreement and the First Addendum to Settlement Agreement

25 should be approved as fair, reasonable, and adequate to the class members, whether the class

26 should be finally certified for settlement purposes, and whether the Order finally approving the

27 settlement and dismissing the Action with prejudice should be entered.

28

12.     The Order finally approving the settlement, if entered, will permanently bar and enjoin Plaintiffs and all members of the class from instituting or prosecuting, in any capacity, any action or proceeding that involves any of the released claims asserted in the Action, as well as any claims any released parties might have against either Plaintiffs or Plaintiffs' counsel arising out of the investigation, initiation, litigation, prosecution, or resolution of this Action.  To the fullest extent of the Court's powers to do so as permitted by law, all persons who presently have any such claims are hereby restrained and enjoined from prosecuting such claims pending determination of whether to enter the Order finally approving this settlement, or from taking any action that may undermine or hinder the consideration of this settlement by the Court.

13.     The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to members of the class.  The Court may also adjourn or continue the Final Settlement Hearing without further notice to members of the class.

IT IS SO ORDERED.

DATED:  October 28th, 2009

ROBERT J. BRYAN
United States District Judge

# EXHIBIT A

# Settlement Agreement

1.       **Parties**.  The parties to this Settlement Agreement (the "Agreement") are: (1) Eric Taylor ("Taylor"), on behalf of himself and as class representative acting on behalf of the Class Members defined below; (2) Utility Consumers' Action Network ("UCAN"), on behalf of itself and its members; (3) Sprint Solutions, Inc.; and (4) Sprint Spectrum, L.P. (both Sprint entities collectively, "Sprint").

2.       **Recitals**.  This Agreement is entered into with reference to the following facts:

2.1       On November 21, 2007, Taylor and UCAN filed in the United States District Court, Southern District of California, a Complaint entitled *Utility Consumers' Action Network and Eric Taylor, on behalf of themselves, their members and/or all others similarly situated, as applicable v. Sprint Solutions, Inc.; Sprint Spectrum, L.P.; Sprint-Nextel Corporation*, Case No. 07-CV-2231-RJB.

2.2       On January 2, 2008, Taylor and UCAN filed a First Amended Complaint (which, among other things, deleted Sprint Nextel Corporation as a defendant).  Sprint's motions to dismiss and to strike the First Amended Complaint were granted in part and denied in part.

2.3       On May 9, 2008, Taylor and UCAN filed a Second Amended Complaint.  Sprint's motion to dismiss the fifth claim in the Second Amended Complaint for violation of the Federal Communications Act was granted and its motion to strike portions of the Second Amended Complaint was granted in part and denied in part.

2.4       On September 8, 2008, Sprint filed an Answer to Second Amended Complaint.

2.5       On January 16, 2009, Sprint filed an Amended Answer to Second Amended Complaint.

2.6       On April 17, 2009, Taylor and UCAN filed a motion for certification of a nationwide class.

2.7       On June 23, 2009, the Court issued its Order, denying the motion for certification of a nationwide class, without prejudice to possible certification of a California-only class, and requiring supplemental briefing as to certain issues regarding whether a California-only class should be certified.

2.8     On July 10, 2009, a mediation was conducted by the Honorable Raymond F. Zvetina (Ret.).  Thereafter, the parties agreed upon the terms of settlement as embodied in this Agreement.

2.9     Taylor and UCAN consider it to be in their best interests and the best interests of the Class Members (as defined below) and UCAN's members, and Sprint considers it to be in its best interests, to settle and dispose of, fully and completely, any and all claims, demands and causes of action arising out of or reflected in the Action (as defined below), including, without limitation, any and all of the facts and circumstances giving rise to the Action, to the extent such claims, demands, and causes of action are held by Taylor, UCAN, and the Class Members for the Class Period (as defined below).

3.      **Definitions.**

3.1     "Action" means the lawsuit initiated by the Complaint described in paragraph 2.1 of this Agreement and includes all subsequent amended complaints and claims asserted in each complaint, but excluding Administrative and Regulatory Charge Claims.

3.2     "Administrative and Regulatory Charge Claims" means claims that the initial assessment of the Administrative and Regulatory Charges on January 1, 2008 gave customers the right to terminate their contracts at that time without obligation to pay an early termination fee and claims challenging the propriety and legality of the Administrative and Regulatory Charges, to the extent such claims were alleged in the Action.

3.3     "Administrative Charge" means the charge first assessed by Sprint beginning January 1, 2008, called "Administrative Charge."

3.4     "Claims Administrator" means Gilardi & Co. LLC.

3.5     "Claims Period" means the period between sending of the Notice of Class Action Settlement and 150 days after the Preliminary Approval Date.

3.6     "Class Counsel" means Consumer Law Group of California and Whatley Drake & Kallas, LLC.

3.7     "Class Members" means all customers of Sprint wireless data connection card services who:

3.7.1   paid one or more E911 Charge (as defined herein) assessed between September 1, 2006 and December 31, 2007 on wireless data connection card services that did not provide voice capability (other than through access to the Internet); and/or

3.7.2   paid one or more WLNP Charge  (as defined herein) assessed between September 1, 2006 and December 31, 2007 on wireless data connection card services that did not provide voice capability (other than through access to the Internet);

and/or

3.7.3   paid one or more of the State Taxes (as defined herein) assessed between September 1, 2006 and the Preliminary Approval Date on wireless data connection card services that did not provide voice capability (other than through access to the Internet);

and/or

3.7.4   paid one or more SMS Text Message Charge (as defined herein) assessed between September 1, 2006 and the Preliminary Approval Date on wireless data connection card services that did not provide text message accessibility;

and

3.7.5   have not elected to be excluded from the class in accordance with the Preliminary Approval Order and the notices provided pursuant to the Preliminary Approval Order and any other orders issued in connection with this Agreement.

3.7.6   "Class Members" specifically excludes (a) Sprint and Sprint's parents, subsidiaries, affiliates, successors, and control persons, as well as officers, directors, agents, attorneys, employees, and the immediate family members of all such persons, (b) the Court and its staff, and (c) any customer of Sprint services for whom Sprint has received a Notice of Automatic Stay or other notice that the customer has filed for bankruptcy protection.

3.8     "Class Period" means the period from September 1, 2006 through the Preliminary Approval Date.

3.9     "Class Representative" means Eric Taylor.

3.10    "Distribution Amount" means the sum of the SMS Text Message Settlement Payment, the E911 Settlement Payment, and the WLNP Settlement Payment made to Class Members pursuant to this Agreement.  Each Class Member's Distribution Amount shall be limited to no more than $15 for each data connection card on the Class Member's Sprint account.  The aggregate limit for the Distribution Amounts to all Class Members shall be $2.2 million.  The aggregate limit for the Distribution Amounts to all Class Members combined with all expenses incurred by the Claims Administrator for claims administration shall not exceed $2.5 million.   Aggregate claims in excess of $2.2

million, or combined aggregate claims and costs of administration in excess of $2.5 million, shall result in a pro rata reduction of each Class Member's Distribution Amount.

3.11    "E911 Charges" means Federal E911 charges assessed by Sprint to Class Members.

3.12    "E911 Settlement Payment" means a payment by Sprint to a Class Member of an amount equal to 50% of the gross amount of E911 Charges billed to and paid by the Class Member over the Class Period, excluding any credits the Class Member has previously received for E911 Charges.  The E911 Settlement Payment will be made by credit to accounts in the case of Class Members with an open account and by check in the case of Class Members whose accounts have been closed and fully paid.

3.13    "Final Approval Order" means a Court order giving final approval of this Agreement and directing that judgment thereon be entered.

3.14    "Final Settlement Hearing" means the hearing by the Court of the parties' motion for final approval of this Agreement.

3.15    "Notice of Class Action Settlement" means the notice attached hereto as Exhibit 1, and includes the Proof of Claim Form.

3.16    "Opt-Out and Objection Date" means the last business day at least twenty (20) days prior to the Final Settlement Hearing.

3.17    "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

3.18    "Preliminary Approval Order" means a Court order certifying a nationwide settlement class to include all Class Members, preliminarily approving this Agreement, and ordering that, pending final determination of whether the settlement contained in this Agreement should be approved, and to the fullest extent permitted by law, neither Taylor, UCAN, nor any Class Member, either directly, representatively, or in any other capacity, shall (a) commence, prosecute or continue, or cause to be commenced, prosecuted, or continued, any action or proceeding in any court or tribunal asserting any of the released claims described in paragraph 5.1 of this Agreement, or (b) take any action that might contravene the terms of this Agreement and the Preliminary Approval Order, unless such person or persons shall have sought and received leave on such terms as are just, including, without limitation, being required to opt out of the class.

3.19    "Proof of Claim Form" means the form attached hereto as Exhibit 2.

3.20    "Regulatory Charge" means the charge first assessed by Sprint beginning January 1, 2008, called "Regulatory Charge."

3.21    "SMS Text Message Charges" means charges assessed by Sprint to Class Members for SMS (short message service) text messages and any and all associated services.

3.22    "SMS Text Message Settlement Payment" means a payment by Sprint to a Class Member of an amount equal to the gross amount of SMS Text Message Charges billed to and paid by the Class Member over the Class Period, excluding any credits the Class Member has previously received for such Charges.  The SMS Text Message Settlement Payment will be made by credit to accounts in the case of Class Members with an open account and by check in the case of Class Members whose accounts have been closed and fully paid.

3.23    "State Taxes" means the federal, state, and local fees, taxes, and charges regularly assessed by Sprint only on telecommunications services and not regularly assessed on certain data connection card services, but which, as Sprint has explained, were inadvertently assessed on data connection card services in connection with the migration of accounts from Sprint's P2K billing system to the Ensemble billing system.

3.24    "State Taxes Settlement Payment" means a payment or credit by Sprint to a Class Member of an amount equal to the gross amount of State Taxes billed to and paid by the Class Member during the Class Period, excluding any credits the Class Member has previously received for State Taxes.  The State Taxes Settlement Payment has already been made to some of the Class Members.  As to Class Members who have not yet received the State Taxes Settlement Payment, it will be made by credit to accounts in the case of Class Members with an open account and by check in the case of Class Members whose accounts have been closed and fully paid.

3.25    "Summary Notice" means notice in the form attached hereto as Exhibit 3.

3.26    "UCAN's Counsel" means Class Counsel and Art Neill of UCAN.

3.27    "WLNP Charges" means Federal Wireless Number Pooling and Portability charges assessed by Sprint to Class Members.

3.28    "WLNP Settlement Payment" means a payment by Sprint to a Class Member of an amount equal to 50% of the gross amount of WLNP Charges billed to and paid by the Class Member over the Class Period, excluding any credits the Class Member has previously received for WLNP Charges.  The WLNP Settlement Payment will be made by credit to accounts in the case of Class Members with an open account and by check in the case of Class Members whose accounts have been closed and fully paid.

4.    **Terms and Conditions.**  In consideration of the terms, conditions, and provisions of this Agreement the parties agree that:

4.1    After the Final Approval Order is entered:

4.1.1    Within sixty (60) days of the close of the Claims Period and after any applicable time period within which to appeal has expired (or, in the case of an appeal, the appeal has been finally resolved and the matter has returned to the jurisdiction of the District Court) with respect to any and all orders of the Court, Sprint will provide to each Class Member the Distribution Amount (subject to possible proration) if the Claims Administrator has received from the Class Member a Proof of Claim Form, with all requested information provided within the Claims Period.  The Claims Administrator will inform Sprint on a regular basis of Class Members' claims to receive a Distribution Amount and the components thereof.

4.1.2    By the later of (a) March 1, 2010 or (b) expiration of any applicable time period within which to appeal (or, in the case of an appeal, the appeal has been finally resolved and the matter has returned to the jurisdiction of the District Court) with respect to any order of the Court, Sprint shall have completed providing to Class Members the State Taxes Settlement Payment.  Submission of a Proof of Claim Form is not required for a Class Member to receive the State Taxes Settlement Payment.

4.2    The Distribution Amount and the State Taxes Settlement Payment (or evidence thereof in the case of credits) shall be mailed to the Class Member by First Class United States Mail or (in the case of credits) may be sent electronically.  If the account was in the name of multiple parties, then any payment thereunder shall be made jointly in the names of all those parties. The proceeds of any checks not cashed before 180 days from the date of their issuance shall be the property of Sprint.

4.3    By this Agreement, no settlement fund or common fund is created or implied, and there shall be no unpaid residual whether under California Code of Civil Procedure section 384 or any other statutory or case authority.  Any amounts not provided to Class Members due to a failure to submit a Proof of Claim Form or to cash a check will not be provided to any third party.  Any such amounts will remain solely with Sprint.  If, for any reason, a court determines otherwise, this Agreement shall be null and void.

4.4    Any amounts billed to an account for State Taxes, SMS Text Message Charges, E911 Charges, or WLNP Charges, but subsequently canceled, reversed or otherwise credited to the Class Member for reasons not requiring payment by or obligation of the Class Member, shall be disregarded in the calculation of the State Taxes Settlement Payment, the SMS Text Message Settlement Payment, the E911 Settlement Payment, and the WLNP Settlement Payment, to the extent of such reversal or credit.  Those Class Members with accounts that were discharged in bankruptcy shall not be

entitled to receive any benefits under this Agreement. Sprint has the right to offset against the State Tax Settlement Payment and/or the Distribution Amount otherwise owed to a Class Member any amounts owed by the Class Member to Sprint, including any amounts for which the Class Member is delinquent.

4.5     Sprint represents and warrants that it has adjusted its billing system so that Class Members will not be billed SMS Text Message Charges.

4.6     The parties shall jointly request that, as part of the Final Approval Order, the Court enter a judgment of dismissal, with the Court retaining jurisdiction to enforce this Agreement.

4.7     Sprint will pay its own attorneys' fees and costs, and all costs incurred by the Claims Administrator in the administration of the claims process as set forth in the Agreement, including all costs of providing notice(s) required by this Agreement.

4.8     Taylor and Class Counsel will be primarily responsible for addressing objections to this settlement, if any, by Class Members.

4.9     At the Final Settlement Hearing, Class Counsel, UCAN's Counsel, Taylor, and UCAN will bring on for hearing an application for an award of attorneys' fees, class representative fees, and costs up to the total aggregate amount of $575,000, which sum shall be inclusive of all attorneys' fees, costs, class representative compensation and all other fees, costs and expenses related to the investigation, prosecution, and resolution of the Action. Sprint will stipulate that any award up to the total amount of $575,000 is fair and reasonable. Class Counsel, UCAN's Counsel, Taylor, and UCAN will neither request nor accept any award in excess of $575,000. On condition that this Agreement is finally approved by the Court, Sprint shall pay the awarded amounts within 10 days after any applicable time period within which to appeal has expired (or, in the case of an appeal, the appeal has been finally resolved and the matter has returned to the jurisdiction of the District Court) with respect to any and all orders of the Court, including, without limitation, the Final Approval Order.

4.10    The parties and their counsel will not issue press releases, contact the media, or make any public announcements concerning this settlement, except that UCAN may, on or immediately after the Preliminary Approval Date, issue the press release attached hereto as Exhibit 4 by posting it on the UCAN website. Sprint may thereafter issue its statement attached hereto as Exhibit 5.

4.11    The amounts of the State Taxes Settlement Payment, SMS Text Message Settlement Payment, E911 Settlement Payment, and WLNP Settlement Payment have been chosen by the parties as a method of determining an appropriate settlement amount to pay each Class Member, without admission of liability by any party. The State

Taxes Settlement Payment and the Distribution Amount are intended to represent and include any and all damages claimed by or owed to all Class Members related to the claims settled in the Action, including, but not limited to, interest charges, general damages and punitive damages.

4.12     In the event that this Agreement is not approved by the Court or is otherwise cancelled in accordance with its terms, or the settlement set forth in this Agreement is otherwise canceled or terminated or fails to become effective in accordance with its terms, it shall become null and void and shall have no further force and effect.  In such an event, neither this Agreement (including any and all of its provisions and the exhibits hereto), nor any drafts hereof, nor any of the negotiations and proceedings relating hereto: (i) shall be offered, received in evidence or otherwise used in the Action or in any other action or proceedings for any purpose, or (ii) shall prejudice the rights of any of the parties hereto, who shall be restored to their respective positions immediately prior to the execution of this Agreement, and any monies previously paid pursuant to the terms of this Agreement (except for costs of notice and administration) shall be either returned or withdrawn, as appropriate.

5.     **Release.**  In further consideration of the terms and provisions of this Agreement, the parties hereto promise and agree as follows:

5.1     Excepting only the obligations imposed by this Agreement, Taylor, UCAN, and the Class Members shall, and by operation of the Final Approval Order do, forever relieve, release and discharge Sprint and its respective successors, assigns, attorneys, accountants, insurers, representatives, affiliates, parents, partners, officers, directors, stockholders, employees, and agents, and each of them, from any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, costs, and expenses (including but not limited to attorneys' fees), damages, actions, causes of action and claims for relief (referred to hereafter collectively as "claims") of whatever kind or nature, under any theory, whether legal, equitable or other, under the law, either common, constitutional, statutory, administrative, regulatory, or other, of any jurisdiction, foreign or domestic, whether such claims are known or unknown, suspected or unsuspected, arising out of, connected with, or incidental to the matters or facts alleged, or set forth in the Action for the Claims Period, including, without limitation, all claims relating to State Taxes, SMS Text Message Charges, E911 Charges, and WLNP Charges.

5.2     Taylor, UCAN, and the Class Members expressly waive any and all rights under Section 1542 of the Civil Code of the State of California, which provides as follows:

**"A GENERAL RELEASE DOES NOT EXTEND TO
CLAIMS WHICH THE CREDITOR DOES NOT KNOW
OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT**

**THE TIME OF EXECUTING THE RELEASE, WHICH
IF KNOWN BY HIM OR HER MUST HAVE
MATERIALLY AFFECTED HIS OR HER
SETTLEMENT WITH THE DEBTOR."**

Taylor, UCAN, and the Class Members expressly waive and release any right or benefit which they have or may have under Section 1542 of the Civil Code of the State of California, or other comparable authority in other jurisdictions, to the full extent that they may waive all such rights and benefits pertaining to the matters released herein. In connection with such waiver and relinquishment, Taylor, UCAN, and the Class Members acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true, with respect to the matters released herein. Nevertheless, it is the intention of Taylor, UCAN, and the Class Members by this Agreement, and with advice of counsel (or the opportunity to receive advice of counsel), fully, finally, and forever to settle and release all such matters, and all claims relative thereto, which do now exist, may exist, or heretofore have existed between the parties, to the extent set forth within this Agreement. In furtherance of such intention, the release herein given shall be and remain in effect as a full and complete release of such matters notwithstanding the discovery or existence of any such additional different claims or facts relative to the matters released. This is an essential term of this Agreement without which there would have been no settlement.

5.3     Excepting only obligations imposed by this Agreement, Sprint shall, and by operation of the Final Approval Order does, forever relieve, release, and discharge Taylor, UCAN, Class Counsel and UCAN's Counsel from any and all claims arising out of the investigation, initiation, litigation, prosecution and resolution of the Action, including, without limitation, claims for malicious prosecution, negligence, and abuse of process.

6.     **Representations And Warranties.**  Taylor, on behalf of himself and the Class Members, and UCAN, on the one hand, and Sprint, on the other hand, and each of them, represent and warrant to, and agree with, each other as follows:

6.1     All parties have each received independent legal advice from attorneys of their choice with respect to the advisability of making the settlement and release provided herein, and with respect to the advisability of executing this Agreement, and prior to the execution of this Agreement by each party, that party's attorney reviewed this Agreement at length, made negotiated changes, and signed this Agreement to indicate that the attorney approved this Agreement as to form and substance.

6.2     Except as expressly stated in this Agreement, no party has made any statement or representation to any other party regarding any fact relied upon by any other

party in entering into this Agreement, and each party specifically does not rely upon any statement, representation, or promise of any other party in executing this Agreement, or in making the settlement provided for herein, except as expressly stated in this Agreement.

6.3     There have been no other agreements or understandings between the parties hereto, or any of them, relating to the disputes referred to in this Agreement, except as expressly stated in this Agreement.

6.4     Each party has made such investigation of the facts pertaining to this settlement and this Agreement, and all of the matters pertaining thereto, as each party deems necessary.

6.5     Sprint has provided Class Counsel and UCAN's Counsel with documents, deposition testimony, and other information concerning the State Taxes, the SMS Text Message Charges, the E911 Charges, and the WLNP Charges. Class Counsel and UCAN's Counsel have investigated the facts and the law and have, engaged in sufficient additional investigation to verify the accuracy of the information provided by Sprint. Class Counsel and UCAN's Counsel also have fully analyzed and evaluated the relative merits of the parties' contentions and the impact thereof on the claims of the Class Members. Class Counsel and UCAN's Counsel will continue their investigation and analysis to ensure the accuracy of all information they have received from Sprint. Class Counsel and UCAN's Counsel have engaged with Sprint's counsel in extensive arms-length negotiations in order to evaluate and reach a settlement which is fair and equitable to the Class Members.

6.6     Taylor, UCAN, Class Counsel, and UCAN's Counsel recognize the expense and duration of continued proceedings necessary to continue the litigation against Sprint through trial and possible appeals. Taylor, UCAN, Class Counsel, and UCAN's Counsel also have taken into account the uncertainty and risk of the outcome of the litigation and the difficulties and delays inherent in such litigation. Taylor, UCAN, Class Counsel, and UCAN's Counsel are aware of the burden of proof necessary to establish liability for the alleged claims and of Sprint's defenses thereto. Taylor, UCAN, Class Counsel, and UCAN's Counsel also have considered the arms-length settlement negotiations conducted by the parties. Based upon their investigation, their understanding of the law, and an analysis of the benefits which this Agreement affords to the Class Members, Taylor, UCAN, Class Counsel, and UCAN's Counsel have determined that the settlement set forth in this Agreement is in the best interest of the Class Members.

6.7     Sprint has denied and continues to deny each and every claim and contention asserted by Taylor and UCAN on behalf of the Class Members in the Action, as well as the contention that Sprint's conduct constitutes wrongdoing or gives rise to legal liability or injury or damage to Class Members. Nonetheless, Sprint desires to settle

and compromise the Action to avoid further substantial expense and the inconvenience and distraction of protracted and burdensome litigation. Sprint also has taken into account the uncertainty and risks inherent in this Action, and without conceding any infirmity in the defenses that it has asserted or could assert in this Action, has determined that it is desirable and beneficial that the Action be settled in the manner and upon the terms and conditions set forth in this Agreement.

6.8    The terms of this Agreement, without limitation, are contractual, not a mere recital, and are the results of negotiation among all the parties.

6.9    This Agreement has been carefully read by, the contents hereof are known and understood by, and it is signed freely by each person executing this Agreement.

6.10   Each person executing this Agreement in a representative capacity warrants that he, she or it is fully authorized and empowered to do so.

6.11   Except for those representations and promises that form this Agreement, in entering into this Agreement and the settlement provided for herein, the parties, and each of them, recognize that no facts or representations are ever absolutely certain; accordingly, each party hereto assumes the risk of any misrepresentation, concealment or mistake, and if any party should subsequently discover that any fact it relied upon in entering into this Agreement was untrue, or that any fact was concealed from any party hereto, or that any understanding of the facts or of the laws was incorrect, such party shall not be entitled to set aside this Agreement, or any of the releases contained herein, by reason thereof. Nor shall it affect the releases. This Agreement is intended to be final and binding between all parties regardless of any claims of fraud, misrepresentation, promise made without the intention of performing it, concealment of fact, mistake of fact or law, or any other circumstances whatsoever. Each party relies on the finality of this Agreement as a material factor inducing that party's execution of this Agreement.

6.12   Each party hereto agrees that such party will not take any action which would interfere with the performance of this Agreement by any of the parties hereto or which would adversely affect any of the rights provided for herein.

6.13   The parties hereto covenant and agree not to bring any claim, action, suit, or proceeding against any party hereto, directly or indirectly, regarding or related in any manner to the matters released hereby, and they further covenant and agree that this Agreement is a bar to any such claim, action, suit, or proceeding.

7.    **Court Approval and Certification of Nationwide Settlement.**
Preliminary and final Court approval of this Agreement and certification of a nationwide settlement class are contemplated by the parties and are express conditions precedent to

this Agreement.  If such certification is not obtained and approvals are not given, this Agreement shall be null and void.  As part of this settlement, the parties agree to the following procedures for certifying a nationwide settlement class, obtaining preliminary approval of the settlement from the Court, notifying the Class Members and obtaining final Court approval of the settlement:

7.1     Preliminary Approval Hearing.  Promptly after execution of this Agreement, the parties shall jointly request a hearing before the Court for entry of a Preliminary Approval Order.  In conjunction with this hearing, the parties will jointly submit this Agreement, which sets forth the terms of this settlement, and will submit proposed forms of all notices and other documents as are necessary to implement the settlement.  The parties will also request that the Court set a Final Settlement Hearing, and that such hearing take place at the earliest opportunity approximately 120 days following the Preliminary Approval Hearing.

7.2     Notice to the Class Members and Notice Under CAFA.  If the Court enters the Preliminary Approval Order, the Claims Administrator shall promptly undertake to establish a settlement website www.sprintdatacardsettlement.com that will contain the Notice of Class Action Settlement, the operative Complaint, this Agreement, the Proof of Claim Form in a manner capable of being electronically submitted through the website, and a Frequently Asked Questions section.  Summary Notice shall be disseminated by the Claims Administrator to all of the Class Members.  The Claims Administrator shall send the Summary Notice by e-mail to all Class Members for whom Sprint has an e-mail address and by U.S. Mail to all Class Members for whom Sprint does not have an e-mail address or where the e-mail notice is bounced back to the Claims Administrator.  The Summary Notices shall be sent out within 60 days of the date of the Preliminary Approval Order.  Notice of the settlement shall also be provided to all appropriate state and federal government officials by Sprint, either directly or through the Claims Administrator, in accordance with the applicable provisions of the Class Action Fairness Act, 28 U.S.C. Section 1715.

7.3     Procedure for Opting Out.  Class Members who intend to opt out of the settlement must do so by sending a written request for exclusion from the class to the Claims Administrator.  The request must be postmarked on or before the Opt-Out and Objection Date.  The request must contain the excluded person's name, address and account number, and must be signed by that person.  A Class Member who desires to be excluded but who fails to comply with the opt-out procedure set forth herein shall not be excluded from the class.  The Claims Administrator, together with Class Counsel and Sprint's counsel, shall compile a list of all Class Members who timely send such a request for exclusion and shall provide a copy of that list to the Clerk of the Court ten (10) days before the Final Settlement Hearing.

7.4     Agreement Voidable If Opt-Outs Exceed 1000.  If more than one thousand (1000) Class Members submit valid and timely requests to opt out of this settlement, Sprint may elect to cancel this Agreement by providing to Class Counsel written notice of such election on or before seven days prior to the Final Settlement Hearing, in which case this Agreement shall be null and void unless the parties otherwise agree.

7.5     Procedure for Objecting to the Class Action Settlement.

7.5.1   Procedure for Objecting.  The Notice of Class Action Settlement shall provide that Class Members who wish to object to the settlement must file with the Court and serve on counsel for the parties a written statement objecting to the settlement.  Such written statement must be filed with the Court and served on counsel for the parties no later than the Opt-Out and Objection Date.  No Class Member shall be entitled to be heard at the Final Settlement Hearing (whether individually or through separate counsel) or to object to the settlement, and no written objections or briefs submitted by any objecting Class Member shall be received or considered by the Court at the Final Settlement Hearing, unless written notice of the Class Member's intention to appear at the Final Settlement Hearing, and copies of any written objections or briefs, shall have been filed with the Court and served on counsel for the parties on or before the Opt-Out and Objection Date.  Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the settlement.

7.5.2   No Solicitation of Settlement Objections.  At no time shall any of the parties or their counsel seek to solicit or otherwise encourage Class Members to submit written objections to the settlement or to appeal from any of the Court's orders in the Action.

8.      **Nonassignment Of Claims**.  Taylor, UCAN, and the Class Members represent and warrant that they are the sole and lawful owners of all right, title and interest in and to every claim and other matter which they purport to release or assign herein, and that they have not heretofore assigned or transferred, or purported to assign or transfer to any person or entity any claim or other matters herein released or assigned.

9.      **Settlement**.  This Agreement affects the settlement of claims which are denied and contested, and nothing contained herein shall be construed as an admission by either party of any liability of any kind to each other or to any other party, all such liability being expressly denied.

10. **Protective Order to Remain in Effect**.  The Protective Order entered and filed in the Action on February 3, 2009 shall remain in effect and the Court shall retain jurisdiction to enforce its terms.

11. **Successors And Assigns**.  This Agreement shall inure to the benefit of and shall be binding upon the successors and assigns of Taylor, UCAN, and all Class Members, and Sprint, and each of them.  In the case of corporate parties hereto, this Agreement is not intended to release and inure to the benefit of any person or entity not a party hereto or specifically identified as a beneficiary herein, and is not intended to constitute a third party beneficiary contract.

12. **Integration**.  This Agreement constitutes a single, integrated written contract expressing the entire agreement of the parties hereto relative to the subject matter hereof.  No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any party hereto, except as specifically set forth in this Agreement.  All prior discussion and negotiations regarding the terms and conditions of this Agreement have been and are merged and integrated into, and are superseded by, this Agreement.

13. **Construction of Agreement**.  This Agreement is the product of negotiation and preparation by and among each party and its respective attorneys.  In the event any court should find any provision of this Agreement to be ambiguous, such terms shall not be construed against any party.  Before declaring any provision of this Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Agreement valid and enforceable.  Sprint, Taylor, and UCAN agree that each has the right to set aside or rescind this Agreement if modifications to it are required by the Court or by any appellate court, which are determined by them in their sole discretion to be material.

14. **Governing Law**.  This Agreement shall be construed in accordance with, and be governed by, the laws of the State of California.

15. **Execution In Counterparts**.  This Agreement may be executed and delivered in counterparts, each of which, when so executed and delivered, shall be an original, but such counterparts together shall constitute but one and the same instrument and Agreement.

16. **Survival of Warranties And Representations**.  The warranties and representations of this Agreement are deemed to survive the closing hereof.

17. **Signatures Necessary**. This Agreement and the terms and conditions hereof shall not become effective and shall have no force or effect whatever until executed by the parties and their attorneys.

IN WITNESS WHEREOF, the parties hereto and their respective attorneys have executed this Agreement on the dates set forth opposite their respective signatures.


Dated:     10/23/09      /s/ _____

ERIC TAYLOR


Dated:     10/9/09      UTILITY CONSUMERS' ACTION NETWORK


By:   /s/ _____
Title:  Attorney _____


Dated:     10/9/09      SPRINT SOLUTIONS, INC.


By:   /s/ _____
Title:  VP Legal _____


Dated:     10/9/09      SPRINT SPECTRUM, L.P.


By:   /s/ _____
Title:  VP Legal _____

APPROVED AS TO FORM BY COUNSEL:

Dated:_____10/9/09_____    CONSUMER LAW GROUP OF CALIFORNIA


                                 By:__/s/_____
                                       Alan M. Mansfield
                                   Attorneys for Plaintiffs ERIC TAYLOR and
                                   UTILITY CONSUMERS' ACTION NETWORK



Dated:_____10/9/09_____    WHATLEY DRAKE & KALLAS, LLC


                                 By:__/s/_____
                                       Adam Plant
                                 Attorneys for Plaintiffs ERIC TAYLOR and UTILITY
                                 CONSUMERS' ACTION NETWORK



Dated:_____10/9/09_____    __/s/_____
                                 ART NEILL
                                 Attorney for Plaintiff UTILITY CONSUMERS'
                                 ACTION NETWORK



Dated:_____10/9/09_____    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                                 By:__/s/_____
                                       James J. Mittermiller
                                 Attorneys for Defendants SPRINT SOLUTIONS, INC.
                                 and SPRINT SPECTRUM, L.P.

# EXHIBIT 1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UTILITY CONSUMERS' ACTION NETWORK and ERIC TAYLOR, on behalf of themselves, their members and/or all others similarly situated, as applicable,<br><br>    Plaintiffs,<br><br>    v.<br><br>SPRINT SOLUTIONS, INC. and SPRINT SPECTRUM L.P.,<br><br>    Defendants. | Case No. 07 CV 2231 RJB<br><br>**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT** |

<u>**YOUR LEGAL RIGHTS MAY BE AFFECTED WHETHER YOU ACT OR**</u>

<u>**DON'T ACT.  PLEASE READ THIS NOTICE CAREFULLY.**</u>

<u>**A federal court authorized this notice.  This is not a solicitation from a lawyer.**</u>

**EXHIBIT 1**

## PURPOSE OF THIS NOTICE AND SUMMARY OF THE CASE

You are receiving or reviewing this Notice because you are or were a customer of Sprint wireless data connection card services. This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them and how to get them.

If you paid certain fees or taxes in connection with your Sprint wireless data connection card account, you could get a refund from Sprint. As detailed below, you can submit a claim and get a refund, exclude yourself and get no refund but retain your right to be a part of another lawsuit against Sprint, write to the Court about why you don't like the settlement, or do nothing, in which case you will receive no refund and give up your rights. These legal rights and options—and the deadlines to exercise them—are explained in this Notice.

The Court in charge of this case still has yet to decide whether to approve the settlement. This Notice also notifies you that a Court hearing will be held to decide whether to approve the settlement. Refunds will be made if the Court approves the settlement and after appeals, if any, are resolved. Please be patient.

1.      What Is This Lawsuit About?

On November 21, 2007, plaintiffs Eric Taylor ("Taylor") and the Utility Consumers' Action Network ("UCAN") filed this class action lawsuit against Sprint Solutions, Inc. and Sprint Spectrum, L.P. (collectively, "Sprint"), claiming that Sprint improperly assessed State Taxes, SMS Text Message Charges, E911 Charges, and Wireless Number Pooling and Portability ("WLNP") Charges (see below for these definitions) to its wireless data connection card customers. Plaintiffs claim that Sprint

breached its customer agreements and violated the law.  Sprint denies they did anything wrong.

2.      Why Is There a Settlement?

The Court did not decide in favor of Plaintiffs or Defendants.  Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get refunds.  Plaintiffs and Sprint have reached a proposed settlement of these claims, the details of which are described below.   Eric Taylor, the class representative, UCAN, and Class Counsel think the settlement is best for the class.

## <u>HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?</u>

The judge decided that everyone who fits the following description is a Class Member:

All customers of Sprint wireless data connection card services who:

1.      paid one or more E911 Charge (as defined below) assessed between September 1, 2006 and December 31, 2007 on wireless data connection card services that did not provide voice capability (other than through access to the Internet);

and/or

2.      paid one or more WLNP Charge  (as defined below) assessed between September 1, 2006 and December 31, 2007 on wireless data connection card services that did not provide voice capability (other than through access to the Internet);

1    and/or

2

3         3.    paid one or more of the State Taxes (as defined below) assessed

4   between September 1, 2006 and the Preliminary Approval Date on wireless data

5   connection card services that did not provide voice capability (other than through access to

6   the Internet);

7

8         and/or

9

10        4.    paid one or more SMS Text Message Charge (as defined below)

11  assessed between September 1, 2006 and the Preliminary Approval Date on wireless data

12  connection card services that did not provide text message accessibility.

13

14        "Class Members" specifically excludes (a) Sprint and Sprint's parents,

15  subsidiaries, affiliates, successors, and control persons, as well as officers, directors,

16  agents, attorneys, employees, and the immediate family members of all such persons, (b)

17  the Court and its staff, and (c) any customer of Sprint services for whom Sprint has

18  received a Notice of Automatic Stay or other notice that the customer has filed for

19  bankruptcy protection.

20

21                          **<u>DEFINITIONS</u>**

22

23        For purposes of this Notice there are several other terms that are defined and

24  used in this Notice:

25

26        "Administrative Charge" means the charge first assessed by Sprint beginning

27  January 1, 2008, called "Administrative Charge."

28

"Class Counsel" means Consumer Law Group of California and Whatley Drake & Kallas, LLC.

"Class Period" means the period from September 1, 2006 through the Preliminary Approval Date.

"Distribution Amount" means the sum of the SMS Text Message Settlement Payment, the E911 Settlement Payment, and the WLNP Settlement Payment made to Class Members pursuant to the Settlement Agreement. Each Class Member's Distribution Amount shall be limited to no more than $15 for each data connection card on the Class Member's Sprint account. The aggregate limit for the Distribution Amounts to all Class Members shall be $2.2 million. The aggregate limit for the Distribution Amounts to all Class Members combined with all expenses incurred by the Claims Administrator for claims administration shall not exceed $2.5 million. Aggregate claims in excess of $2.2 million, or combined aggregate claims and costs of administration in excess of $2.5 million, shall result in a pro rata reduction of each Class Member's Distribution Amount.

"E911 Charges" means Federal E911 charges assessed by Sprint to Class Members, at the rate of 40 cents per month.

"E911 Settlement Payment" means a payment by Sprint to a Class Member of an amount equal to 50% of the gross amount of E911 Charges billed to and paid by the Class Member over the Class Period, excluding any credits the Class Member has previously received for E911 Charges. The E911 Settlement Payment will be made by credit to accounts in the case of Class Members with an open account and by check in the case of Class Members whose accounts have been closed and fully paid.

"Regulatory Charge" means the charge first assessed by Sprint beginning January 1, 2008, called "Regulatory Charge."

"SMS Text Message Charges" means charges assessed by Sprint to Class Members for SMS (short message service) text messages and any and all associated services at the rate of 10, 15 or 20 cents per message.

"SMS Text Message Settlement Payment" means a payment by Sprint to a Class Member of an amount equal to the gross amount of SMS Text Message Charges billed to and paid by the Class Member over the Class Period, excluding any credits the Class Member has previously received for such Charges. The SMS Text Message Settlement Payment will be made by credit to accounts in the case of Class Members with an open account and by check in the case of Class Members whose accounts have been closed and fully paid.

"State Taxes" means the federal, state, and local fees, taxes, and charges regularly assessed by Sprint only on telecommunications services and not regularly assessed on certain data connection card services, but which, as Sprint has explained, were inadvertently assessed on data connection card services in connection with the migration of accounts from Sprint's P2K billing system to the Ensemble billing system.

"State Taxes Settlement Payment" means a payment or credit by Sprint to a Class Member of an amount equal to the gross amount of State Taxes billed to and paid by the Class Member during the Class Period, excluding any credits the Class Member has previously received for State Taxes. The State Taxes Settlement Payment has already been made to some of the Class Members. As to Class Members who have not yet received the State Taxes Settlement Payment, it will be made by credit to accounts in the case of Class

Members with an open account and by check in the case of Class Members whose accounts have been closed and fully paid.

"WLNP Charges" means Federal Wireless Number Pooling and Portability charges assessed by Sprint to Class Members, at the rate of 15 cents per month.

"WLNP Settlement Payment" means a payment by Sprint to a Class Member of an amount equal to 50% of the gross amount of WLNP Charges billed to and paid by the Class Member over the Class Period, excluding any credits the Class Member has previously received for WLNP Charges. The WLNP Settlement Payment will be made by credit to accounts in the case of Class Members with an open account and by check in the case of Class Members whose accounts have been closed and fully paid.

## **WHAT IS THE SETTLEMENT AND HOW DO I GET A REFUND?**

1.      How Much Am I Entitled To Under This Settlement?

If you participate in this settlement, you may be eligible to receive 50% of the  Federal E911 Charges you paid, 50% of WLNP Charges you paid, and 100% of the SMS Text Message Charges you paid, up to an individual total of $15.00 and a total claims amount for all Class Members of $2.2 million, and the aggregate amount of all claims paid to all Class Members, combined with all expenses incurred by the Claims Administrator for claims administration, shall not exceed $2.5 million.

In addition, if the settlement is finally approved by the Court, by the later of (a) March 1, 2010 or (b) expiration of any applicable time period within which to appeal or, in the case of an appeal, the appeal has been finally resolved, Sprint shall have completed providing to Class Members the State Taxes Settlement Payment.  Submission

of a Proof of Claim Form is not required for a Class Member to receive the State Taxes Settlement Payment.

### 2. How Do I Qualify For A Refund?

To qualify for a refund other than the State Taxes Settlement Payment, you must submit a properly and fully completed Proof of Claim Form to the Claims Administrator no later than _____.  You may submit the Proof of Claim Form online at www.sprintdatacardsettlement.com, or request a Proof of Claim Form from the Claims Administrator at UCAN v. Sprint Solutions, c/o Gilardi & Co. LLC, P.O. Box 8060, San Rafael, CA 94912-8060.  Read the instructions carefully and fill out the form.  You need not appear in Court to receive any of the benefits of this settlement.  If the settlement is approved by the Court, and if you submit a valid and timely Proof of Claim Form that is accepted by the Claims Administrator, Sprint has agreed to pay the Class Member in the amounts set forth above.  If, after everyone sends in claim forms, the claims exceed $2.2 million, or if the aggregate amount of all claims submitted by all Class Members, combined with all expenses incurred by the Claims Administrator for claims administration, exceeds $2.5 million, the refunds will be reduced.

### 3. When Would I Get My Refund?

The Court will hold a hearing on _____ to decide whether to approve the settlement.  If the Judge approves the settlement after that, there may be appeals.  It's always uncertain how appeals will be resolved, and resolving them can take time, perhaps more than a year.  Everyone who sends in a Proof of Claim Form can keep track of the progress of the settlement through the settlement website.  Please be patient.

4.      What Am I Giving Up To Get A Refund Or Stay **IN** The Class?

Unless you exclude yourself, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Sprint about the legal issues in this case. It also means that all of the court's orders will apply to you and legally bind you.  You will also be subject to a release of claims as detailed below, which describes exactly the legal claims that you give up if you get settlement benefits.

## REQUESTING EXCLUSION

If you don't want a refund from this settlement, but you want to keep the right to sue or continue to sue Sprint, on your own, about the legal issues in this case, then you must take steps to get out. This is called excluding yourself – or is sometimes referred to as opting out of the class.

1.      How Do I Get Out Of The Settlement?

To exclude yourself from the settlement, you must send to the Claims Administrator by U.S. Mail a letter saying that you want to be excluded from the Taylor v. Sprint case.  Your request must be postmarked on or before _____.  Be sure to include your name, address, telephone number, and your signature. and account number.  You must mail your exclusion request to:

Exclusion from UCAN v. Sprint
P.O. Box 8060
San Rafael, CA 94912-8060

2.      If I Don't Exclude Myself, Can I Sue Sprint For The Same Thing Later?

No.  Unless you exclude yourself, you give up the right to sue Sprint for the claims that this settlement resolved. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately.  You must exclude yourself from this class to continue your own lawsuit.  If you ask to be excluded, you will not get any settlement refund, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue or continue to sue Sprint in the future.

3.      If I Exclude Myself, Can I Get Money From This Settlement?

No.  If you exclude yourself, do not send in a claim form to ask for any money.  But, you may sue, continue to sue, or be part of a different lawsuit against Sprint.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement.

1.      How Do I tell the Court That I Don't Like the Settlement?

If you're a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons you think the Court should not approve it.  The Court will consider your view. To object, you must send a letter saying you object to Taylor v. Sprint.  Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. Mail the objection to these three places postmarked no later than December __, 2009:

NOTICE OF PENDENCY OF CLASS ACTION AND
PROPOSED SETTLEMENT

United States District Court, Southern District of California
880 Front Street, Suite 4290
San Diego, California 92101-8900

Alan M. Mansfield, Esq.
Consumer Law Group
9466 Black Mountain Rd., Ste. 225
San Diego, California 92126

James J. Mittermiller, Esq.
Sheppard, Mullin, Richter & Hampton LLP
501 W. Broadway, 19th Floor
San Diego, California 92101

### 2. Do I Need To Appear In Person And Hire An Attorney?

No. If you want to represent yourself or hire an attorney to represent you in this matter, or appear at the final approval hearing, you may do so but at your own expense. The Court will consider your objection whether or not you appear.

### 3. What's The Difference Between Objecting And Excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the class. Excluding yourself is telling the Court that you don't want to be part of the class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## **WHAT HAPPENS IF I DO NOTHING AT ALL?**

If you do nothing, you'll get no money from this settlement. But unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Sprint about the issues in this case, ever again.

**EFFECT OF SETTLEMENT APPROVAL – RELEASED CLAIMS**

If the settlement is approved by the Court, each Class Member who does not request exclusion shall be deemed to have released and forever discharged Sprint and its respective successors, assigns, attorneys, accountants, insurers, representatives, affiliates, parents, partners, officers, directors, stockholders, employees, and agents, from any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, costs, and expenses (including but not limited to attorneys' fees), damages, actions, causes of action and claims for relief (referred to hereafter collectively as "claims") of whatever kind or nature, under any theory, whether legal, equitable or other, under the law, either common, constitutional, statutory, administrative, regulatory, or other, of any jurisdiction, foreign or domestic, whether such claims are known or unknown, suspected or unsuspected, arising out of, or in connection with, or incidental to the matters or facts alleged in the Action for the Claims Period, including, without limitation, all claims relating to State Taxes, SMS Text Message Charges, E911 Charges, and WLNP Charges, but not claims arising out of the Administrative Charges or the Regulatory Charges.

Class Members who do not request exclusion will further be deemed to understand and to have waived provisions and principles of law such as Section 1542 of the Civil Code of the State of California, as well as any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar or comparable to Section 1542, which provides as follows:

**"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

W02-WEST:8FP1\402262040.2/W02-WEST:DN4\402283262.1

NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT

Class Members who do not request exclusion expressly waive and release any right or benefit which they have or may have under Section 1542 of the Civil Code of the State of California, or other comparable authority in other jurisdictions, to the full extent that they may waive all such rights and benefits pertaining to the matters released in the Settlement Agreement.

## THE COURT'S FAIRNESS HEARING

The Court will hold a fairness hearing on _____ at _____. The hearing will be held in the United States District Court, Southern District of California, Courtroom ____, located at 880 Front Street, San Diego, California. At this hearing the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The judge will listen to people who have asked to speak at the hearing. The court will also decide how much to pay Class Counsel. After the hearing the court will decide whether to approve the settlement. We do not know how long these decisions will take.

1.     Do I Have to Come To the Hearing?

No. Class Counsel will answer questions the judge may have. But, you are welcome to come at your own expense. If you send an objection you don't have to come to Court to talk about it. If you mail your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

2.     May I Speak at the Hearing?

You may ask the Court for permission to speak at the fairness hearing. To do so you must send a letter saying that it is your "Notice of Intention to Appear in UCAN

v. Sprint." Be sure to include your name, address, telephone number and your signature. Your Notice of Intention To Appear must be postmarked no later than _____ and be sent to the Clerk of the Court, Class Counsel and Defendants' Counsel at the three addresses provided above. You cannot speak at the hearing if you excluded yourself.

### 3. Do I Have A Lawyer And How Will They Be Paid?

The Court asked the Class Counsel listed above to represent you and other Class Members. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

As part of the fairness hearing, Class Counsel will ask the Court for attorneys' fees and expenses up to $575,000, including a payment of $10,000 to Eric Taylor as the class representative or UCAN. Sprint will separately pay the fees and expenses that the Court awards. These amounts will not come out of the funds for refunds to Class Members or the Distribution Amounts. Sprint has agreed not to oppose these fees and expenses and has agreed they are fair and reasonable and were negotiated after the terms benefiting the Class Members had already been agreed to. Sprint will also separately pay the costs to administer the settlement. This could only affect your potential refund if the costs to administer the settlement exceed $300,000.

### 4. What If The Court does Not Approve The Settlement?

If the settlement is not approved, the nationwide settlement class will no longer be in effect, the parties will return to the positions they were in as of the time the settlement was reached, and the litigation will continue as if there had not been a proposed settlement.

## **HOW DO I GET MORE INFORMATION ABOUT THIS SETTLEMENT?**

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement.  A copy of the Settlement Agreement is included on the settlement website, and is also attached to the parties' Joint Motion for Preliminary Settlement Approval, which is also available on the website.  It is also available for public inspection at the United States District Court, Southern District of California, 880 Front Street, Suite 4290, San Diego, California 92101-8900.  You may also request a copy of the Settlement Agreement or ask questions about the settlement by calling Class Counsel at XXX-XXX-XXXX, or check the settlement website where you will find the claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a refund.

**Do not contact Sprint's counsel, the Court clerks or Judge Bryan regarding this Notice.**

THE COURT HEREBY APPROVES THIS NOTICE.

DATED:_____

_____
UNITED STATES DISTRICT JUDGE

NOTICE OF PENDENCY OF CLASS ACTION AND
PROPOSED SETTLEMENT

# EXHIBIT 2

# CLASS ACTION PROOF OF CLAIM FORM

1.      It is your responsibility to ensure that the information you provide on this form is complete, legible, and accurate, and that you or the company on whose behalf you are duly authorized to act is entitled to a distribution with respect to the account identified below.  **This Claim Form must be submitted to the Settlement Administrator by** _____.

2.      Please provide the full name of the person or company that paid SMS Text Message Charges, E911 Charges, and/or WLNP Charges (collectively, the "Charges") in connection with your Sprint wireless data connection card services account.

*Name:* _____

3.      Please fill in the information below.

*Address:* _____
_____

*Contact Telephone Number:* _____

*Sprint Account Number for Your Data Connection Card Services:* _____

Claimant hereby claims the following settlement amounts:

    a.      SMS Text Message Charges billed between 9/1/06 and _____
            (___ charges at 10¢/___ charges at 15¢/___ charges at 20¢):  $_____

    b.      E911 Charges billed between 9/1/06 and 12/31/07
            (___ months at 20¢):  $_____

    c.      WLNP Charges billed between 9/1/06 and 12/31/07
            (___ months at 8¢):  $_____

4.      **By signing your name in the space below as the person identified above or as an authorized representative of the company identified above (the "Claimant"), you are stating that you are the Claimant or are duly authorized to act on behalf of the Claimant, that the Claimant paid one or more of the Charges at issue in the case in connection with the wireless data connection card services identified above (that have not been refunded or credited), that the Claimant is a Class Member and is entitled to a distribution under the terms of the settlement, and that the Claimant agrees to be bound by all the terms of the Settlement Agreement as described in the accompanying Notice of Pendency of Class Action and Proposed Settlement and the accompanying Settlement Agreement.**

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

Executed on _____, at _____ _____.

*Your Signature:* _____      *Your Name:* _____

*Your Title (if signing as authorized representative):* _____

5.      Either submit this completed Claim Form electronically through [website] or mail it to:

            _____
            _____
            _____

## EXHIBIT 2

# EXHIBIT 3

# SUMMARY CLASS NOTICE

**THIS NOTICE ADVISES YOU OF A PROPOSED CLASS ACTION SETTLEMENT WITH SPRINT.  THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS -- PLEASE READ IT CAREFULLY.**

This summary notice informs you about the settlement of <u>Utility Consumers' Action Network and Eric Taylor, on behalf of themselves, their members and/or all others similarly situated v. Sprint Solutions, Inc.; Sprint Spectrum, L.P.</u>, United States District Court, Southern District of California, Case No. 07-CV-2231-RJB.  Eric Taylor represents a class of Sprint wireless data connection card customers who were billed and paid certain State Taxes, SMS Text Message Charges, E911 Charges, and WLNP Charges between September 1, 2006 and _____ (the "Class Period").

If you are a class member, you already have received, or will receive, a full refund or credit of State Taxes assessed on your wireless data connection card services. In addition, if you submit a Proof of Claim Form by _____, you may be eligible to receive a full refund of SMS Text Message Charges (billed at 10¢, 15¢, and 20¢ per text message) for the Class Period, one-half of the E911 Charges (billed at 40¢ per month) from 9/1/06 through 12/31/07, and one-half of the WLNP Charges (billed at 15¢ per month) from 9/1/06 through 12/31/07.  (Please note that E911 and WLNP Charges were no longer assessed after December 31, 2007.)  You may submit a Proof of Claim Form online at <u>www.sprintdatacardsettlement.com</u> or request a Proof of Claim Form from the Claims Administrator at the address below.

To exclude yourself from this settlement, or to object to the settlement, you must follow the instructions in the Notice described below.  The deadline to opt out of the settlement or submit any objection is _____.

**EXHIBIT 3**

This is only a summary of the settlement. For additional information regarding this settlement, the full Notice of Pendency of Class Action and Proposed Settlement ("Notice"), including a description of the taxes and charges in issue, is available at www.sprintdatacardsettlement.com, or from the Claims Administrator at UCAN v. Sprint Solutions, c/o Gilardi & Co. LLC, P.O. Box 8060, San Rafael, CA 94912-8060. You may also call Class Counsel at _____ if you have any questions.

W02-WEST:8JCD1\401697901.1/W02-WEST:DN4\402283262.1

# EXHIBIT 4

## UTILITY CONSUMERS' ACTION NETWORK (UCAN) AND SPRINT SETTLE ISSUE INVOLVING DATA CARD CHARGES

SAN DIEGO, Cal.—A federal court has preliminarily approved a class action settlement in the case *Utility Consumers' Action Network and Eric Taylor, et al. v. Sprint Spectrum, Inc. and Sprint Solutions, LP*, Case No. 07-CV-2231-RJB (S.D. Cal.). That case concerned fees and surcharges Sprint imposed on customers who had service on air cards with regard to three topics: (1) Wireless Number Pooling and Portability (WLNP) fees and E911 fees; (2) certain state and local taxes; and (3) charges for unauthorized SMS/text messages sent to the customers' air cards.

Air cards, sometimes called "data cards," allow customers to access the Internet wirelessly from their computers. Under the terms of the settlement, which is still subject to final approval by the court, the following relief is provided to class members on top of the refunds Sprint has already paid to customers:

- A 50% refund of all WLNP and E911 fees charged to class members between Sept. 1, 2006 and December 31, 2007;

- A 100% refund of all state and local taxes that Sprint erroneously charged as part of updating its billing software assessed between Sept. 1, 2006 and the date of the court order if not already provided; and

- A 100% refund of charges for unauthorized text messages sent to customers' air cards between Sept. 1, 2006 and the date of the court's order.

While there is a cap of $15 per account for such claims and a $2.2 million overall cap on claims, the parties believe consumers who claim will receive the full amount of their claim. Sprint also has committed to continue implementing changes in SMS/text message blocking capabilities for air cards.

UCAN executive director Michael Shames said, "We are pleased with this settlement. UCAN believes that these fees were erroneously charged, and we appreciate Sprint working with us to correct the problems that this case pointed out. We believe that this is a settlement our members and other consumers can fully support."

The settlement is scheduled for a final approval hearing on _____. For more information about this settlement, go to www.sprintdatacardssettlement.com.

###

**EXHIBIT 4**

# EXHIBIT 5

*"We believe this is a fair resolution.  The case initially arose during Sprint's migration from a legacy billing system to our current enhanced enterprise-wide system.  Once we became aware of the issue, we took responsibility to resolve it.  We think this settlement is a reasonable outcome on all issues for Sprint and our customers."*

**EXHIBIT 5**

# FIRST ADDENDUM TO SETTLEMENT AGREEMENT

The parties to this First Addendum to Settlement Agreement (the "Addendum") are: (1) Eric Taylor ("Taylor"), on behalf of himself and as class representative acting on behalf of the Class Members defined in the Settlement Agreement; (2) Utility Consumers' Action Network ("UCAN"), on behalf of itself and its members; (3) Sprint Solutions, Inc.; and (4) Sprint Spectrum, L.P. (both Sprint entities collectively, "Sprint"). Taylor, UCAN, and Sprint are referred to herein collectively as the "Parties."

1.      This Addendum amends the Settlement Agreement entered by and between the Parties on October 9, 2009, in relation to *UCAN and Taylor v. Sprint*, United States District Court, Southern District of California, Case No. 07-CV-2231-RJB.

2.      Attached to and incorporated by reference into the Settlement Agreement were the following exhibits:

Exhibit 1—Notice of Pendency of Class Action and Proposed Settlement

Exhibit 2—Class Action Proof of Claim Form

Exhibit 3—Summary Class Notice

Exhibit 4—UCAN's Press Release

Exhibit 5—Sprint's Response to UCAN's Press Release

3.      After entering into the Settlement Agreement, the Parties have agreed, and do now agree, to make certain changes to Exhibits 1 and 4. Amended Exhibits 1 and 4 are attached to this Addendum, are incorporated by reference to the Settlement Agreement, and supersede and replace the versions of Exhibits 1 and 4 attached to the Settlement Agreement.

4.      The Parties understand and recognize that one or more of the exhibits hereto (and Exhibits 2 and 3) contain certain blanks in them. The Parties agree that these blanks may be filled in upon the agreement of the Parties' respective counsel of record in the action, without the need for further addenda.

5.      All other provisions of the Settlement Agreement are to remain in full force and effect.

IN WITNESS WHEREOF, the parties hereto and their respective attorneys have executed this Addendum on the dates set forth opposite their respective signatures.


Dated:    10/23/09                          /s/
                                        ERIC TAYLOR

W02-WEST:DN4\402268737.1/W02-WEST:DN4\402283262.1

Dated:    10/23/09                      UTILITY CONSUMERS ACTION NETWORK


                                        By:    /s/
                                        Title:   Attorney

Dated:    10/23/09                      SPRINT SOLUTIONS, INC.


                                        By:    /s/
                                        Title:   VP Legal

Dated:    10/23/09                      SPRINT SPECTRUM, L.P.


                                        By:    /s/
                                        Title:   VP Legal

APPROVED AS TO FORM BY COUNSEL:

Dated:    10/23/09                      CONSUMER LAW GROUP OF CALIFORNIA


                                        By:    /s/
                                           Alan M. Mansfield
                                        Attorney for Plaintiffs ERIC TAYLOR and UTILITY
                                        CONSUMERS' ACTION NETWORK

Dated:    10/23/09                      WHATLEY DRAKE & KALLAS, LLC


                                        By:    /s/
                                           Adam Plant
                                        Attorneys for Plaintiffs ERIC TAYLOR and
                                        UTILITY CONSUMERS' ACTION NETWORK

W02-WEST:DN4\402268737.1/W02-WEST:DN4\402283262.1

Dated:   10/23/09            /s/

ART NEILL
Attorney for Plaintiff UTILITY CONSUMERS'
ACTION NETWORK

Dated:   10/23/09            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By:   /s/

     James J.Mittermiller
Attorneys for Defendants SPRINT SOLUTIONS, INC.
and SPRINT SPECTRUM, L.P.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UTILITY CONSUMERS' ACTION NETWORK and ERIC TAYLOR, on behalf of themselves, their members and/or all others similarly situated, as applicable,<br><br>     Plaintiffs,<br><br>  v.<br><br>SPRINT SOLUTIONS, INC. and SPRINT SPECTRUM L.P.,<br><br>Defendants. | Case No. 07 CV 2231 RJB<br><br>**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT** |

## <u>YOUR LEGAL RIGHTS MAY BE AFFECTED WHETHER YOU ACT OR DON'T ACT.  PLEASE READ THIS NOTICE CAREFULLY.</u>

### <u>*A federal court authorized this notice.  This is not a solicitation from a lawyer.*</u>

### EXHIBIT 1

## <u>PURPOSE OF THIS NOTICE AND SUMMARY OF THE CASE</u>

You are receiving or reviewing this Notice because you are or were a customer of Sprint wireless data connection card services. This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them and how to get them.

If you paid certain fees or taxes in connection with your Sprint wireless data connection card account, you could get a refund from Sprint. As detailed below, you can submit a claim and get a refund, exclude yourself and get no refund but retain your right to be a part of another lawsuit against Sprint, write to the Court about why you don't like the settlement, or do nothing, in which case you will receive no refund and give up your rights. These legal rights and options—and the deadlines to exercise them—are explained in this Notice.

The Court in charge of this case still has yet to decide whether to approve the settlement. This Notice also notifies you that a Court hearing will be held to decide whether to approve the settlement. Refunds will be made if the Court approves the settlement and after appeals, if any, are resolved. Please be patient.

1.       What Is This Lawsuit About?

On November 21, 2007, plaintiffs Eric Taylor ("Taylor") and the Utility Consumers' Action Network ("UCAN") filed this class action lawsuit against Sprint Solutions, Inc. and Sprint Spectrum, L.P. (collectively, "Sprint"), claiming that Sprint improperly assessed State Taxes, SMS Text Message Charges, E911 Charges, and Wireless Number Pooling and Portability ("WLNP") Charges (see below for definitions) to

its wireless data connection card customers.  Plaintiffs claim that Sprint breached its customer agreements and violated the law.  Sprint denies they did anything wrong.

2.      Why Is There a Settlement?

The Court did not decide in favor of Plaintiffs or Defendants.  Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get refunds.  Plaintiffs and Sprint have reached a proposed settlement of these claims, the details of which are described below.   Eric Taylor, the class representative, UCAN, and Class Counsel think the settlement is best for the class.

## HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?

This notice is directed to you, and applies to you, only if you are a "Class Member."  Subject to final approval of the settlement being granted, the judge decided that everyone who fits the following description is a Class Member:

All customers of Sprint wireless data connection card services who:

1.      paid one or more E911 Charge (as defined below) assessed between September 1, 2006 and December 31, 2007 on wireless data connection card services that did not provide voice capability (other than through access to the Internet);

and/or

2.      paid one or more WLNP Charge (as defined below) assessed between September 1, 2006 and December 31, 2007 on wireless data connection card services that did not provide voice capability (other than through access to the Internet);

1      and/or

2

3      3.    paid one or more of the State Taxes (as defined below) assessed

4 between September 1, 2006 and the Preliminary Approval Date on wireless data

5 connection card services that did not provide voice capability (other than through access to

6 the Internet);

7

8      and/or

9

10      4.    paid one or more SMS Text Message Charge (as defined below)

11 assessed between September 1, 2006 and the Preliminary Approval Date on wireless data

12 connection card services that did not provide text message accessibility.

13

14      "Class Members" specifically excludes (a) Sprint and Sprint's parents,

15 subsidiaries, affiliates, successors, and control persons, as well as officers, directors,

16 agents, attorneys, employees, and the immediate family members of all such persons, (b)

17 the Court and its staff, and (c) any customer of Sprint services for whom Sprint has

18 received a Notice of Automatic Stay or other notice that the customer has filed for

19 bankruptcy protection.

20

21                         **<u>DEFINITIONS</u>**

22

23      For purposes of this Notice there are several other terms that are defined and

24 used in this Notice:

25

26      "Administrative Charge" means the charge first assessed by Sprint beginning

27 January 1, 2008, called "Administrative Charge."

28

1       "Class Counsel" means Consumer Law Group of California and Whatley

2  Drake & Kallas, LLC.

3

4       "Class Period" means the period from September 1, 2006 through the

5  Preliminary Approval Date.

6

7       "Distribution Amount" means the sum of the SMS Text Message Settlement

8  Payment, the E911 Settlement Payment, and the WLNP Settlement Payment made to Class

9  Members pursuant to the Settlement Agreement.  Each Class Member's Distribution

10 Amount shall be limited to no more than $15 for each data connection card on the Class

11 Member's Sprint account.  The aggregate limit for the Distribution Amounts to all Class

12 Members shall be $2.2 million.  The aggregate limit for the Distribution Amounts to all

13 Class Members combined with all expenses incurred by the Claims Administrator for

14 claims administration shall not exceed $2.5 million.   Aggregate claims in excess of $2.2

15 million, or combined aggregate claims and costs of administration in excess of $2.5

16 million, shall result in a pro rata reduction of each Class Member's Distribution Amount.

17

18      "E911 Charges" means Federal E911 charges assessed by Sprint to Class

19 Members, at the rate of 40 cents per month.

20

21      "E911 Settlement Payment" means a payment by Sprint to a Class Member

22 of an amount equal to 50% of the gross amount of E911 Charges billed to and paid by the

23 Class Member over the Class Period, excluding any credits the Class Member has

24 previously received for E911 Charges.  The E911 Settlement Payment will be made by

25 credit to accounts in the case of Class Members with an open account and by check in the

26 case of Class Members whose accounts have been closed and fully paid.

27

28

1   "Preliminary Approval Date" means _____, the date on which the judge

2   entered an order preliminarily approving the settlement in this matter.

3

4   "Regulatory Charge" means the charge first assessed by Sprint beginning

5   January 1, 2008, called "Regulatory Charge."

6

7   "SMS Text Message Charges" means charges assessed by Sprint to Class

8   Members for SMS (short message service) text messages and any and all associated

9   services at the rate of 10, 15 or 20 cents per message.

10

11  "SMS Text Message Settlement Payment" means a payment by Sprint to a

12  Class Member of an amount equal to the gross amount of SMS Text Message Charges

13  billed to and paid by the Class Member over the Class Period, excluding any credits the

14  Class Member has previously received for such Charges.  The SMS Text Message

15  Settlement Payment will be made by credit to accounts in the case of Class Members with

16  an open account and by check in the case of Class Members whose accounts have been

17  closed and fully paid.

18

19  "State Taxes" means the federal, state, and local fees, taxes, and charges

20  regularly assessed by Sprint only on telecommunications services and not regularly

21  assessed on certain data connection card services, but which, as Sprint has explained, were

22  inadvertently assessed on data connection card services in connection with the migration of

23  accounts from Sprint's P2K billing system to the Ensemble billing system.

24

25  "State Taxes Settlement Payment" means a payment or credit by Sprint to a

26  Class Member of an amount equal to the gross amount of State Taxes billed to and paid by

27  the Class Member during the Class Period, excluding any credits the Class Member has

28  previously received for State Taxes.  The State Taxes Settlement Payment has already been

-6-

NOTICE OF PENDENCY OF CLASS ACTION AND
PROPOSED SETTLEMENT

made to some of the Class Members.  As to Class Members who have not yet received the State Taxes Settlement Payment, it will be made by credit to accounts in the case of Class Members with an open account and by check in the case of Class Members whose accounts have been closed and fully paid.

"WLNP Charges" means Federal Wireless Number Pooling and Portability charges assessed by Sprint to Class Members, at the rate of 15 cents per month.

"WLNP Settlement Payment" means a payment by Sprint to a Class Member of an amount equal to 50% of the gross amount of WLNP Charges billed to and paid by the Class Member over the Class Period, excluding any credits the Class Member has previously received for WLNP Charges.  The WLNP Settlement Payment will be made by credit to accounts in the case of Class Members with an open account and by check in the case of Class Members whose accounts have been closed and fully paid.

## WHAT IS THE SETTLEMENT AND HOW DO I GET A REFUND?

1.      How Much Am I Entitled To Under This Settlement?

If you participate in this settlement, you may be eligible to receive 50% of the  Federal E911 Charges you paid, 50% of WLNP Charges you paid, and 100% of the SMS Text Message Charges you paid, up to an individual total of $15.00 and a total claims amount for all Class Members of $2.2 million.  The aggregate amount of all claims paid to all Class Members, combined with all expenses incurred by the Claims Administrator for claims administration, shall not exceed $2.5 million.

In addition, by the later of (a) March 1, 2010 or (b) expiration of any applicable time period within which to appeal or, in the case of an appeal, the appeal has

been finally resolved, Sprint shall have completed providing to Class Members the State Taxes Settlement Payment.  Submission of a Proof of Claim Form is not required for a Class Member to receive the State Taxes Settlement Payment.

## 2. How Do I Qualify For A Refund?

To qualify for a refund other than the State Taxes Settlement Payment, you must submit a properly and fully completed Proof of Claim Form to the Claims Administrator no later than _____.  You may submit the Proof of Claim Form online at www.sprintdatacardsettlement.com, or request a Proof of Claim Form from the Claims Administrator at Taylor v. Sprint Solutions, c/o Gilardi & Co. LLC, P.O. Box 808054, Petaluma, CA 94975-8054.  Read the instructions carefully and fill out the form.  You need not appear in Court to receive any of the benefits of this settlement.  If the settlement is approved by the Court, and if you submit a valid and timely Proof of Claim Form that is accepted by the Claims Administrator, Sprint has agreed to pay the Class Member in the amounts set forth above.  If, after everyone sends in claim forms, the claims exceed $2.2 million, or if the aggregate amount of all claims submitted by all Class Members, combined with all expenses incurred by the Claims Administrator for claims administration, exceeds $2.5 million, the refunds will be reduced.

## 3. When Would I Get My Refund?

The Court will hold a hearing on February 17, 2010, at 1:30 p.m., to decide whether to approve the settlement.  If the Judge approves the settlement after that, there may be appeals.  It's always uncertain how appeals will be resolved, and resolving them can take time, perhaps more than a year.  Everyone who sends in a Proof of Claim Form can keep track of the progress of the settlement through the settlement website.  Please be patient.

NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT

4. **What Am I Giving Up To Get A Refund Or Stay IN The Class?**

Unless you exclude yourself, you are staying in the class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Sprint about the legal issues in this case. It also means that all of the court's orders will apply to you and legally bind you. You will also be subject to a release of claims as detailed below, which describes exactly the legal claims that you give up if you get settlement benefits.

## REQUESTING EXCLUSION

If you don't want a refund from this settlement, but you want to keep the right to sue or continue to sue Sprint, on your own, about the legal issues in this case, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as opting out of the class.

1. **How Do I Get Out Of The Settlement?**

To exclude yourself from the settlement, you must send to the Claims Administrator by U.S. Mail a letter saying that you want to be excluded from the Taylor v. Sprint case. Your request must be postmarked on or before _____. Be sure to include your name, address, and telephone number, as well as your signature and account number. You must mail your exclusion request to:

Exclusion from Taylor v. Sprint
P.O. Box 8090
San Rafael, CA 94912-8090

**2.** If I Don't Exclude Myself, Can I Sue Sprint For The Same Thing Later?

No.  Unless you exclude yourself, you give up the right to sue Sprint for the claims that this settlement resolved. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately.  You must exclude yourself from this class to continue your own lawsuit.  If you ask to be excluded, you will not get any settlement refund, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue or continue to sue Sprint in the future.

**3.** If I Exclude Myself, Can I Get Money From This Settlement?

No.  If you exclude yourself, do not send in a claim form to ask for any money.  But, you may sue, continue to sue, or be part of a different lawsuit against Sprint.

## **OBJECTING TO THE SETTLEMENT**

You can tell the Court that you don't agree with the settlement.

**1.** How Do I tell the Court That I Don't Like the Settlement?

If you're a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons you think the Court should not approve it.  The Court will consider your view. To object, you must send a letter saying you object to Taylor v. Sprint.  Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. Mail the objection to these three places postmarked no later than December __, 2009:

United States District Court, Southern District of California
880 Front Street, Suite 4290
San Diego, California 92101-8900

Alan M. Mansfield, Esq.
Consumer Law Group
9466 Black Mountain Rd., Ste. 225
San Diego, California 92126

James J. Mittermiller, Esq.
Sheppard, Mullin, Richter & Hampton LLP
501 W. Broadway, 19th Floor
San Diego, California 92101

2.     Do I Need To Appear In Person And Hire An Attorney?

No.  If you want to represent yourself or hire an attorney to represent you in this matter, or appear at the final approval hearing, you may do so but at your own expense. The Court will consider your objection whether or not you appear.

3.     What's The Difference Between Objecting And Excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the class.  Excluding yourself is telling the Court that you don't want to be part of the class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## <u>WHAT HAPPENS IF I DO NOTHING AT ALL?</u>

If you do nothing, you'll get no money from this settlement. But unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Sprint about the issues in this case, ever again.

## EFFECT OF SETTLEMENT APPROVAL – RELEASED CLAIMS

If the settlement is approved by the Court, each Class Member who does not request exclusion shall be deemed to have released and forever discharged Sprint and its respective successors, assigns, attorneys, accountants, insurers, representatives, affiliates, parents, partners, officers, directors, stockholders, employees, and agents, and each of them, from any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, costs, and expenses (including but not limited to attorneys' fees), damages, actions, causes of action and claims for relief (referred to hereafter collectively as "claims") of whatever kind or nature, under any theory, whether legal, equitable or other, under the law, either common, constitutional, statutory, administrative, regulatory, or other, of any jurisdiction, foreign or domestic, whether such claims are known or unknown, suspected or unsuspected, arising out of, or in connection with, or incidental to the matters or facts alleged in the Action for the Claims Period, including, without limitation, all claims relating to State Taxes, SMS Text Message Charges, E911 Charges, and WLNP Charges, but not claims concerning the Administrative Charges or the Regulatory Charges.

Class Members who do not request exclusion will further be deemed to have understood and to have waived provisions and principles of law such as Section 1542 of the Civil Code of the State of California, as well as any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar or comparable to Section 1542, which provides as follows:

**"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

Class Members who do not request exclusion expressly waive and release any right or benefit which they have or may have under Section 1542 of the Civil Code of the State of California, or other comparable authority in other jurisdictions, to the full extent that they may waive all such rights and benefits pertaining to the matters released in the Settlement Agreement.

## **THE COURT'S FAIRNESS HEARING**

The Court will hold a fairness hearing on February 17, 2010 at 1:30 p.m. The hearing will be held in the United States District Court, Southern District of California, Courtroom 2, located at 880 Front Street, San Diego, California. At this hearing the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The judge will listen to people who have asked to speak at the hearing. The court will also decide how much to pay Class Counsel. After the hearing the court will decide whether to approve the settlement. We do not know how long these decisions will take.

1.    Do I Have to Come To the Hearing?

No. Class Counsel will answer questions the judge may have. But you are welcome to come at your own expense. If you send an objection you don't have to come to Court to talk about it. If you mail your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

2.    May I Speak at the Hearing?

You may ask the Court for permission to speak at the fairness hearing. To do so you must send a letter saying that it is your "Notice of Intention to Appear in

Taylor v. Sprint." Be sure to include your name, address, telephone number, account number and your signature. Your Notice of Intention To Appear must be postmarked no later than _____ and be sent to the Clerk of the Court, Class Counsel and Defendants' Counsel at the three addresses provided above. You cannot speak at the hearing if you excluded yourself.

### 3. Do I Have A Lawyer And How Will They Be Paid?

The Court asked the Class Counsel listed above to represent you and other Class Members. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

As part of the fairness hearing, Class Counsel will ask the Court for attorneys' fees and expenses up to $575,000, including a payment of $10,000 to Eric Taylor as the class representative or UCAN. Sprint will separately pay the fees and expenses that the Court awards. These amounts will not come out of the funds for refunds to Class Members or the Distribution Amounts. Sprint has agreed not to oppose these fees and expenses and has agreed they are fair and reasonable and were negotiated after the terms benefiting the Class Members had already been agreed to. Sprint will also separately pay the costs to administer the settlement. This could only affect your potential refund if the costs to administer the settlement exceed $300,000.

### 4. What If The Court does Not Approve The Settlement?

If the settlement is not approved, the nationwide settlement class will no longer be in effect, the parties will return to the positions they were in as of the time the settlement was reached, and the litigation will continue as if there had not been a proposed settlement.

# **RELATED CASES**

There are certain cases that are or were pending in other courts that are, according to Sprint, potentially related to this case. The potentially related cases include:

1.  *Lundberg, et al. v. Sprint Corporation, et al.*, District Court of Wyandotte County, Kansas, Twenty-Ninth Judicial District, Case No. 02CV-4551, filed on October 30, 2002;

2.  *Benney, et al. v. Sprint International Communications Corp., et al.*, District Court of Wyandotte County, Kansas, Twenty-Ninth Judicial District, Case No. 05CV-1422, filed on September 13, 2005; and

3.  *Larson, et al. v. Sprint, et al.*, United States District Court, District of New Jersey, Case No. 07-05325 (JLL), filed on November 5, 2007. The Stipulation and Settlement Agreement entered into in Larson also identifies additional actions related to *Larson*, including this Action.

## **HOW DO I GET MORE INFORMATION ABOUT THIS SETTLEMENT?**

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. A copy of the Settlement Agreement is included on the settlement website. The Settlement Agreement is also attached to the parties' Joint Motion for Preliminary Settlement Approval, which is available on the settlement website and available for public inspection at the United States District Court, Southern District of California, 880 Front Street, Suite 4290, San Diego, California 92101-8900. You may also request a copy of the Settlement Agreement or ask questions about the settlement by calling Class Counsel at _____. Finally, you may consult the settlement website

to find the claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a refund.

**Do not contact Sprint's counsel, the Court clerks or Judge Bryan regarding this Notice.**

THE COURT HEREBY APPROVES THIS NOTICE.

DATED: October 28, 2009.

_Robert J. Bryan_
ROBERT J. BRYAN
United States District Judge

**UTILITY CONSUMERS' ACTION NETWORK (UCAN) AND SPRINT SETTLE
ISSUE INVOLVING DATA CARD CHARGES**

SAN DIEGO, Cal.—A federal court has preliminarily approved a class action settlement in the case *Utility Consumers' Action Network and Eric Taylor, et al. v. Sprint Spectrum, Inc. and Sprint Solutions, LP*, Case No. 07-CV-2231-RJB (S.D. Cal.).  That case concerned fees and surcharges Sprint imposed on customers who had service on air cards with regard to three topics:  (1) Wireless Number Pooling and Portability (WLNP) fees and E911 fees; (2) certain federal, state and local taxes; and (3) charges for unauthorized SMS/text messages sent to the customers' air cards.

Air cards, sometimes called "data connection cards," allow customers to access the Internet wirelessly from their computers.  Under the terms of the settlement, which is still subject to final approval by the court, the following relief is provided to class members on top of the refunds Sprint has already paid to customers:

    (a)    A100% refund of all federal, state and local taxes that Sprint erroneously charged as part of updating its billing software assessed between Sept. 1, 2006 and the date of the court's preliminary approval order if not already provided; and

    (b)    A 100% refund of charges for unauthorized text messages sent to customers' air cards between Sept. 1, 2006 and the date of the court's order.

    (c)    A 50% refund of all WLNP and E911 fees charged to class members between Sept. 1, 2006 and December 31, 2007;

While there is a cap of $15 per account for such claims and a $2.2 million overall cap for claims other than the refunds of federal, state and local taxes described in (a), the parties believe consumers who claim will receive the full amount of their claim.  Sprint also has committed to continue implementing changes in SMS/text message blocking capabilities for air cards.

UCAN executive director Michael Shames said, "We are pleased with this settlement.  UCAN believes that these fees were erroneously charged, and we appreciate Sprint working with us to correct the problems that this case pointed out.  We believe that this is a settlement our members and other consumers can fully support."

The settlement is scheduled for a final approval hearing on February 17, 2010 in the U.S. District Court in San Diego, California.  For more information about this settlement, go to www.sprintdatacardssettlement.com.

###

**EXHIBIT 4**

W02-WEST:8RP\400686344.3/W02-WEST:DN4\402283262.1